UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ELIZABETH CANTAFI, ADMINISTRATRIX OF THE
ESTATE OF ZACHARY CANTAFI, ELIZABETH CANTAFI,
DANA ANDREWS, and DANIELLE KORNACKI,
*Plaintiffs*,
           v.
STEPHANIE GRAYBEAL, UBER TECHNOLOGIES, INC.
PORTIER, LLC, RASIER, LLC, VINCENT LISI, EDGAR
PASTRANA, and ASHLEY SULEWSKI,
*Defendants*.                                          Friday, September 22, 2023

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendants Uber Technologies, Inc.,

Portier, LLC, Rasier, LLC ("Defendants") hereby give notice of the removal of this action, which

is currently pending in the Superior Court of Connecticut in the Judicial District of Hartford,

captioned *Cantafi et al. v. Uber Technologies, Inc., et al.*, Docket Number HHD-CV23-6174200-

S, to the United States District Court for the District of Connecticut. As grounds for removal, the

Defendants state as follows:

1.      This case arises from an accident that occurred at the intersection of Division

Street and Hawthorne Street in Spokane, Washington on August 29, 2021 involving a motor

vehicle allegedly operated by Defendant Stephanie Graybeal, a Spokane resident, and a bicyclist,

the plaintiffs' decedent.

2.      Defendants Vincent Lisi, Edgar Pastrana, and Ashley Sulewski were fraudulently

joined to this lawsuit in order to defeat diversity of citizenship when defendants Vincent Lisi,

Edgar Pastrana, and Ashley Sulewski have no connection to the claimed incident at issue.

Therefore, defendants Vincent Lisi, Edgar Pastrana, and Ashley Sulewski, are not proper parties

to the action.

1

3.      The Defendants remove this case on the basis of diversity jurisdiction, on the grounds that there is complete diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

### BACKGROUND

4.      On or about September 15, 2023, Plaintiffs Elizabeth Cantafi, Administratrix of the Estate of Zachary Cantafi, Elizabeth Cantafi, Dana Andrews, and Danielle Kornacki ("Plaintiffs") filed a complaint ("the Complaint") in the Superior Court of Connecticut in the Judicial District of Hartford naming Uber Technologies, Inc., Rasier, LLC, Portier, LLC, Stephanie Graybeal, Vincent Lisi, Edgar Pastrana, and Ashley Sulewski as defendants.

5.      Plaintiffs allege in the Complaint that plaintiffs' decedent was injured in an automobile accident on August 29, 2021, in which plaintiffs' decedent was riding a bicycle and was struck by a motor vehicle operated by Stephanie Graybeal as an agent, employee and/or representative of the Defendants. *See* Complaint, Exhibit A.

6.      Plaintiffs allege that as a result, plaintiffs' decedent suffered serious injuries and passed away, and plaintiffs suffered a loss of consortium. *Id.*

### TIMELINESS OF REMOVAL

7.      The undersigned Defendants received service of the Complaint on or about August 25, 2023. Exhibit A. Defendant Stephanie Graybeal was purportedly served on August 28, 2023 and consents to this removal. See Exhibit B. Defendants Vincent Lisi, Edgar Pastrana,

and Ashley Sulewski were purportedly served on August 28, 2023, but were fraudulently joined, and their consent to removal is not required; notwithstanding, subject to, and without waiving the foregoing, they consent to this removal. Exhibit C; see *Edelman v. Page et al.*, 535 F.Supp.2d 290, 293 (D.Conn. 2008) (Squatrito, J.) (citations omitted) (exception to unanimity rule where non-joining defendants are nominal parties fraudulently joined).

8.      This Notice of Removal is timely because it is filed within 30 days from the date that the last defendant received service of the Complaint.  *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (removal period triggered by service).

**DIVERSITY OF CITIZENSHIP**

9.      Complete diversity of citizenship exists in this matter because Stephanie Graybeal, Uber Technologies, Inc., Portier, LLC, and Rasier, LLC are citizens of different states than Plaintiff.  *See* 28 U.S.C. § 1332(a).

10.     Complete diversity of citizenship exists in this matter because Defendants Vincent Lisi, Edgar Pastrana, and Ashley Sulewski were fraudulently joined.  *See* 28 U.S.C. § 1441(b)(2).

11.     Under the "fraudulent joinder" doctrine, courts disregard the citizenship of any defendants who have "no real connection to the controversy." *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998).

12. "[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia*, *supra* at 460-61 (citations omitted); *see also Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 206–208 (2d Cir. 2001). To show that a non-diverse defendant is

a "fraudulent joiner" to defeat diversity, a defendant must demonstrate by clear and convincing

evidence either that a fraud has been committed in plaintiff's pleadings, or that there is no

possibility that a cause of action can be made against that defendant in state court. *Pampillonia*,

*supra* at 461.

13.     Defendants Vincent Lisi, Edgar Pastrana, and Ashley Sulewski had no

involvement with the subject lawsuit as they are corporate employees of Uber Technologies Inc.

that had no responsibility for, or control over the conduct alleged to be negligent by plaintiffs.

