**EXHIBIT A**



RETURN DATE: OCTOBER 10, 2023      SUPERIOR COURT

ELIZABETH CANTAFI ADMINISTRATRIX      JUDICIAL DISTRICT OF
OF THE ESTATE OF ZACHARY CANTAFI;
ELIZABETH CANTAFI; DANA ANDREWS; &      HARTFORD
DANIELLE KORNACKI

V.

STEPHANIE GRAYBEAL;
UBER TECHNOLOGIES, INC.;
PORTIER, LLC; RASIER, LLC;
VINCENT LISI; EDGAR PASTRANA; &
ASHLEY SULEWSKI      AUGUST 24, 2023

## COMPLAINT

## GENERAL DESCRIPTION OF THE PARTIES

1. The decedent, Zachary Cantafi, was a resident of the State of Connecticut with his place of residence in the Town of Wethersfield at the time of his death.

2. Zachary Cantafi was killed on or around August 30, 2021, as a result of a motor vehicle collision that occurred on August 29, 2021.

3. Elizabeth Cantafi, a Plaintiff, is the grandmother of Zachary Cantafi by relation, had custody of the decedent during his youth and raised him through the age of majority after his known parent terminated her parental rights.

4. An Estate was opened for the decedent and Elizabeth Cantafi is the Administratrix of the Estate of Zachary Cantafi. She was appointed on November 10, 2021. A copy of the fiduciary certificate is attached hereto as Plaintiffs' Exhibit A. The Estate is a Plaintiff in this matter.

5. Elizabeth Cantafi is and was a resident of Wethersfield, Connecticut.

6. Dana Andrews, a Plaintiff, is the sister of Zachary Cantafi and is a resident of Wethersfield, Connecticut.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



7. Danielle Kornacki, a Plaintiff, is the sister of Zachary Cantafi and is a resident of Franklin, Massachusetts.

8. At the time of the death of the decedent, Stephanie Graybeal was a resident of the State of Washington with her place of residence being in the City of Spokane.

9. Stephanie Graybeal was operating a motor vehicle that struck the decedent on August 29, 2021. Stephanie Graybeal was an agent, employee, and/or representative of Uber Technologies, Inc., Uber, Uber Eats, Rasier, LLC and/or Portier, LLC, on August 29, 2021, and was aware she was working for a national company or corporation, with sufficient contacts with Connecticut, and she knew or should have known that as an agent, employee, or representative of that company she would be subject to jurisdiction of the State of Connecticut, as well as the other states in this country.

10. Uber Technologies, Inc., doing business as "Uber" and "Uber Eats" was and continues to be a Delaware corporation with a principal place of business in San Francisco, California and was and is duly authorized to transact business in the State of Connecticut and at all times mentioned herein was conducting business in the State of Connecticut.

11. The Defendant, Rasier, LLC, doing business as "Uber" and "Uber Eats" was and continues to be a Delaware corporation with a principal place of business in San Francisco, California and wholly owned subsidiary of Defendant Uber Technologies, Inc., duly authorized to transact business in the State of Connecticut and at all times mentioned herein was conducting business in the State of Connecticut.

12. The Defendant, Portier, LLC, doing business as "Uber" and "Uber Eats" was a transportation network company and wholly owned subsidiary of Defendant Uber Technologies, Inc., duly authorized to transact business in the State of Connecticut and was in the business of hiring, training, engaging, employing, dispatching, directing and controlling drivers to pick up and deliver food to customers for compensation.

13. The Defendant, Vincent Lisi, is and was involved in security for the Defendants, including holding the position of the Director of Global

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



Investigations for Defendants Uber Technologies, Inc., Uber, Uber Eats, Rasier, LLC, and Portier, LLC, having worked for the Defendants since 2019.

14. The Defendant, Edgar Pastrana, is and was involved in public user safety and use issues as the Global Director of Customer Experience for Defendants Uber Technologies, Inc., Uber, Uber Eats, Rasier, LLC, and Portier, LLC, having worked for the Defendants since 2020.

15. The Defendant, Ashley Sulewski, is and was involved in restaurant and delivery issues and worked as lead and global account development for Defendants Uber Technologies, Inc., Uber, Uber Eats, Rasier, LLC, and Portier, LLC, having worked for the Defendants since 2019.

16. The Defendants noted above, which include all the "Uber" and "Uber Eats" entities obtain up to three gigabytes (3 GB) per month from each driver and requires real-time connectivity from its drivers. The Defendant has approximately 5.4 million drivers and secures real-time data from each of those persons. This is over 16,200 terabytes of data collected per month from its drivers, or one hundred times (100x) the amount of the print and digital collection of the United States Library of Congress. Each year, the amount of data collected by the Defendants is approximately 200 Petabytes, which, coincidentally, is the equivalent amount of data of the entire collection of all printed materials on the planet Earth.

17. The above paragraphs of the General Description of the Parties are hereby incorporated and restated into each Count, as if set forth therein.

## COUNT ONE: NEGLIGENCE AS TO STEPHANIE GRAYBEAL

1. On or around August 29, 2021, the decedent was traveling southeast on his bicycle through the intersection of Division Street and Hawthorne Street in Spokane, Washington.

2. On or around the same date and time, the Defendant, Stephanie Graybeal was driving south on Division Street, approaching the intersection with Hawthorne Street in Spokane, Washington.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

3



3. At that time, Graybeal was acting on behalf of Defendants, Uber Technologies, Inc., Rasier, LLC and/or Portier, LLC, also known as Uber and Uber Eats.

4. At that time, Graybeal entered the intersection and violently collided with the Decedent.

5. At the time of the collision, Graybeal was operating her motor vehicle under the influence of marijuana and in excess of the posted speed limit.

6. The Defendant caused this collision.

7. The Defendant is responsible for this collision.

8. This collision, and the resulting injuries and losses suffered by the Plaintiff, were due to the negligence and carelessness of the Defendant; in that she:

    a. Operated her motor vehicle while under the influence of marijuana in violation of §14-227a of the Connecticut General Statutes;

    b. Operated her motor vehicle while distracted in violation of §14-296aa of the Connecticut General Statutes;

    c. Operated her motor vehicle at a high rate of speed too fast for the traffic and weather conditions then and there existing in violation of §14-218a of the Connecticut General Statutes;

    d. Operated her motor vehicle in violation of the Revised Code of Washington, for the same or similar actions;

    e. Operated her motor vehicle at a rate of speed higher than the posted maximum speed limit;

    f. Operated her vehicle while using the Uber Eats application;

    g. Operated her vehicle without the proper training, drug testing, or other requirements necessary to operate a vehicle for a commercial purpose;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBATTORNEYS.COM



    h. Failed to yield to a pedestrian or bicycle in a crosswalk, when she knew or should have known the plaintiff was in the crosswalk and/or intersection;

    i. Failed to turn the motor vehicle to the left or to the right so as to avoid the collision, although in the exercise of due care, could and should have done so;

    j. Failed to apply the brakes in time to avoid the collision, although in exercise of due care, could and should have done so;

    k. Failed to sound the horn or flash the lights to warn the Plaintiff of the impending collision;

    l. Failed to keep a motor vehicle under proper and reasonable control;

    m. Failed to keep a proper and reasonable lookout for others on said highway; and/or

    n. Otherwise failed to exercise due care in operating a motor vehicle.

9. As a result of the collision, the Plaintiff suffered the injuries set forth below, some of which injuries, or the effects thereof, being permanent in nature:

    a. Skull fracture with cerebral contusion;

    b. Fracture of anterior wall of right acetabulum;

    c. Subarachnoid hemorrhage with loss of consciousness;

    d. Fracture of fourth cervical vertebra;

    e. Fracture of orbit;

    f. Injury to other intra-abdominal organs;

    g. Fracture of distal end of left fibula and tibia;

    h. Coma; and

    i. Death.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



10. As a result of the collision described above, the decedent sustained and suffered serious and severe personal injuries and death.

11. As a result of these injuries, the Plaintiff was required to spend substantial sums of money for the decedent's funeral expenses.

12. As a further result of these injuries, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and the damages associated with being alive for a period of time prior to the decedent's death, while injured, the realization of death, and the death itself.

13. As a further result of these injuries and death, the Plaintiff has suffered lost wages and a complete loss of earning capacity.

14. The Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 52-555 and Washington State Revised Code Sec. RCW 4.20.010 and 4.20.20 for the benefit of the decedent's parent/grandparent and siblings, who are also plaintiffs in this matter and are asserted as parties to this Count.

## COUNT TWO: §14-295 STATUTORY RECKLESSNESS AS TO STEPHANIE GRAYBEAL

1. Paragraphs One through Seven of Count One are hereby incorporated and made Paragraph One of Count Two as if fully set forth herein.

2. This collision, and the resulting injuries and losses suffered by the Plaintiff, was due to the recklessness of the Defendant in that she:

    a. Deliberately operated a motor vehicle while under the influence of marijuana, when she knew or should have known, that doing so would create a high likelihood of accident and injury to other motorists around her, including the Plaintiff, all in violation of §14-227a of the Connecticut General Statutes;

    b. Deliberately operated a motor vehicle while distracted, when she knew or should have known, that doing so would create a high likelihood of accident and injury to other motorists around her, including the Plaintiff, all in violation of §14-296aa of the Connecticut General Statutes;

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBATTORNEYS.COM

6



    c.  Deliberately operated a motor vehicle at a rate of speed too fast for the for the traffic conditions and/or other conditions then and there existing in violation of §14-218a of the Connecticut General Statutes.

3. All of the aforementioned violations were engaged in by the Defendant either deliberately or with reckless disregard as to the consequences and were a substantial factor in causing injury to the Plaintiff.

4. As a result of the collision, the Plaintiff suffered the injuries set forth below, some of which injuries, or the effects thereof, being permanent in nature:

    a.  Skull fracture with cerebral contusion;

    b.  Fracture of anterior wall of right acetabulum;

    c.  Subarachnoid hemorrhage with loss of consciousness;

    d.  Fracture of fourth cervical vertebra;

    e.  Fracture of orbit;

    f.  Injury to other intra-abdominal organs;

    g.  Fracture of distal end of left fibula and tibia;

    h.  Coma; and

    i.  Death.

5. As a result of the collision described above, the decedent sustained and suffered serious and severe personal injuries and death.

6. As a result of these injuries, the Plaintiff was required to spend substantial sums of money for the decedent's funeral expenses.

7. As a further result of these injuries, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and the damages associated with being alive for a period of time prior to the decedent's death, while injured, the realization of death, and the death itself.

8. As a further result of these injuries and death, the Plaintiff has suffered lost wages and a complete loss of earning capacity.

**ATTORNEYS &
COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

7



9. The Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 52-555 and Washington State Revised Code Sec. RCW 4.20.010 and 4.20.20 for the benefit of the decedent's parent/grandparent and siblings, who are also plaintiffs in this matter and are asserted as parties to this Count.

10. The Plaintiff is entitled to punitive damages pursuant to Connecticut General Statutes Sec. 14-295 and all other applicable laws in the Revised Code of Washington.

## COUNT THREE: COMMON LAW RECKLESSNESS AS TO STEPHAINE GRAYBEAL

1. Paragraphs One through Seven of Count One are hereby incorporated and made Paragraph One of Count Three as if fully set forth herein.

