UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ELIZABETH CANTAFI, ADMINISTRATRIX OF THE
ESTATE OF ZACHARY CANTAFI, ELIZABETH CANTAFI,
DANA ANDREWS, and DANIELLE KORNACKI,
*Plaintiffs*,

v.

STEPHANIE GRAYBEAL, UBER TECHNOLOGIES, INC.
PORTIER, LLC, RASIER, LLC, VINCENT LISI, EDGAR
PASTRANA, and ASHLEY SULEWSKI                       3:23-CV-01245-KAD
*Defendants*.                                        Friday, September 29, 2023

**ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF DEFENDANTS
UBER TECHNOLOGIES, INC., PORTIER, LLC, RASIER, LLC, VINCENT LISI,
EDGAR PASTRANA, AND ASHLEY SULEWSKI**

Defendants Uber Technologies, Inc., Portier, LLC, Rasier, LLC, Vincent Lisi, Edgar

Pastrana, and Ashley Sulewski ("Defendants") hereby make this its Answer to the Complaint

("Complaint") filed by Plaintiffs Elizabeth Cantafi, Administratrix of the Estate of Zachary

Cantafi, Elizabeth Cantafi, Dana Andrews, and Danielle Kornacki. Unless expressly answered

herein, all allegations of the Complaint are denied.

**GENERAL DESCRIPTION OF THE PARTIES**

1.  Defendants are without knowledge or information sufficient to form a belief as to the truth of

    the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

2.  Defendants are without knowledge or information sufficient to form a belief as to the truth of

    the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

3.  Defendants are without knowledge or information sufficient to form a belief as to the truth of

    the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

4.  Defendants are without knowledge or information sufficient to form a belief as to the truth of

1

the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

5.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

6.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

7.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

8.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

9.  Denied.

10. Admitted that Uber Technologies, Inc. was, and currently is, a corporation formed under the laws of the State of Delaware with its principal place of business located in San Francisco, CA. Uber Technologies, Inc. denies doing business as "Uber Eats." The Defendants can otherwise neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

11. Admitted that Rasier, LLC was, and currently is, a limited liability company formed under the laws of the State of Delaware with its principal place of business located in San Francisco, CA. Rasier, LLC denies doing business as "Uber" or "Uber Eats." The Defendants can otherwise neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

12. Admitted that Portier, LLC was, and currently is, a limited liability company formed under the laws of the State of Delaware with its principal place of business located in San

Francisco, CA. Portier, LLC denies doing business as "Uber" or "Uber Eats." The

Defendants can otherwise neither admit nor deny the allegations contained in this paragraph

since such statements are legal conclusions.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Insofar as the above paragraphs of the General Description of the Parties are incorporated

and restated into each count, denied.

**COUNT ONE**

1-14.   Count One is not directed to Defendants and therefore does not require a response;

however, in the event that the paragraphs are read to apply to Defendants, it is denied.

**COUNT TWO**

1-10.   Count Two is not directed to Defendants and therefore does not require a response;

however, in the event that the paragraphs are read to apply to Defendants, it is denied.

**COUNT THREE**

1-10.   Count Three is not directed to Defendants and therefore does not require a response;

however, in the event that the paragraphs are read to apply to Defendants, it is denied.

**COUNT FOUR**

1.   Denied.

2.   Denied.

3.   Defendants are without knowledge or information sufficient to form a belief as to the truth of

3

the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

4.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

5.  Denied.

6.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

7.  Denied.

8.  Denied.

9(a)–(q).       Denied.

10(a)–(i).       Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. The Defendants otherwise deny the allegations of this paragraph.

**COUNT FIVE**

1.  The answers to Paragraphs One through Eight of Count Four are incorporated and made the answer to Paragraph One of Count Five of the Complaint, the same as if fully set forth herein.

2(a)–(i).       Denied.

4

3.  Denied.

4(a)–(i).        Denied.

5.  Denied.

6.  Denied.

7.  Denied.

8.  Denied.

9.  The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. The Defendants otherwise deny the allegations of this paragraph.

10. Denied.

**COUNT SIX**

1.  Denied.

2.  Denied.

3.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

4.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

5.  Denied.

6.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

7.  Denied.

8.  Denied.

9(a)–(q).        Denied.

10(a)–(i).       Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. The Defendants otherwise deny the allegations of this paragraph.

**COUNT SEVEN**

1.  The answers to Paragraphs One through Eight of Count Six are incorporated and made the answer to Paragraph One of Count Six of the Complaint, the same as if fully set forth herein.

2(a)–(i).        Denied.

3.  Denied.

4(a)–(i).        Denied.

5.  Denied.

6.  Denied.

7.  Denied.

8.  Denied.

9.  The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. The Defendants otherwise deny the allegations of this paragraph.

