UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH CANTAFI, ADMINISTRATRIX OF THE ESTATE OF ZACHARY CANTAFI, ELIZABETH CANTAFI, DANA ANDREWS, and DANIELLE KORNACKI,<br>*Plaintiffs*,<br>       v.<br>STEPHANIE GRAYBEAL, UBER TECHNOLOGIES, INC. PORTIER, LLC, RASIER, LLC, VINCENT LISI, EDGAR PASTRANA, and ASHLEY SULEWSKI<br>*Defendants*. | 3:23-CV-01245-KAD<br>Thursday, October 26, 2023 |

**OBJECTION TO MOTION TO REMAND**

This case arises from an accident between a car and a bicyclist that occurred in Spokane, Washington on August 29, 2021. Plaintiffs' decedent was in Washington State when the accident occurred, and the driver of the vehicle that allegedly struck him was and is a resident of Washington State. As such, this case has virtually no connection with the state of Connecticut and, indeed, defendants will soon file a Motion For Transfer to the United States District Court for the Eastern District of Washington.

It is against the backdrop of plaintiffs' attempt to shoehorn a straightforward, Washington-based car accident case into a Connecticut Superior Court matter that the plaintiffs' motion to remand was filed. However, the plaintiffs' motion to remand is premised on a fundamental misapprehension of the distinction between the duty of corporate defendants like Uber Technologies, Inc., Portier, LLC, and Rasier, LLC, and the duties of individual employees like defendants Vincent Lisi, Edgar Pastrana, and Ashley Sulewski for alleged corporate torts that occurred in a locale and context that is outside of the scope of their duties. Essentially, plaintiffs seem to be of the position that individual, non-officer employees anywhere and in any role can

1

be considered legally responsible for alleged corporate acts everywhere, even if the allegations lie outside the purview of their job responsibilities.  Indeed, the plaintiffs demonstrate this fundamental misapprehension by their initial and repeated reliance on *Search v. Uber Technologies, Inc.*, 128 F. Supp. 3d 222 (D.D.C. 2015) (Boasberg, J.) – one of many citations to authorities in other jurisdictions – which was a case brought against Uber as a corporate entity and not against any of its individual employees. *See id.* at 227. Thus, it is completely irrelevant here.

  Here, there is no factual allegation in the Complaint that Lisi, Pastrana, and Sulewski had any legal duty, as individual employees, to these plaintiffs.  Rather, plaintiffs apparently conducted a search to try and find some employees of Uber that lived in Connecticut in an effort to turn a Washington car accident case into a Connecticut case.  However, the record facts establish that these seemingly randomly picked employees had no legal duty as individuals to these plaintiffs. There being no possibility that the asserted negligence causes of action against them can be made in Connecticut courts, Defendants Lisi, Pastrana, and Sulewski are fraudulently joined. They have "no real connection to the controversy," and, therefore, their citizenship can be disregarded for the purposes of determining diversity jurisdiction under 28 U.S.C. § 1441(a). *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). Accordingly, because [1] the plaintiffs are citizens of Connecticut and Massachusetts, Doc. 1, ¶ 15, Exhibit A, [2] defendants Uber, Portier, Rasier, and Stephanie Graybeal are not citizens of Connecticut or Massachusetts, Doc. 1, ¶¶16–18, Doc. 3, Doc. 13, Exhibit B, and [3] the plaintiffs have demanded over $75,000.00 for serious injuries and death, Doc. 1, ¶¶ 20-1, the defendants properly removed this case to the United States District Court for the District of Connecticut,

which has original subject matter jurisdiction over such matters. 28 U.S.C. 1332(a). The plaintiffs do not dispute the facts of the timeliness of the removal or the amount in controversy. The plaintiffs' motion to remand should accordingly be denied.

## BACKGROUND

Plaintiffs Elizabeth Cantafi, Administratrix of the Estate of Zachary Cantafi, Elizabeth Cantafi, Dana Andrews, and Danielle Kornacki filed their Complaint in Connecticut Superior Court on September 15, 2023. Doc. 1-1. The Complaint alleged that the plaintiffs' decedent was injured in an automobile accident on August 29, 2021, in which plaintiffs' decedent was riding a bicycle and was struck by a motor vehicle operated by Stephanie Graybeal, a Spokane, Washington resident, as an agent, employee and/or representative of the Defendants. Doc. 1-1 at 1-2. Based on Plaintiff's allegations, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction to 28 U.S.C. § 1332. Doc. 1, ¶¶ 20-21.

