UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ELIZABETH CANTAFI, ADMINISTRATRIX OF THE ESTATE OF ZACHARY CANTAFI, ELIZABETH CANTAFI, DANA ANDREWS, and DANIELLE KORNACKI,
*Plaintiffs*,

v.

STEPHANIE GRAYBEAL, UBER TECHNOLOGIES, INC. PORTIER, LLC, RASIER, LLC, VINCENT LISI, EDGAR PASTRANA, and ASHLEY SULEWSKI
*Defendants*.

3:23-CV-01245-KAD
Monday, November 13, 2023

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF WASHINGTON**

This case concerns a fatal accident that occurred in Spokane, Washington, involving plaintiffs' decedent, a cyclist on U.S. Highway 395 in Spokane, defendant Graybeal, a Spokane resident and motor vehicle operator, and non-party motor vehicle operator Sencia Egland, another motor vehicle operator in Spokane. The accident that gave rise to this claim occurred in Spokane, Washington; all fact witnesses are in Spokane, Washington; the vehicle driver in the accident, defendant Graybeal, is in Spokane, Washington; the locus of the accident is in Spokane, Washington and, of course, the applicable rules of the road are those of Washington. Defendants Uber Technologies, Inc., Portier, LLC, Rasier, LLC, Vincent Lisi, Edgar Pastrana, and Ashley Sulewski ("Defendants") accordingly move to transfer venue to the United States District Court, Western District of Washington, pursuant to 28 U.S.C. § 1404. Absent transfer, venue would not lie in Connecticut as no properly joined defendant resides in Connecticut, none of the events or omissions giving rise to the claim occurred in Connecticut, and the Court does not have personal jurisdiction over certain of the properly joined defendants. The motion to transfer should be granted.

## BACKGROUND

Plaintiffs Elizabeth Cantafi, Administratrix of the Estate of Zachary Cantafi, Elizabeth Cantafi, Dana Andrews, and Danielle Kornacki's complaint alleges that the plaintiffs' decedent was injured in Spokane, Washington in an automobile accident on August 29, 2021, in which plaintiffs' decedent was riding a bicycle and was struck by a motor vehicle operated by Stephanie Graybeal as an agent, employee and/or representative of the Defendants. Doc. 1-1.

The plaintiffs are residents of Connecticut and Massachusetts. Doc. 1, ¶ 15, Doc. 21-1. Notwithstanding that the accident took place in Spokane, Washington, where Graybeal resides, the plaintiffs filed their Complaint in Connecticut Superior Court on September 15, 2023. Doc. 1-1.

Uber, Portier, and Rasier are not citizens of Connecticut. Doc. 1, ¶¶ 16–18, Doc. 3, Doc. 13. Uber, Portier, and Rasier were formed under the laws of Delaware, with principal places of business in California. See Doc. 3, Doc. 13.

The defendants removed to this Court on September 22, 2023 under 28 U.S.C. 1332(a) because Lisi, Pastrana, and Sulewski have no real connection to the controversy, and the remaining parties are all diverse. Doc. 1. The plaintiffs then filed a motion to remand on October 10, 2023. Doc. 20. The Defendants have filed an objection thereto. Doc. 21.

## LEGAL STANDARDS

A civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. "The objectives of section 1404(a) are to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Umeugo v. Bloomfield,* 2020 U.S. Dist. LEXIS 266768 (D. Conn. Aug. 4, 2020) (Covello, J.) (granting motion to transfer case concerning New Jersey slip-and-fall to the District of New Jersey) (citations omitted). Among the factors to be considered in determining whether to transfer venue are: "(1) the locus of operative facts; (2) access to evidence; (3) the convenience of witnesses; (4) the availability of compulsory process to compel witness testimony; (5) the convenience of the parties; (6) the familiarity of the forum with governing law; (7) trial efficiency; (8) the relative financial means of the parties; and (9) the interests of justice." *Id*. (citations omitted); *see also N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,* 599 F.3d 102, 112 (2d Cir. 2010).

## ARGUMENT

### I. This Spokane, Washington accident case should be transferred to Spokane, Washington for the convenience of the parties and in the interest of justice

#### A. Venue is proper in the United States District Court for the Eastern District of Washington in Spokane, Washington

As an initial matter, it bears emphasis that plaintiffs cannot dispute that Spokane, Washington is a proper venue for this Spokane, Washington accident case. Specifically, Spokane, Washington is the seat of the judicial district encompassing it, the Eastern District of Washington, in which a "substantial part of the events or omissions giving rise to the claim occurred". 28 U.S.C. § 1391(a)(2). Because venue is proper in the Eastern District of Washington, the motion to transfer should be granted.