Therefore, Defendants Vincent Lisi, Edgar Pastrana, and Ashley Sulewski are not proper parties

to the subject action and were fraudulently joined to this action in order to defeat diversity.  As

Defendants Vincent Lisi, Edgar Pastrana, and Ashley Sulewski have no real connection to the

controversy, their citizenship must be disregarded under the "fraudulent joinder" doctrine.

*Pampillonia, supra* at 461.

14.     Plaintiffs allege that plaintiffs' decedent was an individual residing in

Wethersfield, Connecticut. Plaintiffs' decedent is therefore a citizen of Connecticut for diversity

purposes. Exhibit A at 1.

15.     Plaintiffs allege that plaintiffs Elizabeth Cantafi and Dana Andrews are

individuals residing in Wethersfield, Connecticut, and plaintiff Danielle Kornacki is an

individual residing in Franklin, Massachusetts. Exhibit A at 2. Thus, plaintiffs Elizabeth Cantafi

and Dana Andrews and citizens of Connecticut for diversity purposes, and plaintiff Danielle

Kornacki is a citizen of Massachusetts for diversity purposes.

16.     At the time of the filing of the Complaint, Uber Technologies, Inc. was, and

currently is, a corporation formed under the laws of the State of Delaware with its principal place

of business located at 1515 3rd Street, San Francisco, CA 94158. *See* Exhibit A at 2. Uber

Technologies, Inc. is therefore not a citizen of Connecticut or Massachusetts for diversity

purposes.

17.     At the time of the filing of the Complaint, Portier, LLC was, and currently is, a

limited liability company formed under the laws of the State of Delaware with its principal place

of business located at 1515 3rd Street, San Francisco, CA 94158. *See* Exhibit A at 2. Portier, LLC

is a subsidiary of Uber Technologies, Inc., which, as set forth above, is not a citizen of

Connecticut or Massachusetts. Portier, LLC, which is 100% owned by Uber Technologies, Inc.,

is therefore not a citizen of Connecticut or Massachusetts for diversity purposes.

18.     At the time of the filing of the Complaint, Rasier, LLC was, and currently is, a

limited liability company formed under the laws of the State of Delaware with its principal place

of business located at 1515 3rd Street, San Francisco, CA 94158. *See* Exhibit A at 2. Rasier, LLC

is a subsidiary of Uber Technologies, Inc., which, as set forth above, is not a citizen of

Connecticut or Massachusetts. Rasier, LLC, which is 100% owned by Uber Technologies, Inc., is

therefore not a citizen of Connecticut or Massachusetts for diversity purposes.

19.     There is complete diversity between Plaintiff and Defendants in this action

because Plaintiffs are citizens of the State of Connecticut and the Commonwealth of

Massachusetts, and no properly joined and served Defendant is a citizen of the State of

Connecticut or the Commonwealth of Massachusetts.  *See* 28 U.S.C. § 1332(a)(1); 1441(b)(2).

## AMOUNT IN CONTROVERSY

20.     Based on Plaintiff's allegations, the amount in controversy in this case exceeds

the jurisdictional minimum of $75,000 required for diversity jurisdiction to 28 U.S.C. § 1332.

21.     According to the Complaint, Plaintiffs' decedent suffered "serious and severe personal injuries and death." Exhibit A at 5. Plaintiffs Elizabeth Cantafi, Dana Andrews, and Donna Kornacki allege they suffered damages from a loss of the decedent's consortium concerning each count of the Complaint. Exhibit A. The Complaint further alleges that the damages exceed $15,000. Exhibit A at 67. Finally, the Complaint seeks punitive damages, double damages, and treble damages under statute and common law. Thus, it is apparent from the Complaint that Plaintiff's alleged damages exceed the $75,000 amount necessary to establish diversity jurisdiction.

**ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET**

22.     Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the Defendants are filing this Notice of Removal in the federal district court for the district within which the state court Complaint was filed.

23.     Pursuant to 28 U.S.C. § 1446(a), the Defendants attach all process, pleadings and orders that have been filed, served or received by the Defendants in this action as Exhibit D.

24.     Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of Connecticut, as the Complaint in this action was filed in the Superior Court for the State of Connecticut, Judicial District of Hartford.

25.     The Defendants will give written notice of the filing of this Notice of Removal to all other parties and will file a copy of this Notice of Removal with the Clerk of the Superior Court for the State of Connecticut, Judicial District of Hartford, as required by 28 U.S.C. § 1446(d).

26.     In removing this action, the Defendants do not intend to waive any rights or

defenses to which they are otherwise entitled under the Federal Rules of Civil Procedure.

27.     Based upon the record submitted with this notice, this Court has jurisdiction over

Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, the Defendants respectfully request that this action proceed in the United

States District Court for the District of Connecticut, as an action properly removed from state

court.

Respectfully submitted,
Uber Technologies, Inc., Rasier, LLC, and
Portier, LLC,
By their attorneys,

Kevin J. O'Leary, ct30271
Benjamin H. Levites, ct30481
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
koleary@coughlinbetke.com
blevites@coughlinbetke.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically and via first class mail, postage prepaid, to all counsel of record on Friday, September 22, 2023.

Benjamin Levites