2. This collision, and the resulting injuries and losses suffered by the Plaintiff, was due to the recklessness of the Defendant in that she:

   a. Deliberately operated a motor vehicle under the influence of marijuana, when she knew or should have known, that doing so would create a high likelihood of accident and injury to other motorists around her, including the Plaintiff;

   b. Deliberately operated a motor vehicle while distracted, when she knew or should have known, that doing so would create a high likelihood of accident and injury to other motorists around her, including the Plaintiff;

   c. Deliberately operated a motor vehicle at a rate of speed too fast for the traffic conditions and/or other conditions then and there existing.

3. All of the aforementioned violations were engaged in by the Defendant either deliberately or with reckless disregard as to the consequences and were a substantial factor in causing injury to the Plaintiff.

4. As a result of the collision, the Plaintiff suffered the injuries set forth below, some of which injuries, or the effects thereof, being permanent in nature:

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBATTORNEYS.COM

8



a.  Skull fracture with cerebral contusion;

b.  Fracture of anterior wall of right acetabulum;

c.  Subarachnoid hemorrhage with loss of consciousness;

d.  Fracture of fourth cervical vertebra;

e.  Fracture of orbit;

f.  Injury to other intra-abdominal organs;

g.  Fracture of distal end of left fibula and tibia;

h.  Coma; and

i.  Death.

5.  As a result of the collision described above, the decedent sustained and suffered serious and severe personal injuries and death.

6.  As a result of these injuries, the Plaintiff was required to spend substantial sums of money for the decedent's funeral expenses.

7.  As a further result of these injuries, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and the damages associated with being alive for a period of time prior to the decedent's death, while injured, the realization of death, and the death itself.

8.  As a further result of these injuries and death, the Plaintiff has suffered lost wages and a complete loss of earning capacity.

9.  The Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 52-555 and Washington State Revised Code Sec. RCW 4.20.010 and 4.20.20 for the benefit of the decedent's parent/grandparent and siblings, who are also plaintiffs in this matter and are asserted as parties to this Count.

10. The Plaintiff is entitled to punitive damages in the form of attorneys' fees.

## COUNT FOUR: NEGLIGENCE AS TO UBER TECHNOLOGIES, INC.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



1. The Defendant is a technology and transportation company that was responsible for designing, developing, manufacturing, testing and placing into the stream of commerce the mobile application platform "Uber Eats App" for the "Uber Eats" services.

2. The Defendant operated the Uber Eats business in a manner that required and encouraged unsafe driving, specifically, Uber drivers are required to focus on the Uber Eats app while driving due to various notifications and alerts.

3. On or around August 29, 2021, the decedent was traveling southeast on his bicycle through the intersection of Division Street and Hawthorne Street in Spokane, Washington

4. On or around the same date and time, Stephanie Graybeal was driving south on Division Street, approaching the intersection with Hawthorne Street in Spokane, Washington.

5. At that time, Stephanie Graybeal was acting on behalf of the Defendant, Uber Technologies, Inc., also known as Uber and Uber Eats, as an agent, employee and or representative of the business conducting a delivery.

6. At that time, Stephanie Graybeal entered the intersection and violently collided with the Plaintiff.

7. The Defendant caused this collision.

8. The Defendant is responsible for this collision.

9. This collision, and the resulting injuries and losses suffered by the Plaintiff, were due to the negligence and carelessness of the Defendant; in that it:

   a. Permitted drivers to interact with the Uber Eats App, such as touching, sliding and scrolling to different pages of the Uber Eats App, while driving;

   b. Designed an app that encourages drivers to look away from the road to their phones when receiving a delivery request;

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBATTORNEYS.COM

10



c.  Designed an app that encourages drivers to look away from the road to their phone to look at a requester's location to determine whether to accept a delivery request;

d.  Designed an app that encourages drivers to look away from the road to their phone when receiving various notifications including GPS alerts;

e.  Designed an app that encourages drivers to look away from the road to pay constant attention to their phone;

f.  Designed an app that encourages drivers to look away from the road to respond vigilantly to requests and/or notifications;

g.  Promoted distracted and unsafe driving by requiring Uber drivers to respond to delivery requests in a limited period of time while driving;

h.  Failed to include adequate information or warnings to Uber Drivers that operating of the Uber Eats App while driving would cause distracted and unsafe driving;

i.  Failed to provide adequate training for Uber Eats drivers;

j.  Failed to monitor, supervise and review Uber Eats driver performance;

k.  Failed to establish codes of employee conduct including but not limited to obeying traffic laws, such as speeding driving under the influence of marijuana or other drugs or alcohol;

l.  Failed to review systems which track time and route to whether drivers are operating vehicles in excess of speed limits;

m.  Failed to conduct any drug testing of any kind on its drivers, despite the fact they knew, or should have known of the dangers of the same and was required under local, state and Federal law;

n.  Failed to warn public pedestrians and purchasers of services that drivers have not received training;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

11



o. Failed to warn public pedestrians and purchasers of services that drivers are not monitored for use of marijuana or other drugs or alcohol;

p. Failed to use the copious quantity of data available to the company to train, retrain, limit or otherwise prevent the defendant, Graybeal, from operating a vehicle in an unsafe way, including, but not limited to speeding and operating a vehicle under the influence of marijuana on the date in question which caused the collision; and/or

q. Failed to discipline drivers who engage in negligent and illegal conduct.

10. As a result of the collision, the Plaintiff suffered the injuries set forth below, some of which injuries, or the effects thereof, being permanent in nature:

a. Skull fracture with cerebral contusion;

b. Fracture of anterior wall of right acetabulum;

c. Subarachnoid hemorrhage with loss of consciousness;

d. Fracture of fourth cervical vertebra;

e. Fracture of orbit;

f. Injury to other intra-abdominal organs;

g. Fracture of distal end of left fibula and tibia;

h. Coma; and

i. Death.

11. As a result of the collision described above, the decedent sustained and suffered serious and severe personal injuries and death.

12. As a result of these injuries, the Plaintiff was required to spend substantial sums of money for the decedent's funeral expenses.

13. As a further result of these injuries, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and the damages

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



associated with being alive for a period of time prior to the decedent's death, while injured, the realization of death, and the death itself.

14. As a further result of these injuries and death, the Plaintiff has suffered lost wages and a complete loss of earning capacity.

15. The Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 52-555 and Washington State Revised Code Sec. RCW 4.20.010 and 4.20.20 for the benefit of the decedent's parent/grandparent and siblings, who are also plaintiffs in this matter and are asserted as parties to this Count.

## COUNT FIVE: RECKLESSNESS AS TO UBER TECHNOLOGIES, INC.

1. Paragraphs One through Eight of Count Four are hereby incorporated and made Paragraph One of Count Five as if fully set forth herein.

2. This collision, and the resulting injuries and losses suffered by the Plaintiff, was due to the recklessness of the Defendant in that it:

   a. Deliberately permitted drivers to interact with the Uber Eats App, such as touching, sliding and scrolling to different pages of the Uber eats App, while driving, when they know or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff;

   b. Deliberately designed an app that encourages drivers to look away from the road to their phones when receiving a ride and/or delivery request when they know or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff;

   c. Deliberately designed an app that encourages drivers to look away from the road to their phone to look at a requester's location to determine whether to accept a request when they knew or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff

   d. Deliberately designed an app that encourages drivers to look away from the road to their phone when receiving various notifications

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

13



such as GPS alerts when they knew or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff;

e.  Deliberately designed an app that encourages drivers to look away from the road to respond vigilantly to requests when they knew or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff;

f.  Deliberately designed an app that incentivizes drivers to engage with their phone while driving, when they knew or should have known this would create a high likelihood of accident and injury to other motorists, including the Plaintiff;

g.  Knew of the risks its drivers posed to the general public, including the plaintiff, through its analysis of the copious amounts of data it collects, yet failed to take actions to train, retrain, limit or prevent their drivers causing injuries to the general public, including the plaintiffs;

h.  Deliberately avoided setting forth a program to sufficiently train drivers on drug use and the absolute ban on using marijuana while conducting deliveries and failing to drug test drivers, despite knowledge that this would increase injuries and damages to the general public, and was required by local, state and Federal laws; and/or

i.  Deliberately designed an app that encourages distracted and unsafe driving when they knew or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff.

3.  All of the aforementioned violations were engaged in by the Defendant either deliberately or with reckless disregard as to the consequences and were a substantial factor in causing injury to the Plaintiff.

4.  As a result of the collision, the Plaintiff suffered the injuries set forth below, some of which injuries, or the effects thereof, being permanent in nature:

a.  Skull fracture with cerebral contusion;

b.  Fracture of anterior wall of right acetabulum;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

14



    c.  Subarachnoid hemorrhage with loss of consciousness;

    d.  Fracture of fourth cervical vertebra;

    e.  Fracture of orbit;

    f.  Injury to other intra-abdominal organs;

    g.  Fracture of distal end of left fibula and tibia;

    h.  Coma; and

    i.  Death.

5. As a result of the collision described above, the decedent sustained and suffered serious and severe personal injuries and death.

6. As a result of these injuries, the Plaintiff was required to spend substantial sums of money for the decedent's funeral expenses.

7. As a further result of these injuries, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and the damages associated with being alive for a period of time prior to the decedent's death, while injured, the realization of death, and the death itself.

8. As a further result of these injuries and death, the Plaintiff has suffered lost wages and a complete loss of earning capacity.

9. The Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 52-555 and Washington State Revised Code Sec. RCW 4.20.010 and 4.20.20 for the benefit of the decedent's parent/grandparent and siblings, who are also plaintiffs in this matter and are asserted as parties to this Count.

10. The Plaintiff is entitled to punitive damages and attorneys' fees due to the reckless conduct of the Defendant.

## COUNT SIX: NEGLIGENCE AS TO PORTIER, LLC

1. The Defendant is a technology and transportation company that was responsible for designing, developing, manufacturing, testing and placing

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



into the stream of commerce the mobile application platform "Uber Eats App" for the "Uber Eats" services.

2. The Defendant operated the Uber Eats business in a manner that required and encouraged unsafe driving, specifically, Uber drivers are required to focus on the Uber Eats app while driving due to various notifications and alerts.

3. On or around August 29, 2021, the decedent was traveling southeast on his bicycle through the intersection of Division Street and Hawthorne Street in Spokane, Washington

4. On or around the same date and time, Stephanie Graybeal was driving south on Division Street, approaching the intersection with Hawthorne Street in Spokane, Washington.