10. Denied.

**COUNT EIGHT**

1.  Denied.

2.  Denied.

3.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

4.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

5.  Denied.

6.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

7.  Denied.

8.  Denied.

9(a)–(q).      Denied.

10(a)–(i).      Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. The Defendants otherwise deny the allegations of this paragraph.

**COUNT NINE**

1. The answers to Paragraphs One through Eight of Count Eight are incorporated and made the answer to Paragraph One of Count Six of the Complaint, the same as if fully set forth herein.

2(a)–(i).       Denied.

3.  Denied.

4(a)–(i).       Denied.

5.  Denied.

6.  Denied.

7.  Denied.

8.  Denied.

9.  The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. The Defendants otherwise deny the allegations of this paragraph.

**COUNT TEN**

1.  Denied.

2.  Denied.

3.  The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

4.  Denied.

5(a)–(f).       Denied.

6(a)–(i).       Denied.

7.  Denied.

8. Denied.

9. Denied.

10(a)–(f).       Denied.

11. Defendants are otherwise without knowledge or information sufficient to form a belief as to
    the truth of the allegations contained in this paragraph and call upon the plaintiffs to prove
    the same.

12. Denied.

13(a)–(i).       Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. The Defendants can neither admit nor deny the allegations contained in this paragraph since
    such statements are legal conclusions. The Defendants otherwise deny the allegations of this
    paragraph.

**COUNT ELEVEN**

1. Denied.

2. Denied.

3. The Defendants can neither admit nor deny the allegations contained in this paragraph since
   such statements are legal conclusions.

4. Denied.

5. Denied.

6.  Denied.

7.  Denied.

8.  Denied.

9.  Denied.

10. Denied.

11(a)–(f).      Denied.

12. Defendants are otherwise without knowledge or information sufficient to form a belief as to

    the truth of the allegations contained in this paragraph and call upon the plaintiffs to prove

    the same.

13. Denied.

14(a)–(i).      Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. The Defendants can neither admit nor deny the allegations contained in this paragraph since

    such statements are legal conclusions. The Defendants otherwise deny the allegations of this

    paragraph.

**COUNT TWELVE**

1.  Denied.

2.  Denied.

3.  The Defendants can neither admit nor deny the allegations contained in this paragraph since

such statements are legal conclusions.

4.  Denied.

5(a)–(g).        Denied.

6.  Denied.

7.  Denied.

8.  Denied.

9(a)–(h).        Denied.

10. Defendants are otherwise without knowledge or information sufficient to form a belief as to

    the truth of the allegations contained in this paragraph and call upon the plaintiffs to prove

    the same.

11. Denied.

12(a)–(i).        Denied.

14. Denied.

15. Denied.

16. Denied.

17. The Defendants can neither admit nor deny the allegations contained in this paragraph since

    such statements are legal conclusions. The Defendants otherwise deny the allegations of this

    paragraph.

**COUNT THIRTEEN**

1. To the extent that the allegations in this paragraph set forth a legal conclusion, the Defendants

    submit they can neither admit nor deny the allegations contained in this paragraph. The

    Defendants are otherwise without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph and call upon the plaintiffs to prove the same.

2. Admitted that Uber Technologies, Inc. was, and currently is, a corporation formed under the laws of the State of Delaware with its principal place of business located in San Francisco, CA. Defendants can otherwise neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. The Defendants otherwise deny the allegations of this paragraph.

10. Denied.

11(a)–(m).     Denied.

12(a)–(i).      Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. The Defendants otherwise deny the allegations of this paragraph.

**COUNT FOURTEEN**

1. To the extent that the allegations in this paragraph set forth a legal conclusion, the Defendants submit they can neither admit nor deny the allegations contained in this paragraph. The Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiffs to prove the same.

2. Admitted that Uber Technologies, Inc. was, and currently is, a corporation formed under the laws of the State of Delaware with its principal place of business located in San Francisco, CA; the Defendants can otherwise neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. The Defendants otherwise deny the allegations of this paragraph.

13

10. Denied.

11(a)–(m).      Denied.

12(a)–(i).      Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. The Defendants otherwise deny the allegations of this paragraph.

**COUNT FIFTEEN**

1. To the extent that the allegations in this paragraph set forth a legal conclusion, the Defendants submit they can neither admit nor deny the allegations contained in this paragraph. The Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiffs to prove the same.

2. Admitted that Rasier, LLC was, and currently is, a limited liability company formed under the laws of the State of Delaware with its principal place of business located in San Francisco, CA; the Defendants can otherwise neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. The Defendants can neither admit nor deny the allegations contained in this paragraph since

   such statements are legal conclusions. The Defendants otherwise deny the allegations of this

   paragraph.

10. Denied.

11(a)–(m).      Denied.