Consistent with the plaintiffs' further allegations in the Complaint, they are citizens of Connecticut and Massachusetts. Doc. 1, ¶ 15, Exhibit A (assessor's cards showing ownership of Connecticut and Massachusetts homes identified in summons). Uber, Portier, and Rasier are not citizens of Connecticut and Massachusetts. Doc. 1, ¶¶16–18, Doc. 3, Doc. 13. Graybeal is not a citizen of Connecticut or Massachusetts. Doc. 1-1, ¶ 8 (Spokane residency); Exhibit B (police report showing Washington driver's license and vehicle registration).

Counts Ten, Eleven and Twelve allege that Defendants are "employee[s] of Uber Technologies, Inc., Uber, Uber Eats, Portier, LLC and Rasier, LLC," and allege the same specifications of negligence as to Defendants Vincent Lisi, Edgar Pastrana, and Ashley Sulewski:

> Failed to monitor, supervise and review Uber Eats driver performance;
> Failed to establish codes of employee conduct including:but not limited to obeying traffic laws, such as speeding driving under the influence of marijuana or other drugs or alcohol;
> Failed to review systems which track time and route to whether drivers are operating vehicles in excess of speed limits;
> Failed to warn public pedestrians and purchasers of services that drivers have not received training;
> Failed to warn public pedestrians and purchasers of services that drivers are not monitored for use of marijuana or other drugs or alcohol; and
> Failed to discipline drivers who engage in negligent and illegal conduct.

Doc. 1-1 at 29, ¶ 10; 32, ¶ 10; 35, ¶ 10. The Complaint further alleges that on the date of the accident, defendant Stephanie Graybeal was making an Uber Eats delivery. Doc. 1-1 at 10, ¶¶ 1-5.

Lisi, Pastrana, and Sulewski had no involvement with the subject lawsuit as they are corporate employees of Uber Technologies Inc. that owed no legal duty in this case. They had no responsibility for, or control over the conduct alleged to be negligent by plaintiffs. *See* Affidavits of Lisi, Pastrana, and Sulewski, Exhibit C. Therefore, Lisi, Pastrana, and Sulewski are not proper parties to the subject action and were fraudulently joined to this action in order to defeat diversity.

As Lisi, Pastrana, and Sulewski have no real connection to the controversy, the defendants accordingly removed to this Court on September 22, 2023 under 28 U.S.C. 1332(a). Doc. 1. The plaintiffs then filed a motion to remand on October 10, 2023. Doc. 20. The Court, Dooley, J., ordered responses by October 31, 2023. Doc. 20.

## LEGAL STANDARDS

Under 28 U.S.C. § 1441(a):

> a defendant removing a civil action to federal district court bears the burden of demonstrating the propriety of removal, which is determined by the pleadings at the time of removal. A federal district court has diversity jurisdiction over civil actions with an amount in controversy exceeding $75,000, exclusive of interests and costs, between citizens of different States.

*Jean-Louis v. Carrington Mortg.* Servs., 849 F. App'x 296, 298 (2d Cir. 2021)(quotations omitted), *citing Grimo v. Blue Cross/Blue Shield, of Vt.,* 34 F.3d 148, 151 (2d Cir. 1994); *Vera v. Saks & Co.*, 335 F.3d 109, 116 (2d Cir. 2003) ; 28 U.S.C. § 1332(a).

Under the "fraudulent joinder" doctrine, courts disregard the citizenship of any defendants who have "no real connection to the controversy." *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). "[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia, supra* at 460-61 (citations omitted); *see also Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206–208 (2d Cir. 2001). To show that a non-diverse defendant is a "fraudulent joiner" to defeat diversity, a defendant must demonstrate by clear and convincing evidence either that a fraud has been committed in plaintiff's pleadings, or that there is no possibility that a cause of action can be made against that defendant in state court. *Pampillonia, supra* at 461. The Court may resolve the fraudulent joinder issue on the affidavits of the parties. *Id*.