#### B. Venue is improper in this District

By contrast, venue does not properly lie in this District under 28 U.S.C. 1391(a)(1), because, as set forth in the Defendants' objection to the motion to remand filed herewith, no properly-joined defendant is a resident of the state of Connecticut. *See* Doc. 21. Further, even if somehow Lisi, Pastrana, and Sulewski were properly joined, Uber, Portier, Rasier, and Graybeal are not residents of Connecticut. *See* 28 U.S.C. § 1391(a)(1) (a judicial district in which any defendant resides, **if all defendants are residents of the State in which the district is located**) (emphasis added); *see also* Doc. 1 at 3 (alleging Uber, Portier, Rasier, and Graybeal are not residents of Connecticut).

Venue does not lie in this District under 28 U.S.C. § 1391(a)(2), because no substantial part of the events or omissions giving rise to the claim occurred here–the car accident occurred in Spokane, Washington. 28 U.S.C. § 1391(a)(2). Nor does the fact that plaintiffs allege that they

suffered harm in Connecticut provide a basis for venue. *See Letskus v. KVC Grp., LLC*, 2022 U.S. Dist. LEXIS 118277 (D. Conn. July 6, 2022) (Nagala, J.) ("Plaintiff's averments that he was injured in Connecticut, standing alone, do not provide a basis for venue in this district.") *quoting Astor Holdings, Inc. v. Roski*, 2002 U.S. Dist. LEXIS 758, 2002 WL 72936, at *9 (S.D.N.Y. Jan. 17, 2002) (Lynch, J.) ("[t]here is an obvious potential for unbounded venue if the courts were to find venue regardless of where the acts occurred, based solely on the existence of economic harm felt in the district where the plaintiff resides or is headquartered."); *citing Innovate1 v. First Bridge Merchant Sols., LLC*, 2020 U.S. Dist. LEXIS 145503, 2020 WL 4718970, at *6 (Dooley, J.) (rejecting injury-based venue argument); *Syed v. Housel*, 106 F. Supp. 2d 397, 399 (D. Conn. 2000) (Burns, J.) (finding venue in this district improper despite plaintiffs' contention that their injuries resulting from a car accident were being experienced in Connecticut).

Finally, because venue is undisputedly proper in the Eastern District of Washington as the district in which a substantial part of the events occurred, the case cannot be venued elsewhere under the exception in 28 U.S.C.§ 1391(a)(3). *See* 28 U.S.C. § 1391 (a)(3) (**if there is no district in which an action may otherwise be brought as provided in this section**, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action) (emphasis added). Because venue is improper in this District, the motion to transfer should be granted.

**C. The locus of operative facts of this Spokane, Washington accident is in Spokane, Washington**

"The locus of operative facts, which is a *primary* factor in determining a section 1404(a) motion to transfer, is [Washington], where the accident giving rise to Plaintiff's claims

occurred." *Delacruz v. Giermak*, 2021 U.S. Dist. LEXIS 220381 (S.D.N.Y. Nov. 12, 2021) (Wang, J.) (granting motion to transfer to locus of operative facts where car accident occurred) (citations, quotation omitted) (emphasis added). Accordingly, "[c]ourts routinely transfer cases when [as here] the principal events occurred in another district." *Umeugo, supra* at *7, (granting motion to transfer to locus of operative facts where slip-and -fall occurred) (citation, quotation omitted).

Here, the "principal events giving rise to [Plaintiff's] claims occurred in [Washington] *Seltzer v. Omni Hotels*, 2010 U.S. Dist. LEXIS 103495 (S.D.N.Y. Sep. 30, 2010 (Francis, J.) (granting motion to transfer to locus of operative facts where slip-and-fall occurred); *see also Cuzzupoli v. Metro-North Commuter R*.R., 2003 U.S. Dist. LEXIS 10978, at *9 (S.D.N.Y. June 26, 2003) (Haight, J.) (granting motion to transfer to locus of operative facts where car accident occurred) ("The locus of operative facts in this case is unquestionably [Washington]. The complained-of injury occurred and was medically attended to in [Washington]."); *see also Schultze v. DaimlerChrysler Corp*., 2006 U.S. Dist. LEXIS 85273, at *10-11 (S.D.N.Y. Nov. 14, 2006) (Buchwald, J.) (same) ("In this case, this factor weighs strongly in favor of defendant. The accident giving rise to the claim occurred in [Washington]. After the accident, the subject vehicle remained in [Washington]. All of the potential witnesses involved in the accident or who observed the accident reside in [Washington]."); *Syed v. Housel*, 106 F. Supp. 2d 397, 400 (D. Conn. 2000) (Burns, J.).