5. At that time, Stephanie Graybeal was acting on behalf of the Defendant, Portier, LLC

6. At that time, Stephanie Graybeal entered the intersection and violently collided with the Plaintiff.

7. The Defendant caused this collision.

8. The Defendant is responsible for this collision.

9. This collision, and the resulting injuries and losses suffered by the Plaintiff, were due to the negligence and carelessness of the Defendant, in that it:

   a. Permitted drivers to interact with the Uber Eats App, such as touching, sliding and scrolling to different pages of the Uber Eats App, while driving;

   b. Designed an app that encourages drivers to look away from the road to their phones when receiving a delivery request;

   c. Designed an app that encourages drivers to look away from the road to their phone to look at the requester's location to determine whether to accept a delivery request;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

16



d. Designed an app that encourages drivers to look away from the road to their phone when receiving various notifications including GPS alerts;

e. Designed an app that encourages drivers to look away from the road to pay constant attention to their phone;

f. Designed an app that encourages drivers to look away from the road to respond vigilantly to requests and/or notifications;

g. Promoted distracted and unsafe driving by requiring Uber drivers to respond to delivery requests in a limited period of time while driving;

h. Failed to include adequate information or warnings to Uber Drivers that operating of the Uber Eats App while driving would cause distracted and unsafe driving;

i. Failed to provide adequate training for Uber Eats drivers;

j. Failed to monitor, supervise and review Uber Eats driver performance;

k. Failed to establish codes of employee conduct including but not limited to obeying traffic laws, such as speeding driving under the influence of marijuana or other drugs or alcohol;

l. Failed to review systems which track time and route to whether drivers are operating vehicles in excess of speed limits;

m. Failed to conduct any drug testing of any kind on its drivers, despite the fact they knew, or should have known of the dangers of the same and was required under local, state and Federal law;

n. Failed to warn public pedestrians and purchasers of services that drivers have not received training;

o. Failed to warn public pedestrians and purchasers of services that drivers are not monitored for use of marijuana or other drugs or alcohol;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

17



p. Failed to use the copious quantity of data available to the company to train, retrain, limit or otherwise prevent the defendant, Graybeal, from operating a vehicle in an unsafe way, including, but not limited to speeding and operating a vehicle under the influence of marijuana on the date in question which caused the collision; and/or

q. Failed to discipline drivers who engage in negligent and illegal conduct.

10. As a result of the collision, the Plaintiff suffered the injuries set forth below, some of which injuries, or the effects thereof, being permanent in nature:

a. Skull fracture with cerebral contusion;

b. Fracture of anterior wall of right acetabulum;

c. Subarachnoid hemorrhage with loss of consciousness;

d. Fracture of fourth cervical vertebra;

e. Fracture of orbit;

f. Injury to other intra-abdominal organs;

g. Fracture of distal end of left fibula and tibia;

h. Coma; and

i. Death.

11. As a result of the collision described above, the decedent sustained and suffered serious and severe personal injuries and death.

12. As a result of these injuries, the Plaintiff was required to spend substantial sums of money for the decedent's funeral expenses.

13. As a further result of these injuries, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and the damages associated with being alive for a period of time prior to the decedent's death, while injured, the realization of death, and the death itself.

14. As a further result of these injuries and death, the Plaintiff has suffered lost wages and a complete loss of earning capacity.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBATTORNEYS.COM



15. The Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 52-555 and Washington State Revised Code Sec. RCW 4.20.010 and 4.20.20 for the benefit of the decedent's parent/grandparent and siblings, who are also plaintiffs in this matter and are asserted as parties to this Count.

## COUNT SEVEN: RECKLESSNESS AS TO PORTIER, LLC

1. Paragraphs One through Eight of Count Six are hereby incorporated and made Paragraph One of Count Seven as if fully set forth herein.

2. This collision, and the resulting injuries and losses suffered by the Plaintiff, was due to the recklessness of the Defendant in that it:

   a. Deliberately permitted drivers to interact with the Uber Eats App, such as touching, sliding and scrolling to different pages of the Uber eats App, while driving, when they knew or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff;

   b. Deliberately designed an app that encourages drivers to look away from the road to their phones when receiving a ride and/or delivery request when they knew or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff;

   c. Deliberately designed an app that encourages drivers to look away from the road to their phone to look at a requester's location to determine whether to accept a request when they knew or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff

   d. Deliberately designed an app that encourages drivers to look away from the road to their phone when receiving various notifications such as GPS alerts when they knew or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff;

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

19



e.  Deliberately designed an app that encourages drivers to look away from the road to respond vigilantly to requests when they knew or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff;

f.  Deliberately designed an app that incentivizes drivers to engage with their phone while driving, when they knew or should have known this would create a high likelihood of accident and injury to other motorists, including the Plaintiff;

g.  Knew of the risks its drivers posed to the general public, including the plaintiff, through its analysis of the copious amounts of data it collects, yet failed to take actions to train, retrain, limit or prevent their drivers causing injuries to the general public, including the plaintiffs;

h.  Deliberately avoided setting forth a program to sufficiently train drivers on drug use and the absolute ban on using marijuana while conducting deliveries and failing to drug test drivers, despite knowledge that this would increase injuries and damages to the general public, and was required by local, state and Federal laws; and/or

i.  Deliberately designed an app that encourages distracted and unsafe driving when they knew or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff.

3.  All of the aforementioned violations were engaged in by the Defendant either deliberately or with reckless disregard as to the consequences and were a substantial factor in causing injury to the Plaintiff.

4.  As a result of the collision, the Plaintiff suffered the injuries set forth below, some of which injuries, or the effects thereof, being permanent in nature:

a.  Skull fracture with cerebral contusion;

b.  Fracture of anterior wall of right acetabulum;

c.  Subarachnoid hemorrhage with loss of consciousness;

d.  Fracture of fourth cervical vertebra;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

20



   e. Fracture of orbit;

   f. Injury to other intra-abdominal organs;

   g. Fracture of distal end of left fibula and tibia;

   h. Coma; and

   i. Death.

5. As a result of the collision described above, the decedent sustained and suffered serious and severe personal injuries and death.

6. As a result of these injuries, the Plaintiff was required to spend substantial sums of money for the decedent's funeral expenses.

7. As a further result of these injuries, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and the damages associated with being alive for a period of time prior to the decedent's death, while injured, the realization of death, and the death itself.

8. As a further result of these injuries and death, the Plaintiff has suffered lost wages and a complete loss of earning capacity.

9. The Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 52-555 and Washington State Revised Code Sec. RCW 4.20.010 and 4.20.20 for the benefit of the decedent's parent/grandparent and siblings, who are also plaintiffs in this matter and are asserted as parties to this Count.

10. The Plaintiff is entitled to punitive damages and attorneys' fees due to the reckless conduct of the Defendant.

## COUNT EIGHT: NEGLIGENCE AS TO RASIER, LLC

1. The Defendant, Rasier, LLC, is a technology and transportation company that was responsible for designing, developing, manufacturing, testing and placing into the stream of commerce the mobile application platform "Uber Eats App" for the "Uber Eats" services.

2. The Defendant operated the Uber Eats business in a manner that required and encouraged unsafe driving, specifically, Uber drivers are required to

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBATTORNEYS.COM

21



focus on the Uber Eats app while driving due to various notifications and alerts.

3. On or around August 29, 2021, the decedent was traveling southeast on his bicycle through the intersection of Division Street and Hawthorne Street in Spokane, Washington

4. On or around the same date and time, Stephanie Graybeal was driving south on Division Street, approaching the intersection with Hawthorne Street in Spokane, Washington.

5. At that time, Stephanie Graybeal was acting on behalf of the Defendant, Rasier, LLC

6. At that time, Stephanie Graybeal entered the intersection and violently collided with the Plaintiff.

7. The Defendant caused this collision.

8. The Defendant is responsible for this collision.

9. This collision, and the resulting injuries and losses suffered by the Plaintiff, were due to the negligence and carelessness of the Defendant, in that it:

    a. Permitted drivers to interact with the Uber Eats App, such as touching, sliding and scrolling to different pages of the Uber Eats App, while driving;

    b. Designed an app that encourages drivers to look away from the road to their phones when receiving a delivery request;

    c. Designed an app that encourages drivers to look away from the road to their phone to look at the requester's location to determine whether to accept a delivery request;

    d. Designed an app that encourages drivers to look away from the road to their phone when receiving various notifications including GPS alerts;

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

22



e. Designed an app that encourages drivers to look away from the road to pay constant attention to their phone;

f. Designed an app that encourages drivers to look away from the road to respond vigilantly to requests and/or notifications;

g. Promoted distracted and unsafe driving by requiring Uber drivers to respond to delivery requests in a limited period of time while driving;

h. Failed to include adequate information or warnings to Uber Drivers that operating of the Uber Eats App while driving would cause distracted and unsafe driving;

i. Failed to provide adequate training for Uber Eats drivers;

j. Failed to monitor, supervise and review Uber Eats driver performance;

k. Failed to establish codes of employee conduct including but not limited to obeying traffic laws, such as speeding driving under the influence of marijuana or other drugs or alcohol;

l. Failed to review systems which track time and route to whether drivers are operating vehicles in excess of speed limits;

m. Failed to conduct any drug testing of any kind of its drivers, despite the fact they knew, or should have known of the dangers of the same and was required under local, state and Federal law;

n. Failed to warn public pedestrians and purchasers of services that drivers have not received training;

o. Failed to warn public pedestrians and purchasers of services that drivers are not monitored for use of marijuana or other drugs or alcohol;

p. Failed to use the copious quantity of data available to the company to train, retrain, limit or otherwise prevent the defendant, Graybeal, from operating a vehicle in an unsafe way, including, but not limited

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM

23



to speeding and operating a vehicle under the influence of marijuana on the date in question which caused the collision; and/or

q. Failed to discipline drivers who engage in negligent and illegal conduct.

10. As a result of the collision, the Plaintiff suffered the injuries set forth below, some of which injuries, or the effects thereof, being permanent in nature:

a. Skull fracture with cerebral contusion;

b. Fracture of anterior wall of right acetabulum;

c. Subarachnoid hemorrhage with loss of consciousness;

d. Fracture of fourth cervical vertebra;

e. Fracture of orbit;

f. Injury to other intra-abdominal organs;

g. Fracture of distal end of left fibula and tibia;

h. Coma; and

i. Death.

11. As a result of the collision described above, the decedent sustained and suffered serious and severe personal injuries and death.

12. As a result of these injuries, the Plaintiff was required to spend substantial sums of money for the decedent's funeral expenses.

13. As a further result of these injuries, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and the damages associated with being alive for a period of time prior to the decedent's death, while injured, the realization of death, and the death itself.

14. As a further result of these injuries and death, the Plaintiff has suffered lost wages and a complete loss of earning capacity.

15. The Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 52-555 and Washington State Revised Code Sec. RCW 4.20.010 and

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



4.20.20 for the benefit of the decedent's parent/grandparent and siblings, who are also plaintiffs in this matter and are asserted as parties to this Count.

## COUNT NINE: RECKLESSNESS AS TO RASIER, LLC

1. Paragraphs One through Eight of Count Eight are hereby incorporated and made Paragraph One of Count Nine as if fully set forth herein.

2. This collision, and the resulting injuries and losses suffered by the Plaintiff, was due to the recklessness of the Defendant in that it:

   a. Deliberately permitted drivers to interact with the Uber Eats App, such as touching, sliding and scrolling to different pages of the Uber eats App, while driving, when they knew or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff;

   b. Deliberately designed an app that encourages drivers to look away from the road to their phones when receiving a ride and/or delivery request when they knew or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff;

   c. Deliberately designed an app that encourages drivers to look away from the road to their phone to look at a requester's location to determine whether to accept a request when they knew or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff

   d. Deliberately designed an app that encourages drivers to look away from the road to their phone when receiving various notifications such as GPS alerts when they know or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff;

   e. Deliberately designed an app that encourages drivers to look away from the road to respond vigilantly to requests when they knew or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



f.  Deliberately designed an app that incentivizes drivers to engage with their phone while driving, when they knew or should have known this would create a high likelihood of accident and injury to other motorists, including the Plaintiff;

g.  Knew of the risks its drivers posed to the general public, including the plaintiff, through its analysis of the copious amounts of data it collects, yet failed to take actions to train, retrain, limit or prevent their drivers causing injuries to the general public, including the plaintiffs;

h.  Deliberately avoided setting forth a program to sufficiently train drivers on drug use and the absolute ban on using marijuana while conducting deliveries and failing to drug test drivers, despite knowledge that this would increase injuries and damages to the general public, and was required by local, state and Federal laws; and/or

i.  Deliberately designed an app that encourages distracted and unsafe driving when they knew or should have known that doing so would create a high likelihood of accident and injury to other motorists, including the Plaintiff.