12(a)–(i).      Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17.The Defendants can neither admit nor deny the allegations contained in this paragraph since

   such statements are legal conclusions. The Defendants otherwise deny the allegations of this

   paragraph.

**COUNT SIXTEEN**

1. The answers to Paragraphs One through Seventeen of the General Description of the Parties

   and the answers to the relevant allegations from Counts One through Fifteen are hereby

   incorporated and made the answer to Paragraph One of Count Sixteen of the Complaint, the

   same as if fully set forth herein.

2.  The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

3.  Denied.

4.  Denied.

5.  Denied.

6.  The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

7.  Denied.

8.  Denied.

9.  The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

10. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

11. Denied

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied

17. Denied.

18. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. The Defendants otherwise deny the allegations of this

paragraph.

19. Denied.

20. Denied.

21. Denied.

22. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. The Defendants otherwise deny the allegations of this paragraph.

**COUNT SEVENTEEN**

1. The answers to all Paragraphs of Counts One through Sixteen are hereby incorporated and made the answer to Paragraph One of Count Seventeen of the Complaint, the same as if fully set forth herein.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

7. Denied.

17

8.  Denied.

**COUNT EIGHTEEN**

1.  The answers to all Paragraphs of Counts One through Sixteen are hereby incorporated and made the answer to Paragraph One of Count Eighteen of the Complaint, the same as if fully set forth herein.

2.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

3.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

4.  Denied.

5.  Denied.

**COUNT NINETEEN**

1.  The answers to all Paragraphs of Counts One through Sixteen are hereby incorporated and made the answer to Paragraph One of Count Eighteen of the Complaint, the same as if fully set forth herein.

2.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

3.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

4.  Denied.

[5.]    Denied.

**COUNT TWENTY**

1. The answers to all Paragraphs of Counts One through Nineteen are hereby incorporated and made the answer to Paragraph One of Count Twenty of the Complaint, the same as if fully set forth herein.

2. Admitted that Uber Technologies, Inc. was, and currently is, a corporation formed under the laws of the State of Delaware with its principal place of business located in San Francisco, CA. Defendants deny that Uber Technologies, Inc. does business as Uber Eats. The Defendants can otherwise neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

3. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

4. Denied.

5. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. The Defendants otherwise deny the allegations of this paragraph.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

7. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. The Defendants otherwise deny the allegations of this paragraph.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. The Defendants deny the allegations in paragraph 15 and leave the plaintiffs to their proof, except to refer to the referenced document, which speaks for itself, for a more complete and accurate statement of its contents.

16. The Defendants deny the allegations in paragraph 16 and leave the plaintiffs to their proof, except to refer to the referenced document, which speaks for itself, for a more complete and accurate statement of its contents.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43(a)–(h).        Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. The Defendants can neither admit nor deny the allegations contained in this paragraph since

such statements are legal conclusions. The Defendants otherwise deny the allegations of this

paragraph.

**COUNT TWENTY-ONE**

1. The answers to all Paragraphs of Counts One through Twenty are hereby incorporated and made the answer to Paragraph One of Count Twenty-One of the Complaint, the same as if fully set forth herein.

2. Admitted that Portier, LLC was, and currently is, a limited liability company formed under the laws of the State of Delaware with its principal place of business located in San Francisco, CA. Defendants deny that Portier, LLC does business as Uber Eats. The Defendants can otherwise neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

3. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

4. Denied.

5. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiffs to prove the same.

7. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. The Defendants otherwise deny the allegations of this paragraph.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. The Defendants deny the allegations in paragraph 16 and leave the plaintiffs to their proof, except to refer to the referenced document, which speaks for itself, for a more complete and accurate statement of its contents.

17. The Defendants deny the allegations in paragraph 17 and leave the plaintiffs to their proof, except to refer to the referenced document, which speaks for itself, for a more complete and accurate statement of its contents.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44(a)–(h).        Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. The Defendants can neither admit nor deny the allegations contained in this paragraph since

such statements are legal conclusions. The Defendants otherwise deny the allegations of this

paragraph.

**COUNT TWENTY-TWO**

1. The answers to all Paragraphs of Counts One through Twenty are hereby incorporated and made the answer to Paragraph One of Count Twenty-One of the Complaint, the same as if fully set forth herein.

2. Admitted that Rasier LLC was, and currently is, a limited liability company formed under the laws of the State of Delaware with its principal place of business located in San Francisco, CA.  Defendants deny that Rasier, LLC does business as Uber Eats. The Defendants can otherwise neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

3. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

4. Denied.

5. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. The Defendants otherwise deny the allegations of this paragraph.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

7. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions. The Defendants otherwise deny the allegations of this paragraph.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. The Defendants deny the allegations in paragraph 16 and leave the plaintiffs to their proof, except to refer to the referenced document, which speaks for itself, for a more complete and accurate statement of its contents.