# ARGUMENT

As an initial matter, it bears emphasis that the plaintiff does not dispute that the amount in controversy requirement is met here, and the removal was timely. *See* Doc. 1, ¶¶ 7-8 (timeliness); Doc. 1, ¶¶ 20-21 (amount in controversy). The plaintiffs alleged serious injuries resulting in damages in excess of $75,000.00. Doc. 1-1 at 5, 67. These injuries have allegedly required hospitalization and resulted in death and loss of consortium. *Id.* The Plaintiffs further expressly alleged a demand in excess of $15,000.00 and seeks double, treble, and punitive damages. Doc. 1-1 at 65-67. As the Plaintiff's Complaint could allow him to recover "an amount that exceeds the jurisdictional minimum of $75,000" – and, as set forth below, the properly-joined parties are all diverse – this Court has diversity jurisdiction over this case, and the plaintiffs' motion to remand must be denied.

## I. The plaintiffs are citizens of Connecticut and Massachusetts, and Uber, Portier, Rasier, and Graybeal are not.

Consistent with the plaintiffs' further allegations in the Complaint, they are citizens of Connecticut and Massachusetts. Doc. 1, ¶ 15. As further set forth in the public property records, they are citizens of Connecticut and Massachusetts. Exhibit A.

Uber, Portier, and Rasier are not citizens of Connecticut and Massachusetts. Doc. 1, ¶¶16–18, Doc. 3, Doc. 13. Uber, Portier, and Rasier were formed under the laws of Delaware, with principal places of business in California. *See* Doc. 3, Doc. 13.

Consistent with the plaintiffs' further allegations in the Complaint, Graybeal is not a citizen of Connecticut or Massachusetts. *See* Doc. 1-1, ¶ 8; Exhibit B. Accordingly, there is complete diversity between the plaintiffs and the properly-joined defendants. *See* 28 U.S.C.

1332(a).  The motion to remand must be denied.

### II. Defendants Lisi, Pastrana and Sulewski were fraudulently joined, so their citizenship may be disregarded.

"It is well established that an officer of a corporation does not incur personal liability for its torts merely because of his official position." *Sturm v. Harb Dev., LLC*, 298 Conn. 124, 132, 2 A.3d 859 (2010). By plaintiffs' own allegations, Lisi, Pastrana, and Sulewski were employees– not officers–living in Connecticut who have no apparent connection to the Spokane, Washington accident that is the subject of this lawsuit.

Plaintiffs allege that Graybeal was making an Uber Eats delivery. Doc. 1-1 at 10, ¶¶ 1-5. Lisi, Pastrana, and Sulewski were employees of Uber – not, as alleged, its Eats delivery subsidiary Portier. Exhibit C, at 2, 5, 8. Lisi, Pastrana, and Sulewski took no part in monitoring driver performance, establishing codes of employee conduct, reviewing systems which track time, warning the public concerning driver training, or disciplining drivers. *Id.,* at 3-4, 6-7, 9-10. Lisi, Pastrana, and Sulewski, employees of Uber Technologies, Inc. had responsibilities that did not concern the alleged negligence in the plaintiff's Complaint.  In fact, their duties expressly exclude those alleged by plaintiffs. *See id.,* at 3, 6, 9. They have no personal knowledge of the allegations of the complaint. *Id.*

Indeed, the plaintiffs' pleaded statement of material facts upon which its allegations as to Defendants Vincent Lisi, Edgar Pastrana, and Ashley Sulewski rely, as required by Practice Book Section 10-1, discloses only that the plaintiffs identified employees residing in Connecticut, with no regard as to whether those individuals had any "real connection to the controversy" concerning a car accident in Spokane, Washington. *See Pampillonia, supra at 462*.

7

Accordingly, "since there is no possibility, based on the pleadings, that plaintiff can state a cause of action against Lisi, Pastrana, and Sulewski in state court," the district court should deny plaintiff's motion to remand to the state court. *See Pampillonia, supra* at 462 (affirming denial of remand of employment claim where "defendants submitted an affidavit averring that RJRN took no part in hiring, discharging or making any other personnel decisions regarding Planters, and that RJRN and Planters had separate corporate officers, books and accounts."). That Lisi, Pastrana, and Sulewski had no duty to the plaintiffs – and that therefore there is no possibility of that a cause of action can be made against them – is also evident as a matter of law. "The first essential element of a negligence cause of action is the existence of a duty of care owed by the defendant. Plaintiffs' assertion that [Lisi, Pastrana, and Sulewski's] conduct commenced the causative chain of negligence appears to disregard the fundamental requirement of first establishing [Lisi, Pastrana, and Sulewski's] duty of care." *Doe v. Fed. Express Corp.*, 2006 U.S. Dist. LEXIS 31825, at *5-6 (D. Conn. May 22, 2006) (Eginton, J.) (denying motion to remand for fraudulent joinder of employee), *citing Ryan Transportation, Inc. v. M & G Associates,* 266 Conn. 520, 525-26, 832 A.2d 1180 (2003).