There is no colorable argument that the locus of operative facts of this Spokane, Washington car accident is anywhere other than Spokane, Washington, where the United States

District Court for the Eastern District of Washington is seated. The motion to transfer should be granted.

**D. The only known witnesses to this accident are located in Spokane, Washington, and there is no available compulsory process to compel their testimony in this District**

"The convenience of both the party and non-party witnesses is often considered the single most important factor in the analysis of whether a transfer should be granted under Section 1404(a)." *Schultze*, *supra* at *5. Further, "[t]he convenience of non-party witnesses is accorded more weight than that of party witnesses." *Seltzer, supra* at *6. Here, the only two surviving witnesses to this accident with direct knowledge thereof comprise party defendant driver Graybeal and non-party driver Egland. *See* Police Report, Doc. 21-2 at 2. Both are located in Spokane, Washington. *See* Doc. 21-2 at 2; *see also* Doc. 1-4 at 5 (summons addressed to Graybeal in Spokane, Washington). Equally, all of the first responder witnesses with knowledge of the immediate aftermath of the accident–including the immediate police responders, Ofc. Paul Carroll, Jr. and Sgt. Scott Lasher and the subsequent emergency medical responders–as well as the three bystander witnesses, Angela Dwyer, Nicholas T. Kolaczenko, Gary J. Mauri–are resident in Spokane, Washington. *See* Doc. 21-2 at 3. Any other non-party witnesses "are also likely to reside in the District." *Syed, supra* at 400. In sum, "[t]hese witnesses offer fundamental evidence relevant to this action, including a description of the accident, observations of the plaintiffs after the accident occurred, and observations concerning damage sustained by the subject vehicle." *Schultze, supra* at *6.

Uber, Portier, and Rasier have corporate offices in Seattle, Washington, but not in Connecticut. *See Schultze, supra* at *5 (noting defendant's place of business in transferee

District, and no place of business in the transferor District). Lisi, Pastrana, and Sulewski are not properly joined, and, in any event, do not have any direct knowledge of the allegations of the complaint.

And, while all "necessary witnesses and evidence are located in [Washington]," and "Plaintiff[s] would be inconvenienced by litigating this action in [Washington], this inconvenience arises from the nature of Plaintiff's claims." *Letskus, supra* at *17-18. The claims here concern a car accident in Washington. Further, concerning these plaintiffs, who have no direct knowledge of the accident, "the use of e-discovery and videoconferencing would alleviate inconvenience that may arise from his having to litigate the case in [Washington.]" *Id.*

Finally, there is no available compulsory process to compel the testimony of unwilling witnesses located in Spokane, Washington before this Court. If, for instance, Egland, the other driver involved in this accident, or the first responders who saw the scene of the accident, were to refuse to testify, there would be no available compulsory process to secure their essential testimony in this matter. *See* F.R.C.P. 45(c)(1)(a) (limiting subpoena for testimony to within 100 miles of individual's residence).

The convenience of the party and non-party witnesses to this accident, all located in Spokane, accordingly requires transfer. There is no compulsory process available in this District to compel unwilling witnesses to testify. The motion should be granted.

**E. Graybeal, the only party to the action with personal knowledge of the accident, is located in Spokane, Washington, and this Court does not have personal jurisdiction over her**

Graybeal is the only party to this action with personal knowledge of this accident. Egland, the other driver, is a non-party, and plaintiffs' decedent is deceased. Thus, the

convenience of the only party to the action with personal knowledge of the accident, located in Spokane, Washington, favors transfer.

Further, while this Court cannot exercise personal jurisdiction over Graybeal, the United States District Court for the Eastern District of Washington can. "In diversity cases, personal jurisdiction is determined by the law of the state in which the district court sits. Connecticut General Statutes § 52-59b(a) governs the exercise of jurisdiction over nonresidents of the state." *Viera v. Tarvin*, (2005 U.S. Dist. LEXIS 2074 at *6 (D. Conn. Feb. 11, 2005) (Droney, J.). Here, "plaintiffs have not alleged that [Graybeal] transact[ed] business, own[ed] property, or use[d] computers within Connecticut. The tort for which plaintiffs seek recovery occurred outside Connecticut, so the only applicable portion of the statute is § 52-59b(a)(3). Even that section, however, does not confer jurisdiction over all torts which injure Connecticut residents. In order to be sued in Connecticut, the out-of-state tortfeasor must be shown to regularly conduct business or derive revenue in the state." *Id.*

Here, plaintiffs have not asserted any facts that would show Graybeal had any contacts, let alone sufficient minimum contacts under the Connecticut and United States Constitution, that would establish that Graybeal was amenable to service and thereby the exercise of jurisdiction "under Connecticut's long arm statute." *Id.* Indeed, it is not apparent from the record if plaintiffs even effectively served Graybeal under that statute, instead purportedly serving her under C.G.S. § 52-62, which is limited to cases involving "the operation of any motor vehicle in this state." Doc. 1-4 at 75.