3.  All of the aforementioned violations were engaged in by the Defendant either deliberately or with reckless disregard as to the consequences and were a substantial factor in causing injury to the Plaintiff.

4.  As a result of the collision, the Plaintiff suffered the injuries set forth below, some of which injuries, or the effects thereof, being permanent in nature:

a.  Skull fracture with cerebral contusion;

b.  Fracture of anterior wall of right acetabulum;

c.  Subarachnoid hemorrhage with loss of consciousness;

d.  Fracture of fourth cervical vertebra;

e.  Fracture of orbit;

f.  Injury to other intra-abdominal organs;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



g.  Fracture of distal end of left fibula and tibia;

h.  Coma; and

i.  Death.

5.  As a result of the collision described above, the decedent sustained and suffered serious and severe personal injuries and death.

6.  As a result of these injuries, the Plaintiff was required to spend substantial sums of money for the decedent's funeral expenses.

7.  As a further result of these injuries, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and the damages associated with being alive for a period of time prior to the decedent's death, while injured, the realization of death, and the death itself.

8.  As a further result of these injuries and death, the Plaintiff has suffered lost wages and a complete loss of earning capacity.

9.  The Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 52-555 and Washington State Revised Code Sec. RCW 4.20.010 and 4.20.20 for the benefit of the decedent's parent/grandparent and siblings, who are also plaintiffs in this matter and are asserted as parties to this Count.

## COUNT TEN: NEGLIGENCE AS TO VINCENT LISI

1.  The Defendant, Vincent Lisi, is and was the director of Global Investigations for Defendants Uber Technologies, Inc., Uber, Uber Eats, Portier, LLC and Rasier, LLC.

2.  The Defendant has held the position since April 2019 to the present, including in and around the time the decedent was killed.

3.  The Defendant was and is a resident of Groton, Connecticut.

4.  The Defendant is and was responsible for creating and leading a program which will quickly and thoroughly identify and resolve potential wrongdoings which could harm Uber, its employees and/or its customers.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F  203 562 0902
BBATTORNEYS.COM

27



5.   The Defendant, and the Global and Corporate Investigations team at Uber are responsible for the following:

    a.  Building out the corporate investigations function for Uber;

    b.  Coordinating with internal teams;

    c.  Developing policies;

    d.  Managing resources;

    e.  Defining a strategy; and

    f.  Leading a team of investigators to carry out the Unit S mission.

6.  The Defendant conducts the following for Uber:

    a.  Leads a team of global investigators addressing fraud and abuse and other serious matters within the Uber community;

    b.  Craft and implement a strategy for enterprise corporate investigations at Uber in alignment with business goals;

    c.  Provide reports and briefings to senior leadership regarding priority investigations, trends and success metrics;

    d.  Working with internal stakeholders, including compliance;

    e.  Collaborate to identify and address gaps or concerns identified during the investigative process;

    f.  Coordinate with external investigative entities;

    g.  Set and maintain the bar for the highest level of integrity;

    h.  Provide strategic input at leadership level; and

    i.  Maintain strong relationships and effective communication across all business operations.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



7. Prior to the death of the decedent, Uber and its corporate security team, including the Defendant, knew or should have known of issues in the Uber Eats drivers' program.

8. Prior to the death of the decedent, Uber and its corporate security team, including the Defendant, knew or should have known of issues related to intoxicated drivers, speeding drivers and other driver actions that were unsafe.

9. Prior to the death of the decedent, Uber and its corporate security team, including the Defendant, knew or should have known that persons were being injured as a result of these actions, including members of the general public, such as the decedent.

10. The corporate security team, under the direction of the Defendant were negligent in so far as the following;

    a. Failed to monitor, supervise and review Uber Eats driver performance;

    b. Failed to establish codes of employee conduct including but not limited to obeying traffic laws, such as speeding driving under the influence of marijuana or other drugs or alcohol;

    c. Failed to review systems which track time and route to whether drivers are operating vehicles in excess of speed limits;

    d. Failed to warn public pedestrians and purchasers of services that drivers have not received training;

    e. Failed to warn public pedestrians and purchasers of services that drivers are not monitored for use of marijuana or other drugs or alcohol;

    f. Failed to discipline drivers who engage in negligent and illegal conduct.

11. On August 29, 2021, Graybeal was operating a motor vehicle under the influence of marijuana and above the speed limit.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

29



12. On the same date, Graybeal struck the plaintiff-decedent with her vehicle while driving for the Defendants, known as "Uber Eats."

13. As a result of the negligence of the Defendants, including Lisi and the Security Team, the Plaintiff-Decedent suffered the injuries set forth below, in the motor vehicle collision with Graybeal:

    a. Skull fracture with cerebral contusion;

    b. Fracture of anterior wall of right acetabulum;

    c. Subarachnoid hemorrhage with loss of consciousness;

    d. Fracture of fourth cervical vertebra;

    e. Fracture of orbit;

    f. Injury to other intra-abdominal organs;

    g. Fracture of distal end of left fibula and tibia;

    h. Coma; and

    i. Death.

14. As a result of the collision described above, the decedent sustained and suffered serious and severe personal injuries and death.

15. As a result of these injuries, the Plaintiff was required to spend substantial sums of money for the decedent's funeral expenses.

16. As a further result of these injuries, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and the damages associated with being alive for a period of time prior to the decedent's death, while injured, the realization of death, and the death itself.

17. As a further result of these injuries and death, the Plaintiff has suffered lost wages and a complete loss of earning capacity.

18. The Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 52-555 and Washington State Revised Code Sec. RCW 4.20.010 and 4.20.20 for the benefit of the decedent's parent/grandparent and siblings,

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



who are also plaintiffs in this matter and are asserted as parties to this Count.

**COUNT ELEVEN: NEGLIGENCE AS TO EDGAR PASTRANA**

1. The Defendant, Edgar Pastrana, is and was an employee of the Defendants, Defendants Uber Technologies, Inc., Uber, Uber Eats, Portier, LLC and Rasier, LLC, holding the position of Global Director of Customer Experience.

2. The Defendant has worked for the Defendants since 2020. He was working for the Defendants in and around the time the decedent was killed.

3. Edgar Pastrana was and is a resident of Greenwich, CT.

4. Pastrana was charged with growing revenues, while reducing costs for the Defendants. Including, developing and executing strategic initiatives to drive sales, by launching new products, entering markets, and establishing valuable partnerships.

5. Pastrana transformed operations and processes through implementation of lean principles and change management.

6. Pastrana managed a team of up to 50 members, proactively navigating all levels of an organization, from hourly employees to C-level executives, while working in demanding environments while collaborating cross functionally and managing multiple priorities with a sense of urgency and bias for action.

7. The Defendant is and was responsible for the customer experience, including driver interactions, timely deliveries and other aspects of the customer experience of the Defendants.

8. Prior to the death of the decedent, Uber and its customer experience team, including the Defendant, knew or should have known of issues in the Uber Eats drivers' program.

9. Prior to the death of the decedent, Uber and its customer experience team, including the Defendant, knew or should have known of issues related to

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

31



intoxicated drivers, speeding drivers and other driver actions that were unsafe.

10. Prior to the death of the decedent, Uber and its customer experience team, including the Defendant, knew or should have known that persons were being injured as a result of these actions, including members of the general public, such as the decedent.

11. The corporate security team, under the direction of the Defendant were negligent in so far as the following;

   a. Failed to monitor, supervise and review Uber Eats driver performance;

   b. Failed to establish codes of employee conduct including but not limited to obeying traffic laws, such as speeding driving under the influence of marijuana or other drugs or alcohol;

   c. Failed to review systems which track time and route to whether drivers are operating vehicles in excess of speed limits;

   d. Failed to warn public pedestrians and purchasers of services that drivers have not received training;

   e. Failed to warn public pedestrians and purchasers of services that drivers are not monitored for use of marijuana or other drugs or alcohol;

   f. Failed to discipline drivers who engage in negligent and illegal conduct.

12. On August 29, 2021, Graybeal was operating a motor vehicle under the influence of marijuana and above the speed limit.

13. On the same date, Graybeal struck the plaintiff-decedent with her vehicle while driving for the Defendants, known as "Uber Eats."

14. As a result of the negligence of the Defendants, including Pastrana and the Customer Experience Team, the Plaintiff-Decedent suffered the injuries set forth below, in the motor vehicle collision with Graybeal:

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

32



    a.  Skull fracture with cerebral contusion;

    b.  Fracture of anterior wall of right acetabulum;

    c.  Subarachnoid hemorrhage with loss of consciousness;

    d.  Fracture of fourth cervical vertebra;

    e.  Fracture of orbit;

    f.   Injury to other intra-abdominal organs;

    g.  Fracture of distal end of left fibula and tibia;

    h.  Coma; and

    i.  Death.

15. As a result of the collision described above, the decedent sustained and suffered serious and severe personal injuries and death.

16. As a result of these injuries, the Plaintiff was required to spend substantial sums of money for the decedent's funeral expenses.

17. As a further result of these injuries, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and the damages associated with being alive for a period of time prior to the decedent's death, while injured, the realization of death, and the death itself.

18. As a further result of these injuries and death, the Plaintiff has suffered lost wages and a complete loss of earning capacity.

19. The Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 52-555 and Washington State Revised Code Sec. RCW 4.20.010 and 4.20.20 for the benefit of the decedent's parent/grandparent and siblings, who are also plaintiffs in this matter and are asserted as parties to this Count.

## COUNT TWELVE: NEGLIGENCE AS TO ASHLEY SULEWSKI

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



1.  The Defendant, Ashley Sulewski, is an was an employee of the Defendants, Defendants Uber Technologies, Inc., Uber, Uber Eats, Portier, LLC and Rasier, LLC, holding the position of Lead and Global Account Executive.

2.  The Defendant has worked for the Defendants since April of 2019, and continues to work for the Defendants.

3.  Ashley Sulewski was and is a resident of New Britain, CT.

4.  The Defendant, Sulewski, is and was responsible for developing businesses and clients for the entity known as Uber Eats.

5.  The Defendant, and the Global Account team at Uber are responsible for the following:

    a.  Operational improvement;

    b.  Restaurant Delivery Growth;

    c.  Analysis, including quantifying all aspects of the delivery process;

    d.  Encourage efficient delivery, using data-drive decision making;

    e.  Commercial management;

    f.  Build tools and processes to drive forward partnership critical metrics; and

    g.  Partner with internal teams at the several Uber entities.

6.  Prior to the death of the decedent, Uber and its global account team, including the Defendant, knew or should have known of issues in the Uber Eats drivers' program.

7.  Prior to the death of the decedent, Uber and its global account team, including the Defendant, knew or should have known of issues related to intoxicated drivers, speeding drivers and other driver actions that were unsafe.

8.  Prior to the death of the decedent, Uber and its global account team, including the Defendant, knew or should have known that persons were

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



being injured as a result of these actions, including members of the general public, such as the decedent.