17. The Defendants deny the allegations in paragraph 17 and leave the plaintiffs to their proof, except to refer to the referenced document, which speaks for itself, for a more complete and accurate statement of its contents.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44[(a)–(h)].     Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. The Defendants can neither admit nor deny the allegations contained in this paragraph since

such statements are legal conclusions. The Defendants otherwise deny the allegations of this

paragraph.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

And further answering, Defendant states that Plaintiff's recovery, if any, must be diminished in

accordance with the provisions of C.G.S. § 52-572h by the proportion of negligence which is

attributable to the decedent Zachary Cantafi ("Decedent"). Defendant says that Decedent was

negligent and that his own negligence was the actual and proximate cause of any injuries,

damages, or losses claimed, in one or more of the following:

   a.  Decedent failed to use the amount of care which was appropriate under the
       circumstances;

   b.  Decedent failed to make proper and reasonable use of his faculties and senses;

   c.  Decedent failed to use reasonable care for his own safety commensurate with the
       existing circumstance and conditions;

   d.  Decedent was intoxicated while traveling on a public highway; and

   e.  Decedent crossed against traffic without the right of way.

### SECOND AFFIRMATIVE DEFENSE

And further answering, Defendant states that the Decedent failed to take reasonable and prudent

measures necessary and proper to mitigate whatever damages he might have sustained as a result

of the acts or omissions complained of in Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE

And further answering, Defendant states that the Plaintiff Elizabeth Cantafi, Administratrix of

the Estate of Zachary Cantafi, is not an executor or administrator under C.G.S. § 52-555 and accordingly cannot sue for injuries resulting in decedent's death.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that Connecticut law and the Connecticut General Statutes does not provide for claims of filial consortium and does not provide for claims of sibling consortium, therefore Plaintiffs Elizabeth Cantafi, Dana Andrews, and Danielle Kornacki cannot bring a claim or cause of action for loss of consortium.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that Connecticut is an improper venue for the adjudication of claims concerning an accident that took place in Spokane Washington.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that the plaintiffs' claims are subject to dismissal under *forum non conveniens* as the accident in this case took place in Spokane Washington.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that plaintiff's negligence was greater than any on part of the defendant and thus plaintiff's claim is barred.

### EIGHTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that the complaint fails to state a cause of action.

### NINTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that the plaintiffs failed to join necessary parties to the action, including other individuals involved in the accident.

### TENTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that the acts complained of were not committed by a person for whose conduct the Defendants were legally responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that insofar as plaintiffs' Complaint alleges a product liability claim, it fails to state a claim under C.G.S. § 52-572n in lieu of all other claims against product sellers, including actions of negligence, recklessness, common carrier liability, and the Connecticut Unfair Trade Practices Act.

## TWELFTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that the allegations of the Complaint against the Defendants concerning Stephanie Graybeal may be barred in whole or part, under the independent contractor defense because Stephanie Graybeal was an independent contractor responsible for her own means and methods, thereby making the doctrines of respondeat superior and agency inapplicable.

## THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that the allegations of the Complaint against the Defendants concerning Stephanie Graybeal may be barred in whole or part because the Court lacks personal jurisdiction over Stephanie Graybeal, and plaintiffs' insufficient service of process on her.

## FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that the damages alleged were a result of unforeseeable intervening or superseding acts of others independent of Defendant which bars plaintiffs' causes of action.

30

## FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that, to the extent the Defendant herein is found liable for any damages herein, such amount shall be reduced and/or offset by any recovery obtained by the plaintiffs from any insurance or third party.

## SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that Plaintiffs' claims are barred by any applicable statutes of repose and limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that Plaintiffs' claims are barred by any applicable statutes of repose and limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that the Connecticut Products Liability Act, the Connecticut Unfair Trade Practices Act, and Connecticut law concerning common carrier liability, and recklessness do not authorize claims thereunder concerning conduct outside the State of Connecticut.

## NINETEENTH AFFIRMATIVE DEFENSE

And further answering, Defendants state that Vincent Lisi, Edgar Pastrana, and Ashley Sulewski were fraudulently joined to the lawsuit, have no connection to the claimed incident at issue, and are not proper parties to the action.

## TWENTIETH AFFIRMATIVE DEFENSE

And further answering, Defendant states that there is district or division more convenient for the parties and witnesses and in the interest of justice, and therefore the case should be transferred under 28 U.S. Code § 1404.

## JURY DEMAND

Defendants hereby request a jury trial on all claims.

Respectfully submitted,
Uber Technologies, Inc., Rasier, LLC, and Portier, LLC,
By their attorneys,

Kevin J. O'Leary, ct30271
Benjamin H. Levites, ct30481
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
koleary@coughlinbetke.com
blevites@coughlinbetke.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on Friday, September 29, 2023.

Benjamin Levites