Here, plaintiff makes no effort to articulate the elements of negligence as to Lisi, Pastrana, and Sulewski, only arguing without citation to their complaint: "Plaintiffs have alleged all four elements of negligence properly against Lisi, Pastrana and Sulewski." Doc. 20-1 at 12. Plaintiffs then cast about unsuccessfully for possible duties that Lisi, Pastrana, and Sulewski could have owed the plaintiffs that are somehow related to the bicycle and car accident in this case – including, apparently, liability for data breaches, which is not only unsupported, but is irrelevant to this standard automobile negligence case. Doc. 20-1 at 12-13 (citing California Civil

Code section 1798.82(a)). There is no duty, so the motion to remand must be denied. *Simoneau v. Stryker Corp.*, 2013 U.S. Dist. LEXIS 205036, at *6 (D. Conn. Nov. 25, 2013) (Hall, J.) (denying motion to remand where no duty).

Plaintiffs then suggest that some future, unspecified and unfixed amendment could cure their fatal failure to plead a legal duty owed by Lisi, Pastrana, and Sulewski: "Other duties obviously flow from the collection, maintenance, storage and usage and examination of this data, and Plaintiffs merit the opportunity to explore them in discovery, and if need be, file amended complaints." Doc. 20-1 at 13. But that is an unavailing proffer, for patent reasons:

> Plaintiffs argue that these deficiencies in their pleadings might be cured by amendment (although they have not sought leave to do so) and that this possibility requires remand. Stated differently, they argue that the mere possibility that they might successfully amend their complaints to state a cause of action against non-diverse defendants defeats the "no possibility" standard for fraudulent joinder.
>
> Carried to its logical conclusion, the argument implies that a plaintiff could join any defendant without setting forth any basis in fact or law for liability — **in short, that a plaintiff could defeat diversity jurisdiction by joining his grandmother as a defendant, as surely some set of facts might make her liable**. The Court declines to adopt this theory. While federal and many state courts have adopted liberal rules of notice pleading, pleadings are not inconsequential documents

*In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 284 (S.D.N.Y. 2001) (Kaplan, J.).

The plaintiffs then cite the common law duties owed by a defendant, in its capacity as an employer, to take precautions against the risk of harm to others by the misconduct of a third party, *See Doc.* 20-1 at 14, *citing Doe v. Saint Francis Hosp. & Med. Ctr.*, 309 Conn. 146, 211,

72 A.3d 929, 970 (2013) (hospital defendant owed duty to supervise employee); *Nisbet v. Olmeda*, 15 Conn. App. 6, 544 A.2d 642 (1988) (bank owed duty to supervise security guard). These cases do not concern the duties owed by an individual employee – a hospital administrator, or bank manager. The duties described therein are of the employer and do not extend to individual employee defendants.

Having failed to identify a duty, Plaintiff reaches far beyond the four corners of the complaint or even competent evidence in reaching for one, citing news reporting concerning Uber from across the country. Doc. 20-1 at 15; *see also Pampillonia, supra* at 461 (plaintiff's motion to remand to be decided on complaint and affidavits of the parties). Plaintiff even cites authority for another duty allegedly owed by Lisi, Pastrana, and Sulewsi –negligent entrustment– then admits in the same breath that it is inapposite. *Compare* Doc. 20-1 at 18 ("negligence here alleged relies on theories discussed of negligent entrustment and negligent marketing in the remanded *Soto v. Bushmaster Firearms Int'l, LLC*, 331 Conn. 53, 202 A.3d 262, 283 (2019)"); *id.* ("Defendant Sulewski did not entrust the vehicle to this third party"). Insofar as plaintiff claims that Lisi, Pastrana, and Sulewski owed a duty in respect of their allegedly "entic[ing] people to participate, knowing that their participation would and could lead to harm", Doc. 20-1 at 18, this very argument was rejected by the *Soto* court. *See, e.g. Soto, supra* at 84-85.