Instead, plaintiff simply alleges that Graybeal "was aware she was working for a national company or corporation, with sufficient contacts with Connecticut, and she knew or should have

known that as an agent, employee, or representative of that company she would be subject to jurisdiction of the State of Connecticut, as well as the other states in this country." Doc. 1-1 at ¶ 9. Under plaintiff's formulation, Graybeal and indeed anyone who was "aware she was working for a national company or corporation," should expect to be haled into court in any jurisdiction in the country. There is apparently no personal jurisdiction over Graybeal in this District, but the Eastern District of Washington could exercise personal jurisdiction over Graybeal as a Spokane resident. Because Graybeal is the only party with personal knowledge, located in Spokane, Washington, and not subject to this Court's jurisdiction, the motion to transfer should be granted.

**F. All evidence concerning the accident is in Spokane, Washington**

Here, the site of the accident itself is in Spokane Washington. *See Seltzer, supra* at *11 ("the premises, and likely other sources of proof … are located in California and are more readily accessible there. Thus, this factor weighs in favor of transfer"). The subject vehicle is in Spokane, Washington. *See Schultze, supra* at *12 ("[t]he subject vehicle itself is also an important piece of evidence relevant to both plaintiffs' allegations and defendant's affirmative defenses."). All other direct evidence relating to this accident is located in Washington. *See Letzkus, supra* at *17 ("necessary witnesses and evidence are located in California"). Accordingly, the motion to transfer should be granted.

**G. The Spokane, Washington courthouse of the United States District Court for the Eastern District of Washington has a lower pending caseload**

A district court has discretion to transfer an action to the venue where the trial would be most expedient and just, and can therefore take notice of "docket conditions of the transferor and transferee courts" in making transfer determination. *See Seltzer, supra* at *16. The United States

District Court for the Eastern District of Washington has 712 pending cases currently, whereas this District has 1,855. There being no reason the District Court for the Eastern District of Washington cannot apply the applicable law–which, given the similarities between the choice of law analysis and the transfer analysis, is likely Washington law in any event, as plaintiff apparently indicates by citation to the Washington statutes, *see* Doc. 1-1 referencing causes of action brought under Washington State Revised Code–this factor favors transfer. The motion should be granted.

**H. Plaintiffs' choice of forum is given minimal weight because the facts giving rise to the litigation bear significant material connection to Spokane, Washington and no material connection to Connecticut**

Finally, "A plaintiff's choice of forum receives less deference, however, when the locus of operative facts is elsewhere." *Umeugo, supra* at *9, *citing A. Olinick & Sons v. Dempster Bros., Inc*., 365 F.2d 439, 444 (2d Cir. 1966); *Aronstein v. Thompson Creek Metals Co*., 2015 U.S. Dist. LEXIS 5271, 2015 WL 235186, at *3 (D. Conn. Jan. 16, 2015) (Shea, J.); *Open Solutions Inc. v. Granite Credit Union*, 2013 U.S. Dist. LEXIS 139858, 2013 WL 5435105, at *4 (D. Conn. Sept. 29, 2013) (Chatigny, J.).

Because the operative events occurred in Washington, plaintiff's "choice to bring this action in Connecticut is entitled to less deference." *Umeugo, supra* at *9, *citing Charter Oak Fire Ins. Co. v. Broan-Nutone, LLC*, 294 F. Supp. 2d 218, 220 (D. Conn. Dec. 4, 2003) (holding that the plaintiff's choice of forum does not control when the only connection the state has to the case's operative facts is that the plaintiff resides there). Because the presumption in favor of plaintiff's choice is given minimal weight here, the motion to transfer should be granted.

## CONCLUSION

Simply, this is a Washington case that was filed in Connecticut. The car accident that is the subject of this case took place in Spokane, Washington. All the surviving individuals directly involved in the accident, as well as all the witnesses to the accident and its aftermath, are in Spokane. Graybeal is in Spokane, where the Court there can exercise jurisdiction over her, and this Court cannot. Every factor here militates in favor of transfer. The motion should accordingly be granted.

Respectfully submitted,
Uber Technologies, Inc., Rasier, LLC, and Portier, LLC, Vincent Lisi, Edgar Pastrana, Ashley Sulewski
By their attorneys,

Kevin J. O'Leary, ct30271
Benjamin H. Levites, ct30481
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
koleary@coughlinbetke.com
blevites@coughlinbetke.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on Monday, November 13, 2023.

Benjamin Levites