9. The global account team, including Sulewski, were negligent in so far as the following:

    a. Failed to monitor, supervise and review Uber Eats driver performance;

    b. Failed to establish codes of employee conduct including but not limited to obeying traffic laws, such as speeding driving under the influence of marijuana or other drugs or alcohol;

    c. Failed to review systems which track time and route to whether drivers are operating vehicles in excess of speed limits;

    d. Failed to warn public pedestrians and purchasers of services that drivers have not received training;

    e. Failed to warn public pedestrians and purchasers of services that drivers are not monitored for use of marijuana or other drugs or alcohol;

    f. Encouraged, through the use of bonuses and financial incentives, unsafe driving habits of its delivery drivers;

    g. Took on new restaurant and business accounts, through the use of incentives, promises or guarantees, which the Defendants knew the system could not handle, thus setting up the safety systems to fail, by requiring drivers to speed and hiring drivers who were not qualified;

    h. Failed to discipline drivers who engage in negligent and illegal conduct.

10. On August 29, 2021, Graybeal was operating a motor vehicle under the influence of marijuana and above the speed limit.

11. On the same date, Graybeal struck the plaintiff-decedent with her vehicle while driving for the Defendants, known as "Uber Eats."

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



12. As a result of the negligence of the Defendants, including Sulewski and the Global Strategic Account Team, the Plaintiff-Decedent suffered the injuries set forth below, in the motor vehicle collision with Graybeal:

    a.  Skull fracture with cerebral contusion;

    b.  Fracture of anterior wall of right acetabulum;

    c.  Subarachnoid hemorrhage with loss of consciousness;

    d.  Fracture of fourth cervical vertebra;

    e.  Fracture of orbit;

    f.  Injury to other intra-abdominal organs;

    g.  Fracture of distal end of left fibula and tibia;

    h.  Coma; and

    i.  Death.

13. As a result of the collision described above, the decedent sustained and suffered serious and severe personal injuries and death.

14. As a result of these injuries, the Plaintiff was required to spend substantial sums of money for the decedent's funeral expenses.

15. As a further result of these injuries, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and the damages associated with being alive for a period of time prior to the decedent's death, while injured, the realization of death, and the death itself.

16. As a further result of these injuries and death, the Plaintiff has suffered lost wages and a complete loss of earning capacity.

17. The Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 52-555 and Washington State Revised Code Sec. RCW 4.20.010 and 4.20.20 for the benefit of the decedent's parent/grandparent and siblings, who are also plaintiffs in this matter and are asserted as parties to this Count.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



## COUNT THIRTEEN: PRODUCT LIABILITY AS TO UBER TECHNOLOGIES, INC.

1. The plaintiff, The Estate of Zachary Cantafi, is a Connecticut resident and Connecticut Estate, appointed and administrated in the Newington Probate Court.

2. At all times herein, the Defendant, Uber Technologies, Inc. also known as Uber and Uber Eats, was a foreign business authorized to do business in Connecticut.

3. At all times relevant hereto, the Defendant, its agents, servants, representatives, and/or employees were and continue to be engaged in the business of designing and placing into the stream of commerce a digital application for sale to, and use by, members of the public, including the Uber Eats app used by Defendant Stephanie Graybeal.

4. Customers of the Defendant submit a request from an electronic device for a driver or can submit a request for food or beverage delivery.

5. After making a request in the app, the app alerts a nearby driver, such as Defendant Stephanie Graybeal, of the request via a notification on the app and requires the driver to accept the request within seconds before the request is sent to another driver registered with the app.

6. Uber drivers are incentivized to drive toward locations where customers are concentrated and to maintain attention to the Uber app for this location information while driving a motor vehicle.

7. The Defendant owed a duty to the general public including the decedent, Zachary Cantafi, to exercise reasonable care in the design of its app.

8. The Defendant failed to exercise reasonable care in the design of the app because, as designed, it was capable of causing serious personal injuries, such as those suffered by the decedent.

9. The Plaintiff is a claimant, as defined by General Statutes § 52-572m, and a resident of Connecticut at the time of his injuries and death.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



10. The Uber Eats app was unreasonably dangerous to the decedent in that the Uber Eats app caused injury to the decedent.

11. The Defendant is legally responsible for the losses and injuries sustained by the decedent as a result of the design defect and dangerous product pursuant to Connecticut General Statutes Section 52-572m, et seq. (The Connecticut Product Liability Act), in one or more of the following ways:

    a. Put the Uber Eats app into the stream of commerce in a defective, unsafe and dangerous condition, thereby subjecting the decedent to an unreasonable risk of injury;

    b. Failed to prevent the Uber Eats app being operated by the Uber driver while the Uber driver was driving;

    c. Permitted drivers to interact with the Uber Eats App, such as touching, sliding and scrolling to different pages of the Uber Eats App, while driving;

    d. Designed an app that encourages drivers to look away from the road to their phones when receiving a delivery request;

    e. Designed an app that encourages drivers to look away from the road to their phone to look at a requester's location to determine whether to accept a delivery request;

    f. Designed an app that encourages drivers to look away from the road to their phone when receiving various notifications including GPS alerts;

    g. Designed an app that encourages drivers to look away from the road to pay constant attention to their phone;

    h. Designed an app that encourages drivers to look away from the road to respond vigilantly to requests and/or notifications;

    i. Failed to include adequate information or warnings to Uber drivers that operation of the app while driving would cause distracted driving;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBATTORNEYS.COM



j.  Promoted reckless driving by requiring Uber driver to respond to customer requests for services in a limited period of time;

k.  Knew of the risks its drivers posed to the general public, including the plaintiff, through its analysis of the copious amounts of data it collects, yet failed to modify the application in a way that would create a safe product;

l.  Promoted distracted driving by requiring Uber drivers to respond to customer requests for services in a limited period of time;

m. Promoted driving at excess speed;

12. As a result of the Defendant's breach of the Connecticut Product Liability Act by the Defendant, its agents, representatives, servants, and/or employees, the decedent suffered the following injuries:

a.  Skull fracture with cerebral contusion;

b.  Fracture of anterior wall of right acetabulum;

c.  Subarachnoid hemorrhage with loss of consciousness;

d.  Fracture of fourth cervical vertebra;

e.  Fracture of orbit;

f.  Injury to other intra-abdominal organs;

g.  Fracture of distal end of left fibula and tibia;

h.  Coma; and

i.  Death.

13. Due to the dangerous and defective condition of the Uber Eats app, the decedent sustained and suffered serious and severe personal injuries and death.

14. By further violation of the product liability act by the Defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the decedent's medical care necessitated by the injuries incurred.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



15. As a further violation of the product liability act by the Defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the decedent's funeral expenses.

16. As a further violation of the product liability act by the Defendant as aforesaid, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities and loss of earning capacity.

17. The Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 52-555 and Washington State Revised Code Sec. RCW 4.20.010 and 4.20.20 for the benefit of the decedent's parent/grandparent and siblings, who are also plaintiffs in this matter and are asserted as parties to this Count.

## COUNT FOURTEEN: PRODUCT LIABILITY AS TO PORTIER, LLC

1. The plaintiff, The Estate of Zachary Cantafi, is a Connecticut resident and Connecticut Estate, appointed and administrated in the Newington Probate Court.

2. At all times herein, the Defendant, Uber Technologies, Inc. also known as Uber and Uber Eats, was a foreign business authorized to do business in Connecticut.

3. At all times relevant hereto, the Defendant, its agents, servants, representatives, and/or employees were and continue to be engaged in the business of designing and placing into the stream of commerce a digital application for sale to, and use by, members of the public, including the Uber Eats app used by Defendant Stephanie Graybeal.

4. Customers of the Defendant submit a request for a driver or can submit a request from an electronic device for food or beverage delivery.

5. After making a request in the app, the app alerts a nearby driver, such as Defendant Stephanie Graybeal, of the request via a notification on the app and requires the driver to accept the request within seconds before the request is sent to another driver registered with the app.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

40



6. Uber drivers are incentivized to drive toward locations where customers are concentrated and to maintain attention to the Uber app for this location information while driving a motor vehicle.

7. The Defendant owed a duty to the general public including the decedent, Zachary Cantafi, to exercise reasonable care in the design of its app.

8. The Defendant failed to exercise reasonable care in the design of the app because, as designed, it was capable of causing serious personal injuries, such as those suffered by the decedent.

9. The Plaintiff is a claimant, as defined by General Statutes § 52-572m, and a resident of Connecticut at the time of his injuries and death.

10. The Uber Eats app was unreasonably dangerous to the decedent in that the Uber Eats app caused injury to the decedent.

11. The Defendant is legally responsible for the losses and injuries sustained by the decedent as a result of the design defect and dangerous product pursuant to Connecticut General Statutes Section 52-572m, et seq. (The Connecticut Product Liability Act), in one or more of the following ways:

   a. Put the Uber Eats app into the stream of commerce in a defective, unsafe and dangerous condition, thereby subjecting the decedent to an unreasonable risk of injury;

   b. Failed to prevent the Uber Eats app being operated by the Uber driver while the Uber driver was driving;

   c. Permitted drivers to interact with the Uber Eats App, such as touching, sliding and scrolling to different pages of the Uber Eats App, while driving;

   d. Designed an app that encourages drivers to look away from the road to their phones when receiving a delivery request;

   e. Designed an app that encourages drivers to look away from the road to their phone to look at a requester's location to determine whether to accept a delivery request;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

41



f.  Designed an app that encourages drivers to look away from the road to their phone when receiving various notifications including GPS alerts;

g.  Designed an app that encourages drivers to look away from the road to pay constant attention to their phone;

h.  Designed an app that encourages drivers to look away from the road to respond vigilantly to requests and/or notifications;

i.  Failed to include adequate information or warnings to Uber drivers that operation of the app while driving would cause distracted driving;

j.  Promoted reckless driving by requiring Uber driver to respond to customer requests for services in a limited period of time;

k.  Promoted distracted driving by requiring Uber drivers to respond to customer requests for services in a limited period of time;

l.  Knew of the risks its drivers posed to the general public, including the plaintiff, through its analysis of the copious amounts of data it collects, yet failed to modify the application in a way that would create a safe product; and/or

m.  Promoted driving at excess speed;

12. As a result of the Defendant's breach of the Connecticut Product Liability Act by the Defendant, its agents, representatives, servants, and/or employees, the decedent suffered the following injuries:

a.  Skull fracture with cerebral contusion;

b.  Fracture of anterior wall of right acetabulum;

c.  Subarachnoid hemorrhage with loss of consciousness;

d.  Fracture of fourth cervical vertebra;

e.  Fracture of orbit;

f.  Injury to other intra-abdominal organs;

g.  Fracture of distal end of left fibula and tibia;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



h.  Coma; and

i.  Death.

13. Due to the dangerous and defective condition of the Uber Eats app, the decedent sustained and suffered serious and severe personal injuries and death.

14. By further violation of the product liability act by the Defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the decedent's medical care necessitated by the injuries incurred.

15. As a further violation of the product liability act by the Defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the decedent's funeral expenses.

16. As a further violation of the product liability act by the Defendant as aforesaid, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities and loss of earning capacity.

17. Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 52-555 and Washington State Revised Code Sec. RCW 4.20.010 and 4.20.20 for the benefit of the decedent's parent/grandparent and siblings, who are also plaintiffs in this matter and are asserted as parties to this Count.

## COUNT FIFTEEN: PRODUCT LIABILTIY AS TO RASIER, LLC

1.  The plaintiff, The Estate of Zachary Cantafi, is a Connecticut resident and Connecticut Estate, appointed and administrated in the Newington Probate Court.