There is no allegation here of any duty owed by these individual employees to these plaintiffs. *See Hart v. World Wrestling Entm't, Inc.*, 2012 U.S. Dist. LEXIS 43184, 2012 WL 1233022, at *9 (D. Conn. Apr. 10, 2012) (Underhill, J.) (dismissing negligent supervision claim where the plaintiff did not allege personal knowledge of the employee's actions); *D'Angelo Dev. & Const. Corp. v. Cordovano*, 121 Conn. App. 165, 185-186 (2010) (affirming dismissal of case

as to corporation's president because there were no allegations with respect to how the officer owed a duty to the plaintiff "in his individual capacity"); *Burress v. Re-Innovation, Ltd.*, 2012 Conn. Super. LEXIS 2705, 2012 WL 5936064, at *5 (Conn. Super. Ct. Sept. 13, 2012) (dismissing claim because the plaintiff "failed to allege the source of [the defendant's] duty, as an individual, to perform the work" in a workmanlike manner, as opposed to the LLC's obligation). The motion to remand must be denied.

### III. Defendants Lisi, Pastrana, and Sulewski, were fraudulently misjoined because there is no sufficient factual nexus between the claims against them and the claims against Uber.

"[F]raudulent misjoinder may be found when a plaintiff purposefully attempts to defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal and where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard. When evaluating fraudulent misjoinder courts typically look to state instead of federal joinder rules. Because this inquiry looks to whether the non-diverse party was misjoined in state court before removal, the majority of cases have held that state rather than federal joinder rules apply." *Mancinone v. Allstate Ins. Co.,* 2020 U.S. Dist. LEXIS 175500, at *18 (D. Conn. Sep. 24, 2020) (Dooley, J.) (citations, quotations omitted). Here, there is no factual nexus between the claims against employees Lisi, Pastrana, and Sulewski, and the accident that took place in Spokane, Washington.

Under Connecticut law, causes of action may be brought in the same complaint if arising out of the same transactions connected with the same subject of action. P. B. § 10-21. Here, there are two separate transactions–the car accident that took place on August 29, 2021 in Spokane, Washington with allegations of intoxication and reckless driving, and the alleged negligence by

11

Lisi, Pastrana, and Sulewski at unspecified times prior to August 29, 2021 at various places in Connecticut relating to their general duties as employees of Uber. *See* Doc. 1-1. Accordingly, Lisi, Pastrana, and Sulewski have been fraudulently misjoined.  *Mancinone, supra* at *18, citing *Caputo v. Brainard N. Assocs., LLC*, 2019 Conn. Super. LEXIS 1768, 2019 WL 3248546, at *6 (Conn. Super. Ct. June 7, 2019) (holding that negligence claim against property owner was misjoined with breach of contract claim against property insurer in premises liability action, "the claims against the defendants are based on two entirely separate breaches of duty"); *Delavega v. Eleftheriou*, 1996 Conn. Super. LEXIS 38, 1996 WL 33890, at *2 (Conn. Super. Ct. Jan. 9, 1996) (holding that negligence and recklessness claims against alleged tortfeasor and breach of contract claims against tortfeasor's automobile insurer were improperly joined in same action).

Defendants Vincent Lisi, Edgar Pastrana, and Ashley Sulewski had no involvement with the subject lawsuit as they are corporate employees of Uber Technologies Inc. that had no responsibility for, or control over the alleged negligent conduct of the driver. Therefore, Defendants Vincent Lisi, Edgar Pastrana, and Ashley Sulewski are not proper parties to the subject action and were fraudulently joined to this action in order to defeat diversity.  The motion to remand must be denied.

## CONCLUSION

Uber has established that its citizenship is diverse to the Plaintiff's, the amount in controversy concerning the Plaintiff's fractured skull exceeds $75,000, and that removal to this Court under 28 U.S.C. 1332(a) was therefore proper. The Plaintiff has moved for remand, but only cited precedent that is inapposite, and does not set forth a basis upon which to find that any non-diverse party was properly joined. The motion to remand must accordingly be denied.

Respectfully submitted,
Uber Technologies, Inc., Rasier, LLC, and Portier, LLC, Vincent Lisi, Edgar Pastrana, Ashley Sulewski
By their attorneys,

/s/ Ben Levites
Kevin J. O'Leary, ct30271
Benjamin H. Levites, ct30481
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
koleary@coughlinbetke.com
blevites@coughlinbetke.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on Thursday, October 26, 2023.

/s/ Ben Levites
Benjamin Levites

13