2.  At all times herein, the Defendant, Rasier, LLC also known as Uber and Uber Eats, was a foreign business authorized to do business in Connecticut.

3.  At all times relevant hereto, the Defendant, its agents, servants, representatives, and/or employees were and continue to be engaged in the business of designing and placing into the stream of commerce a digital application for sale to, and use by, members of the public, including the Uber Eats app used by defendant, Stephanie Graybeal.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

43



4. Customers of the Defendant submit a request for a driver or can submit a request from an electronic device for food or beverage delivery.

5. After making a request in the app, the app alerts a nearby driver, such as defendant Stephanie Graybeal, of the request via a notification on the app and requires the driver to accept the request within seconds before the request is sent to another driver registered with the app.

6. Uber drivers are incentivized to drive toward locations where customers are concentrated and to maintain attention to the Uber app for this location information while driving a motor vehicle.

7. The Defendant owed a duty to the general public including the decedent, Zachary Cantafi, to exercise reasonable care in the design of its app.

8. The Defendant failed to exercise reasonable care in the design of the app because, as designed, it was capable of causing serious personal injuries, such as those suffered by the decedent.

9. The Plaintiff is a claimant, as defined by General Statutes § 52-572m, and a resident of Connecticut at the time of his injuries and death.

10. The Uber Eats app was unreasonably dangerous to the decedent in that the Uber Eats app caused injury to the decedent.

11. The Defendant is legally responsible for the losses and injuries sustained by the decedent as a result of the design defect and dangerous product pursuant to Connecticut General Statutes Section 52-572m, et seq. (The Connecticut Product Liability Act), in one or more of the following ways:

    a. Put the Uber Eats app into the stream of commerce in a defective, unsafe and dangerous condition, thereby subjecting the decedent to an unreasonable risk of injury;

    b. Failed to prevent the Uber Eats app being operated by the Uber driver while the Uber driver was driving;

    c. Permitted drivers to interact with the Uber Eats App, such as touching, sliding and scrolling to different pages of the Uber Eats App, while driving;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

44



d.  Designed an app that encourages drivers to look away from the road to their phones when receiving a delivery request;

e.  Designed an app that encourages drivers to look away from the road to their phone to look at a requester's location to determine whether to accept a delivery request;

f.  Designed an app that encourages drivers to look away from the road to their phone when receiving various notifications including GPS alerts;

g.  Designed an app that encourages drivers to look away from the road to pay constant attention to their phone;

h.  Designed an app that encourages drivers to look away from the road to respond vigilantly to requests and/or notifications;

i.  Failed to include adequate information or warnings to Uber drivers that operation of the app while driving would cause distracted driving;

j.  Promoted reckless driving by requiring Uber driver to respond to customer requests for services in a limited period of time;

k.  Promoted distracted driving by requiring Uber drivers to respond to customer requests for services in a limited period of time;

l.  Promoted driving at excess speed; and/or

m.  Knew of the risks its drivers posed to the general public, including the plaintiff, through its analysis of the copious amounts of data it collects, yet failed to modify the application in a way that would create a safe product.

12. As a result of the Defendant's breach of the Connecticut Product Liability Act by the Defendant, its agents, representatives, servants, and/or employees, the decedent suffered the following injuries:

a.  Skull fracture with cerebral contusion;

b.  Fracture of anterior wall of right acetabulum;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



c. Subarachnoid hemorrhage with loss of consciousness;

d. Fracture of fourth cervical vertebra;

e. Fracture of orbit;

f. Injury to other intra-abdominal organs;

g. Fracture of distal end of left fibula and tibia;

h. Coma; and

i. Death.

13. Due to the dangerous and defective condition of the Uber Eats app, the decedent sustained and suffered serious and severe personal injuries and death.

14. By further violation of the product liability act by the Defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the decedent's medical care necessitated by the injuries incurred.

15. As a further violation of the product liability act by the Defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the decedent's funeral expenses.

16. As a further violation of the product liability act by the Defendant as aforesaid, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities and loss of earning capacity.

17. Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 52-555 and Washington State Revised Code Sec. RCW 4.20.010 and 4.20.20 for the benefit of the decedent's parent/grandparent and siblings, who are also plaintiffs in this matter and are asserted as parties to this Count.

## COUNT SIXTEEN: UBER EATS LIABLE AS A COMMON CARRIER

1. The General Description of the Parties and the relevant allegations from Counts One through Fifteen are hereby incorporated and made Paragraph One of Count Sixteen as if fully set forth herein.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

46



2. Pursuant to Connecticut General Statutes Title 13b and the Revised Code of Washington 81.04.010, a Common Carrier owes a duty to the general public to hire, monitor and otherwise protect the general public form injuries from its drivers.

3. At all times relevant to this matter, the Defendants, Uber Technologies, Inc., Rasier, LLC and Portier, LLC, the corporate structure known as Uber and known as Uber Eats, was acting as a common carrier by providing transportation services to the public for compensation, including the transportation of individuals and the delivery of goods.

4. As a common carrier, the Defendant owed a heightened duty of care to its passengers, customers, and the general public, including the decedent.

5. This three level conglomerate, structured in a way to confuse the public and limit corporate liability, as a common carrier, had a duty to exercise the highest degree of care, caution, and skill for the safety of its passengers and the public in the operation of its transportation services.

6. The term "common carrier" means any person (for hire) who undertakes to transport property, including general commodities or household goods, for the general public by motor vehicle for compensation.

7. UberEats proudly advertises that it can have anything delivered.

8. The Defendants were and are common carriers of persons and goods under Connecticut and Washington State law.

9. A common carrier has a duty to use the utmost care consistent with the nature of its business to guard persons against all dangers which might reasonably and naturally be expected to occur, in view of all the circumstances

10. A common carrier has a duty to exercise highest degree of care and skill that reasonably may be expected of intelligent, prudent persons engaged in business of carrying passengers for hire in view of instrumentalities employed and dangers reasonably to be apprehended.

11. The Defendants negligently and recklessly failed to meet its duties as a common carrier by allowing Stephanie Graybeal, an agent, representative

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

47



and/or employee of the Defendants, to operate a motor vehicle in a manner that resulted in the violent collision and the death of the decedent.

12. Despite the fact that the Defendants knew, or should have known, of Stephanie Graybeal's actions and behavior, Uber failed to take appropriate actions to prevent her from operating a motor vehicle on behalf of the company in a reckless and negligent manner.

13. The Defendants as a common carrier, also failed to properly train, monitor, and supervise its drivers, including Stephanie Graybeal, to ensure compliance with traffic laws and to prevent incidents such as the collision in question.

14. Failed to comply with local, state and Federal regulations as they relate to Common Carrier and Federal Motor Carrier statutes, as required, including failing to train as to the absolute ban of operating a motor vehicle while use marijuana, alcohol or drugs, and failing to conduct drug screenings of any kind.

15. This is despite the fact that the Defendants monitor their drivers on a second-by-second basis, as to speed, driving, location and otherwise. Further, they provide immediate feedback, by way of speed warnings, when a driver is speeding. The Defendants had the data available to assess the safety of the driver in question, and failed to do so.

16. Uber's negligent and reckless actions, omissions, and failures to fulfill its heightened duty of care as a common carrier were a proximate cause of the collision, the injuries sustained by the decedent, and his subsequent death.

17. As a result of Uber's negligence and breach of its duty as a common carrier, the Plaintiff suffered the injuries and losses described in Count One.

18. The Plaintiff brings this action pursuant to Connecticut General Statutes Sec. 52-555 and Washington State Revised Code Sec. RCW 4.20.010 and 4.20.20 for the benefit of the decedent's parents and siblings.

19. The Plaintiff seeks compensatory damages for the injuries, losses, and expenses suffered due to the Defendant Uber's negligence as a common carrier, including but not limited to those described throughout the

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

48



complaint, such as medical bills, loss of earning capacity, loss of life's enjoyment, funeral costs, and any other damages available.

20. The Plaintiff seeks punitive damages as to these actions.

21. Additionally, the Plaintiff seeks punitive damages against the Defendant Uber for its reckless disregard of its duties as a common carrier and for failing to ensure the safety of the public.

22. Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 52-555 and Washington State Revised Code Sec. RCW 4.20.010 and 4.20.20 for the benefit of the decedent's parent/grandparent and siblings, who are also plaintiffs in this matter and are asserted as parties to this Count.

## COUNT SEVENTEEN: LOSS OF CONSORTIUM AS TO ELIZABETH CANTAFI

1. All paragraphs of Counts One Through Sixteen are hereby incorporated and restated as if set forth and incorporated as Paragraph 1 of Count Seventeen.

2. The Plaintiff, Elizabeth Cantafi, is the grandmother of the decedent, Zachary Cantafi and the parental figure and primary caregiver to the decedent, Zachary Cantafi and his two sisters Dana Andrews and Danielle Kornacki.

3. On or around March 29, 2001, the Plaintiff was given custody of the decedent, Zachary Cantafi.

4. Elizabeth Cantafi, raised and cared for Zachary Cantafi from the time he was four years old until his untimely death and met all his needs.

5. Under the care of Elizabeth Cantafi, Zachary Cantafi flourished academically and socially. She provided a supportive, consistent, and enriching environment with continued interaction and structure that allowed him to overcome initial academic development delays.

6. Elizabeth Cantafi and the decedent had a special bond.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



7. As a further result of the acts of the Defendants, as well as the injuries to the decedent, has lost the consortium, society, care and companionship of her grandson, and will continue to suffer such a loss in the future.

8. The Plaintiff brings these claims against all Defendants, and for all possible damages under the law related to benefits of the estate and loss of consortium as a result of the death of Zachary Cantafi.

## COUNT EIGHTEEN: LOSS OF CONSORTIUM AS TO DANA ANDREWS

1. All paragraphs of Counts One Through Sixteen are hereby incorporated and restated as if set forth and incorporated as Paragraph 1 of Count Eighteen.

2. The Plaintiff, Dana Andrews, is the sister of the decedent, Zachary Cantafi.

3. The Plaintiff, Dana Andrews and the decedent had a special bond and relationship.

4. As a further result of the acts of the Defendants, as well as the injuries to the decedent, has lost the consortium, society, care and companionship of her brother, and will continue to suffer such a loss in the future.

5. The Plaintiff brings these claims against all Defendants, and for all possible damages under the law related to benefits of the estate and loss of consortium as a result of the death of Zachary Cantafi.

## COUNT NINETEEN: LOSS OF CONSORTIUM AS TO DANIELLE KORNACKI

1. All paragraphs of Counts One Through Sixteen are hereby incorporated and restated as if set forth and incorporated as Paragraph 1 of Count Nineteen.

2. The Plaintiff, Danielle Kornacki, is the sister of the decedent, Zachary Cantafi.

3. The Plaintiff, Danielle Kornacki, had a special bond with the decedent, Zachary Cantafi.

4. As a further result of the acts of the Defendants, as well as the injuries to the decedent, has lost the consortium, society, care and companionship of her brother, and will continue to suffer such a loss in the future.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



6. The Plaintiff brings these claims against all Defendants, and for all possible damages under the law related to benefits of the estate and loss of consortium as a result of the death of Zachary Cantafi.

### COUNT TWENTY: CONNECTICUT UNFAIR TRADE PRACTICES ACT, Sec. 42-110a, ET SEQ. ("CUTPA") AS TO UBER TECHNOLOGIES, INC.

1. The Plaintiffs hereby restate, incorporate, and set forth all paragraphs of all counts pleaded within this complaint as if written as paragraph one of this Count.

2. The Defendant, Uber Technologies, Inc., doing business as Uber and Uber Eats was and continues to be a Delaware Corporation with a principal place of business in San Francisco, California and was and is duly authorized to transact business in the State of Connecticut.

3. At all times relevant, the Defendant was engaged in a trade or commerce within the State of Connecticut.

4. The Defendant is a technology and transportation company that was responsible for designing, developing, manufacturing, testing and placing into the stream of commerce the mobile application platform "Uber Eats App" for the "Uber Eats" services.

5. The Defendant has significant contacts with Connecticut, including business operations in the State of Connecticut and has registered to do business in Connecticut. The Defendant was conducting business in Connecticut.

6. The Plaintiff-Decedent, its Estate and Administrator, are or were Connecticut residents.

7. The Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 42-110g, which permits such action against Defendants who are doing business in Connecticut.

8. The Uber Eats platform was launched in 2014.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

51



9. Uber Eats is a service that enables consumers to submit a request from an electronic device for food or beverage delivery, through the Uber Eats app.

10. Uber Eats partners with and employs vehicle owners and drivers to perform the food and beverage deliveries.

11. Uber Eats service has become a popular service nationwide, earning approximately 10.9 billion in revenue in 2022.

12. To become a driver for Uber Eats, the Defendant requires candidates to complete an application process, provide documented proof of a driver's license, vehicle registration and vehicle insurance.

13. The Defendant fails to take additional steps to determine whether Uber drivers are reasonably safe drivers, including providing adequate training to their drivers and/or drug testing their drivers.

14. Uber Technologies, Inc., has promoted a culture that disregards the safety of passengers and the safety of other motorists.

15. According to Uber's safety report for 2019 and 2020, there were more than one hundred fatalities involving Uber drivers.

16. According to Uber's safety report for 2019 and 2020, the main causes of collisions were speeding and drivers driving under the influence.

17. The Defendant operated the Uber Eats business in a manner that required and encouraged unsafe driving, specifically, drivers are required to focus on the Uber Eats app while driving due to various notifications and alerts.

18. The Uber Eats App was designed with features that promote distracted and unsafe driving.

19. The Defendant's app promotes drivers to interact with the Uber Eats app while driving.

20. The Defendant's app promotes distracted and unsafe driving by requiring drivers to respond promptly to delivery requests.

21. The Defendant's app promotes rushed and speedy driving.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



22. The Defendant's app promotes drivers to send, receive and read messages with customers while driving.

23. The Defendant's app encourages drivers to look away from the road.

24. The Defendant's app incentivizes drivers to be on their phones while driving, including viewing new potential "jobs", "rides" or "orders".

25. The Defendant's app fails to include information or warnings to driver that operating the app while driving would cause distracted and unsafe driving.

26. The Defendant continues to maintain a similar app design despite evidence of other lawsuits for accidents similar to that alleged herein.

27. The Defendant offered and offers bonus structure and incentives for speedy and efficient delivery, which creates an unsafe environment for the general public. These programs include and included "Uber Boost", "Uber Quest" and "Delivery Surge".

28. The Defendant incentivized using new and unexperienced drivers by offering "Sign Up Bonuses" to persons, and putting them into their system for driver use without the proper training.

29. The Defendant continues to maintain a similar app design despite their knowledge of fatalities involving Uber drivers.

30. The Defendant continued to maintain the same app design despite knowing that the app created a high risk of injury to public pedestrians, other motorists and purchasers of Uber services.

31. The Defendant is aware of thousands of injuries caused by their drivers each year since the founding of the company.

32. The Defendant is responsible for the deaths of an average of one-hundred persons per year caused by their drivers.

33. The Defendant failed to register as a Common Carrier as required under Connecticut and Washington State law, and throughout other jurisdictions in the Country.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

53



34. The Defendant has been aware of this and established "safe ride fee" and other safety mechanisms in attempt to make rides safer for their customers and the general public.

35. The Defendant has failed to implement policies that have limited injuries caused by their drivers, despite knowledge of the same.

36. Since its inception, the Defendant has repeatedly attempted to avoid the regulatory system related to liveries, public transportation and taxis as a way to increase profits over safety.

37. As early as 2017, the Defendant was aware of complaints of over 2,074 drivers who were operating the application while intoxicated. There complaints were only from the State of California, providing evidence of larger numbers nationwide.

38. The Defendant's app design was unethical.

39. The Defendant's app design was immoral

40. The Defendant's app design was unscrupulous

41. The Defendant's app design was oppressive.

42. The Defendant's app design was reckless.

43. Further, the Defendant is engaging in unfair and deceptive trade practices by representing that Uber drivers are not their employees when they are exercising significant control over them in that they:

    a.  Solicit the public under the banner of Uber;

    b.  Provide customers with drivers;

    c.  Provide identification on vehicles as Uber cars;

    d.  Charge the public under the Uber app;

    e.  Designate the route taken under the Uber app;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

54



f.  Require drivers to comply with all Uber policies and procedures;

g.  Provide a rating system for both drivers and passengers under the Uber app; and

h.  Set the rates for driver services.

44. The Defendant is engaging in unfair and deceptive trade practices by attempting to claim that drivers are independent contractors for whose negligence Uber bears no responsibility.

45. The Defendant's conduct, as set forth above, occurred prior to and continued through August 29, 2021, and after.

46. The Defendant's conduct, as set forth above, in whole or in part, constituted a knowing violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes Section 42-110a, et seq.

47. The Defendant's conduct as previously alleged was a substantial factor resulting in the injuries, suffering and death of Zachary Cantafi.

48. Under CUTPA, the Plaintiff is entitled to recover compensatory damages from the Defendant, including attorneys' fees, costs, emotional distress, and punitive damages.

## COUNT TWENTY-ONE: CONNECTICUT UNFAIR TRADE PRACTICES ACT, 42-110a, ET SEQ. ("CUTPA") AS TO PORTIER, LLC

1.  The Plaintiffs hereby restate, incorporate and set forth all paragraphs of all counts pleaded within this complaint as if written as paragraph one of this Count.

2.  The Defendant, Portier, LLC, was a transportation network company and wholly owned subsidiary of Defendant Uber Technologies, Inc., duly. Authorized to transact business in the State of Connecticut and was in the business of hiring, training, engaging, employing, dispatching, directing and controlling drivers to pick up and deliver food to customers for compensation.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



3. At all times relevant, the Defendant was engaged in a trade or commerce within the State of Connecticut.

4. The Defendant is a technology and transportation company that was responsible for designing, developing, manufacturing, testing and placing into the stream of commerce the mobile application platform "Uber Eats App" for the "Uber Eats" services.

5. The Defendant has significant contacts with Connecticut, including business operations in the State of Connecticut and has registered to do business in Connecticut. The Defendant was conducting business in Connecticut.

6. The Plaintiff-Decedent, its Estate and Administrator, are or were Connecticut residents.

7. The Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 42-110g, which permits such action against Defendants who are doing business in Connecticut.

8. The Uber Eats platform was launched in 2014.

9. Uber Eats is a service that enables consumers to submit a request from an electronic device for food or beverage delivery, through the Uber Eats app.

10. Uber Eats partners with and employs vehicle owners and drivers to perform the food and beverage deliveries.

11. Uber Eats service has become a popular service nationwide, earning approximately 10.9 billion in revenue in 2022.

12. To become a driver for Uber Eats, the Defendant requires candidates to complete an application process, provide documented proof of a driver's license, vehicle registration and vehicle insurance.

13. The Defendant fails to take additional steps to determine whether Uber drivers are reasonably safe drivers, including adequate training to their drivers and/or drug testing their drivers.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



14. The Defendant has the ability, and does, track the driving habits of his drivers, including speed, stopping patterns, erratic driving behaviors and other information that is tracked by the Uber applications.

15. Portier, LLC, has promoted a culture that disregards the safety of passengers and the safety of other motorists.

16. According to Uber's safety report for 2019 and 2020, there were more than one hundred fatalities involving Uber drivers.

17. According to Uber's safety report for 2019 and 2020, the main cause of collisions were speeding and drivers driving under the influence.

18. The Defendant operated the Uber Eats business in a manner that required and encouraged unsafe driving, specifically, drivers are required to focus on the Uber Eats app while driving due to various notifications and alerts.

19. The Uber Eats app was designed with features that promote distracted and unsafe driving.

20. The Defendant's app promotes drivers to interact with the Uber Eats app while driving.

21. The Defendant's app promotes distracted and unsafe driving by requiring drivers to respond promptly to delivery requests.

22. The Defendant's app promotes rushed and speedy driving.

23. The Defendant's app promotes drivers to send, receive and read messages with customers while driving.

24. The Defendant's app encourages drivers to look away from the road.

25. The Defendant's app incentivizes drivers to be on their phones while driving, including viewing new potential "jobs", "rides" or "orders".

26. The Defendant offered and offers bonus structure and incentives for speedy and efficient delivery, which creates an unsafe environment for the general public. These programs include and included "Uber Boost", "Uber Quest" and "Delivery Surge".

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

57



27. The Defendant incentivized using new and unexperienced drivers by offering "Sign Up Bonuses" to persons, and putting them into their system for driver use without the proper training.

28. The Defendant's app fails to include information or warnings to driver that operating the app while driving would cause distracted and unsafe driving.

29. The Defendant continues to maintain a similar app design despite evidence of other lawsuits for accidents similar to that alleged herein.

30. The Defendant continues to maintain a similar app design despite their knowledge of fatalities involving Uber drivers.

31. The Defendant continued to maintain the same app design despite knowing that the app created a high risk of injury to public pedestrians, other motorists and purchasers of Uber services.

32. The Defendant is aware of thousands of injuries caused by their drivers each year since the founding of the company.

33. The Defendant failed to register as a Common Carrier as required under Connecticut and Washington State law, and throughout other jurisdictions in the Country.

34. The Defendant is responsible for the deaths of an average of one-hundred persons per year caused by their drivers.

35. The Defendant has been aware of this and established "safe ride fee' and other safety mechanisms in attempt to make rides safer for their customers and the general public.

36. The Defendant has failed to implement policies that have limited injuries caused by their drivers, despite knowledge of the same.

37. Since its inception, the Defendant has repeatedly attempted to avoid the regulatory system related to liveries, public transportation and taxis as a way to increase profits over safety.

38. As early as 2017, the Defendant was aware of complaints of over 2,074 drivers who were operating the application while intoxicated. These

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

58



complaints were only from the State of California, providing evidence of larger numbers nationwide.

39. The Defendant's app design was unethical.

40. The Defendant's app design was immoral.

41. The Defendant's app design was unscrupulous.

42. The Defendant's app design was oppressive.

43. The Defendant's app design was reckless.

44. Further, the Defendant is engaging in unfair and deceptive trade practices by representing that Uber drivers are not their employees when they are exercising significant control over them in that they:

   a. Solicit the public under the banner of Uber;

   b. Provide customers with drivers;

   c. Provide identification on vehicles as Uber cars;

   d. Charge the public under the Uber app;

   e. Designate the route taken under the Uber app;

   f. Require drivers to comply with all Uber policies and procedures;

   g. Provide a rating system for both drivers and passengers under the Uber app; and

   h. Set the rates for driver services.

45. The Defendant is engaging in unfair and deceptive trade practices by attempting to claim that drivers are independent contractors for whose negligence Uber bears no responsibility.

46. The Defendant's conduct, as set forth above, occurred prior to and continued through August 29, 2021, and after.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



47. The Defendant's conduct, as set forth above, in whole or in part, constituted a knowing violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes Section 42-110a, et seq.

48. The Defendant's conduct as previously alleged was a substantial factor resulting in the injuries, suffering and death of Zachary Cantafi.

49. Under CUTPA, the Plaintiff is entitled to recover compensatory damages from the Defendant, including attorneys' fees, costs, emotional distress, and punitive damages.

## COUNT TWENTY-TWO: CONNECTICUT UNFAIR TRADE PRACTICES ACT, 42-110a, ET SEQ. ("CUTPA") AS TO RASIER, LLC

1. The Plaintiffs hereby restate, incorporate and set forth all paragraphs of all counts pleaded within this complaint as if written as paragraph one of this Count.

2. The Defendant, Rasier, LLC, was and continues to be a Delaware corporation with a principal place of business in San Francisco, California and wholly owned subsidiary of Defendant Uber Technologies, Inc., duly authorized to transact business in the State of Connecticut and at all times mentioned herein was conducting business in the State of Connecticut.

3. At all times relevant, the Defendant was engaged in a trade or commerce within the State of Connecticut.

4. The Defendant is a technology and transportation company that was responsible for designing, developing, manufacturing, testing and placing into the stream of commerce the mobile application platform "Uber Eats App" for the "Uber Eats" services.

5. The Defendant has significant contacts with Connecticut, including business operations in the State of Connecticut and has registered to do business in Connecticut. The Defendant was conducting business in Connecticut.

6. The Plaintiff-Decedent, its Estate and Administrator, are or were Connecticut residents.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



7. The Plaintiffs bring this action pursuant to Connecticut General Statutes Sec. 42-110g, which permits such action against Defendants who are doing business in Connecticut.

8. The Uber Eats platform was launched in 2014.

9. Uber Eats is a service that enables consumers to submit a request from an electronic device for food or beverage delivery, through the Uber Eats app.

10. Uber Eats partners with and employs vehicle owners and drivers to perform the food and beverage deliveries.

11. Uber Eats service has become a popular service nationwide, earning approximately 10.9 billion in revenue in 2022.

12. To become a driver for Uber Eats, the Defendant requires candidates to complete an application process, provide documented proof of a driver's license, vehicle registration and vehicle insurance.

13. The Defendant fails to take additional steps to determine whether Uber drivers are reasonably safe drivers, including adequate training to their drivers and/or drug testing their drivers.

14. The Defendant has the ability, and does, track the driving habits of his drivers, including speed, stopping patterns, erratic driving behaviors and other information that is tracked by the Uber applications.

15. Portier, LLC, has promoted a culture that disregards the safety of passengers and the safety of other motorists.

16. According to Uber's safety report for 2019 and 2020, there were more than one hundred fatalities involving Uber drivers.

17. According to Uber's safety report for 2019 and 2020, the main cause of collisions were speeding and drivers driving under the influence.

18. The Defendant operated the Uber Eats business in a manner that required and encouraged unsafe driving, specifically, drivers are required to focus on the Uber Eats app while driving due to various notifications and alerts.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

61



19. The Uber Eats app was designed with features that promote distracted and unsafe driving.

20. The Defendant's app promotes drivers to interact with the Uber Eats app while driving.

21. The Defendant's app promotes distracted and unsafe driving by requiring drivers to respond promptly to delivery requests.

22. The Defendant's app promotes rushed and speedy driving.

23. The Defendant's app promotes drivers to send, receive and read messages with customers while driving.

24. The Defendant's app encourages drivers to look away from the road.

25. The Defendant's app incentivizes drivers to be on their phones while driving, including viewing new potential "jobs", "rides" or "orders".

26. The Defendant offered and offers bonus structure and incentives for speedy and efficient delivery, which creates an unsafe environment for the general public. These programs include and included "Uber Boost", "Uber Quest" and "Delivery Surge".

27. The Defendant incentivized using new and unexperienced drivers by offering "Sign Up Bonuses" to persons, and putting them into their system for driver use without the proper training.

28. The Defendant's app fails to include information or warnings to driver that operating the app while driving would cause distracted and unsafe driving.

29. The Defendant continues to maintain a similar app design despite evidence of other lawsuits for accidents similar to that alleged herein.

30. The Defendant continues to maintain a similar app design despite their knowledge of fatalities involving Uber drivers.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



31. The Defendant continued to maintain the same app design despite knowing that the app created a high risk of injury to public pedestrians, other motorists and purchasers of Uber services.

32. The Defendant failed to register as a Common Carrier as required under Connecticut and Washington State law, and throughout other jurisdictions in the Country.

33. The Defendant is aware of thousands of injuries caused by their drivers each year since the founding of the company.

34. The Defendant is responsible for the deaths of an average of one-hundred persons per year caused by their drivers.

35. The Defendant has been aware of this and established "safe ride fee' and other safety mechanisms in attempt to make rides safer for their customers and the general public.

36. The Defendant has failed to implement policies that have limited injuries caused by their drivers, despite knowledge of the same.

37. Since its inception, the Defendant has repeatedly attempted to avoid the regulatory system related to liveries, public transportation and taxis as a way to increase profits over safety.

38. As early as 2017, the Defendant was aware of complaints of over 2,074 drivers who were operating the application while intoxicated. These complaints were only from the State of California, providing evidence of larger numbers nationwide.

39. The Defendant's app design was unethical.

40. The Defendant's app design was immoral.

41. The Defendant's app design was unscrupulous.

42. The Defendant's app design was oppressive.

43. The Defendant's app design was reckless.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



44. Further, the Defendant is engaging in unfair and deceptive trade practices by representing that Uber drivers are not their employees when they are exercising significant control over them in that they:

    i.   Solicit the public under the banner of Uber;

    j.   Provide customers with drivers;

    k.  Provide identification on vehicles as Uber cars;

    l.   Charge the public under the Uber app;

    m. Designate the route taken under the Uber app;

    n.  Require drivers to comply with all Uber policies and procedures;

    o.  Provide a rating system for both drivers and passengers under the Uber app; and

    p.  Set the rates for driver services.

45. The Defendant is engaging in unfair and deceptive trade practices by attempting to claim that drivers are independent contractors for whose negligence Uber bears no responsibility.

46. The Defendant's conduct, as set forth above, occurred prior to and continued through August 29, 2021, and after.

47. The Defendant's conduct, as set forth above, in whole or in part, constituted a knowing violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes Section 42-110a, et seq.

48. The Defendant's conduct as previously alleged was a substantial factor resulting in the injuries, suffering and death of Zachary Cantafi.

49. Under CUTPA, the Plaintiff is entitled to recover compensatory damages from the Defendant, including attorneys' fees, costs, emotional distress, and punitive damages.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



RETURN DATE: OCTOBER 10, 2023                    SUPERIOR COURT

ELIZABETH CANTAFI ADMINISTRATRIX              JUDICIAL DISTRICT OF
OF THE ESTATE OF ZACHARY CANTAFI;
ELIZABETH CANTAFI; DANA ANDREWS; &            HARTFORD
DANIELLE KORNACKI

V.

STEPHANIE GRAYBEAL;
UBER TECHNOLOGIES, INC.;
PORTIER, LLC; RASIER, LLC;
VINCENT LISI; EDGAR PASTRANA; &
ASHLEY SULEWSKI                               AUGUST 24, 2023

### PRAYER FOR RELIEF

**WHEREFORE, the Plaintiff claims:**

1. **Monetary damages;**

2. **All available damages under Connecticut General Statutes Sec. 52-555;**

3. **Double or Treble Damages as to Count Two pursuant to Connecticut General Statutes Sec. 14-295;**

4. **Attorney's fees as to Counts Three, Five, Seven, and Nine;**

5. **If so found, punitive damages for reckless conduct pursuant to Connecticut General Statutes Sec. 52-240b, of up to double damages as to Counts Thirteen, Fourteen and Fifteen;**

6. **All available damages under the Revised Code of Washington State;**

7. **Attorneys' fees pursuant to Connecticut General Statutes Sec. 42-110 et seq (CUTPA);**

8. **Punitive Damages pursuant to Connecticut General Statutes Sec. 42-110 et seq (CUTPA);**

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

65



9. **Pecuniary and Punitive Damages as to violations of the Common Carrier laws; and**

10. **Any other such further relief as law and equity may provide.**

THE PLAINTIFFS,
Elizabeth Cantafi Administratrix of the Estate of Zachary Cantafi, Elizabeth Cantafi, Dana Andrews & Danielle Kornacki

By: _____

Peter C. Bowman
R. Bartley Halloran
Kaitlin Halloran
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
T: (203) 562-0900
F: (203) 562-0902
filing@bbbattorneys.com
Firm Juris: 433193

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



RETURN DATE: OCTOBER 10, 2023                    SUPERIOR COURT

ELIZABETH CANTAFI ADMINISTRATRIX              JUDICIAL DISTRICT OF
OF THE ESTATE OF ZACHARY CANTAFI;
ELIZABETH CANTAFI; DANA ANDREWS; &            HARTFORD
DANIELLE KORNACKI

V.

STEPHANIE GRAYBEAL;
UBER TECHNOLOGIES, INC.;
PORTIER, LLC; RASIER, LLC;
VINCENT LISI; EDGAR PASTRANA; &
ASHLEY SULEWSKI                                AUGUST 24, 2023

## STATEMENT OF AMOUNT IN DEMAND

 Amount, legal interests, and property in demand, exclusive of interest and costs, is Fifteen Thousand and 00/100 Dollars ($15,000.00) or more.

<div style="margin-left: 50%;">

Respectfully submitted,
THE PLAINTIFFS

By: _____
 Peter C. Bowman
 R. Bartley Halloran
 Kaitlin Halloran
 BBB Attorneys, LLC
 3651 Main Street, Suite 200
 Stratford, CT 06614
 T: (203) 562-0900
 F: (203) 562-0902
 filing@bbbattorneys.com
 Firm Juris: 433193

</div>

**ATTORNEYS &
COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM

67



RETURN DATE: OCTOBER 10, 2023                  SUPERIOR COURT

ELIZABETH CANTAFI ADMINISTRATRIX              JUDICIAL DISTRICT OF
OF THE ESTATE OF ZACHARY CANTAFI;
ELIZABETH CANTAFI; DANA ANDREWS; &            HARTFORD
DANIELLE KORNACKI

V.

STEPHANIE GRAYBEAL;
UBER TECHNOLOGIES, INC.;
PORTIER, LLC; RASIER, LLC;
VINCENT LISI; EDGAR PASTRANA; &
ASHLEY SULEWSKI                               AUGUST 24, 2023

### NOTICE TO GOVERNMENT AGENCIES

The Plaintiffs hereby give notice that this Complaint was sent to the following entities as a notice and complaint of the conduct of the company:

Hon. William Tong, Esq., Attorney General, State of Connecticut, sent via-email to Attorney.General@ct.gov.

Hon. Michelle H. Seagull, Commissioner, State of Connecticut, Department of Consumer Protection, sent via-email to dcp.complaints@ct.gov.

Respectfully submitted,
THE PLAINTIFFS

By: _____
Peter C. Bowman
R. Bartley Halloran
Kaitlin Halloran
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
T: (203) 562-0900   F: (203) 562-0902
filing@bbbattorneys.com
Firm Juris: 433193

**ATTORNEYS &
COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

68