UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIZABETH CANTAFI, ADMX. OF THE | : | NO.: 3:23-1245-KAD |
| ESTATE OF ZACHARY CANTAFI, ET AL | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHANIE GRAYBEAL, ET AL | : | NOVEMBER 20, 2023 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant, Stephanie Graybeal hereby submits this memorandum of law in support of her Motion to Dismiss (Doc. 23) the plaintiffs' claims against her. Counts One, Two, and Three of plaintiffs Complaint should be dismissed as to Ms. Graybeal for several reasons. First, C.G.S. §52-62 does not apply to this case as the motor vehicle accident did not occur in Connecticut. As such, service upon the Connecticut Commissioner of Motor Vehicles was improper and any such attempted service of process under the non-applicable statute is detrimental. Second, plaintiffs failed to effect service on Ms. Graybeal pursuant to Connecticut's long-arm statute, C.G.S. 52-59b(c), for nonresident individuals, as no service upon the Secretary of State was attempted. Third, Connecticut cannot exercise personal jurisdiction under its long-arm statue or under the Due Process Clause over Ms. Graybeal, who is a nonresident of the State of Connecticut. The facts here do not permit the plaintiffs to effect service on the Secretary of State under the long-arm statute. Additionally, Ms. Graybeal does not have minimum contacts with the State of Connecticut to satisfy due process.

## I.   FACTUAL BACKGROUND

The factual allegations of plaintiffs' Complaint are "taken as true for purposes of considering a Rule 12(b)(2) motion." *D.J. Inv., Inc. v. Metzeler Motorcycle Tire Agent*

*Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985). Defendant, Ms. Graybeal sets forth the relevant allegations from the Complaint below solely for purposes of this motion.

This case arises from an accident that occurred at the intersection of Division Street and Hawthorne Street in Spokane, Washington on August 29, 2021. Plaintiffs Elizabeth Cantafi, Administratrix of the Estate of Zachary Cantafi, Elizabeth Cantafi, Dana Andrews, and Danielle Kornacki ("plaintiffs") allege at the time of the accident, Ms. Graybeal was operating a motor vehicle that struck plaintiffs' decedent as he was traveling southeast on his bicycle through the intersection. (Doc. 1-1, Count One, ¶¶ 1,2&4). Plaintiffs allege at the time, Ms. Graybeal was acting on behalf of defendants, Uber Technologies, Inc., Rasier, LLC and/or Portier, LLC, also known as Uber and Uber Eats. (Doc. 1-1, Count One, ¶ 9).[1] Plaintiffs' further allege as an agent, employee, and/or representative of Uber Technologies, Inc., Rasier, LLC and/or Portier, LLC,  Ms. Graybeal was aware she was working for a national company or corporation, with sufficient contacts with Connecticut, and she knew or should have known that as agent, employee, or representative of that company she would be subject to jurisdiction of the State of Connecticut and at all times mentioned herein was conducting business in the State of Connecticut (Doc. 1-1, General Description of the Parties, ¶ 9). At the time of the accident, plaintiffs' decedent was in Washington State and consistent with the plaintiffs' allegations in the Complaint, the driver of the vehicle, Ms. Graybeal, is a resident of Washington State. (Doc. 1-1, General Description of the Parties, ¶ 8).

Plaintiffs filed their Complaint in Connecticut Superior Court on September 15, 2023. (Doc. 1-1). This matter was removed to Connecticut District Court by co-defendants

---

[1] Ms. Graybeal denies she is an agent, employee, or representative of Uber Technologies, Inc., Uber Eats, Rasier, LLC or Portier, LLC. *See*, Affidavit of Ms. Graybeal, attached as Exhibit A.

on September 22, 2023, due to complete diversity of the properly joined parties to this litigation. (Doc. 1).  Plaintiffs filed a motion to remand on October 10, 2023. (Doc. 20). Co-defendants filed an objection to the motion to remand on October 26, 2023. (Doc. 21). On November 13, 2023, co-defendants filed a motion to transfer the venue to the Eastern District of Washington. (Doc. 22).[2]

Counts One, Two and Three of the plaintiffs Complaint allege negligence, statutory recklessness pursuant to C.G.S. §14-295, and common-law recklessness as to Ms. Graybeal. (Doc. 1-1). The writ of summons on the Complaint shows an address for defendant, Ms. Graybeal, of Spokane, Washington. (Doc.1-4 at 5). The return of service for the Complaint lists an address for Ms. Graybeal in Spokane, Washington. The return of service indicates that the CT Commissioner of Motor Vehicles was served and that a copy was mailed return receipt requested, all as spelled out pursuant to C.G.S. §52-62. (Doc. 1-4 at 75). Ms. Graybeal is described as a "nonresident."

The summons and return of service also note Ms. Graybeal was served "… as if [an] employee of Uber Technologies" pursuant to C.G.S. §33-929[3], Connecticut's long-arm statute pertaining to *foreign corporations*, and service was effected upon CT Corporation System, the registered agent for Uber Technologies, Inc. (Doc. 1-4 at 75).[4]

---

[2] Ms. Graybeal takes no position as it relates to the motion and reserves all arguments and defenses regarding service and jurisdiction as it relates to her.

[3] Conn.Gen.Stat. § 33–929 and states, in pertinent part: (a) The registered agent of a foreign corporation authorized to transact business in this state is the corporation's agent for service of process, notice or demand required or permitted by law to be served on the foreign corporation.

[4] Ms. Graybeal is not an agent, employee, or representative of Uber Technologies, Inc., Rasier, LLC, or Portier, LLC and service upon CT Corporation System, the registered agent for Uber Technologies, Inc. is improper. As an independent contractor there is no agency or employment relationship between Ms. Graybeal and Uber Technologies, Inc., Portier, LLC and Rasier, LLC.

Plaintiffs' actions essentially concede service by either of these means was not sufficient as they attempted to serve Ms. Graybeal in several different manners. Both methods of service were fatally defective and the defendant, Ms. Graybeal now moves for the Court to dismiss Counts One, Two and Three of the plaintiffs' Complaint.

## II.     STANDARD OF REVIEW

a.  STANDARD OF REVIEW PURSUANT TO FED. R. CIV P 12(B)(2)

Personal jurisdiction is a threshold issue that the Court must consider before other arguments. *Mones v. Com. Bank of Kuwait, S.A.K.,* 204 F. App'x 988, 989-90 (2d Cir. 2006).

> When a defendant challenges personal jurisdiction in a motion to dismiss, the court must undertake a two-part inquiry to determine the propriety of its exercising such jurisdiction over the defendant. The trial court must first decide whether the applicable state [long-arm] statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process.

*Pronovost v. Tierney*, 174 Conn. App. 368, 372-73 (2017) (alternations in original) (quoting *Cogswell v. Am. Transit Ins. Co.*, 282 Conn. 505, 514-15 (2007)).

b.  STANDARD OF REVIEW PURSUANT TO FED. R. CIV P 12(B)(5)

Pursuant to Fed. R. Civ. P. 12(b)(5), a party may file a motion to dismiss due to insufficiency of service of process.  A defendant who moves to dismiss a claim under Rule 12(b)(5) need only "satisfy the requirement that [a]n objection to service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." *Davis v. Mara*, 587 F.Supp.2d 422, 429 (D. Conn. 2008) (internal quotation marks omitted). Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate. *Carney v. Beracha*, 2014 WL 533727, at *2 (D. Conn. 2014) (internal citations omitted).  "Where service of process is challenged, the plaintiff has the burden of

demonstrating the adequacy of such service." *Simoneau v. Stryker Corp*, No. 3:13cv1200 (JCH), 2014 WL 1289419, at *2 (D. Conn. 2014), *citing Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010).

Adequate service of process is a fundamental prerequisite for a court's exercise of personal jurisdiction: "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 408, 98 L.Ed.2d 415 (1987); accord *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily must not exercise power over a party the complaint names as defendant."); *see also* Fed.R.Civ.P 4(k)(1)(A) ("[s]erving a summons … establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located").

## III.    ARGUMENT

   *a. C.G.S. §52-62 Does Not Appy to This Case as the Motor Vehicle Accident Did Not Occur in Connecticut.*

Connecticut General Statute § 52-62 does not apply to this matter. By its plain language, the statute only applies to nonresidents with regard to motor vehicle accidents that occur *in Connecticut*. *McCourt v. Sila*, No. DBDCV206034711S, 2020 WL 3790743, at *3 (Conn. Super Ct. June 15, 2020); *Hunter v. Velez*, No. CV106002067S, 2011 WL 3338640, at *3 (Conn. Super. Ct. July 12, 2011). *See also*, *Aldrich v. Smith*, LLICV136008767S, 2013 WL 6925921, at *3 (Conn. Super Ct. Dec. 5, 2013).

Connecticut General Statute § 52-62 provides, in pertinent part, as follows:

   Service upon nonresident in action for negligent operation of motor vehicle:

(a) Any nonresident of this state who causes a motor vehicle to be used or operated upon any public highway or elsewhere ***in this state*** shall be deemed to have appointed the Commissioner of Motor Vehicles as his attorney and to have agreed that any process in any civil action brought against him on account of any claim for damages resulting from the alleged negligence of the nonresident or his agent or servant ***in the use or operation of any motor vehicle upon any public highway or elsewhere in this state may*** be served upon the commissioner and shall have the same validity as if served upon the nonresident personally.

\* \* \*

(c) Process in such a civil action against a nonresident shall be served by the officer to whom the process is directed upon the Commissioner of Motor Vehicles by leaving with or at the office of the commissioner, at least twelve days before the return day of the process, a true and attested copy thereof, and by sending to the defendant or his administrator, executor or other legal representative, by registered or certified mail, postage prepaid, a like true and attested copy, with an endorsement thereon of the service upon the commissioner, addressed to the defendant or representative at his last-known address. The officer serving the process upon the Commissioner of Motor Vehicles shall leave with the commissioner, at the time of service, a fee of twenty dollars, which fee shall be taxed in favor of the plaintiff in his costs if he prevails in the action. The Commissioner of Motor Vehicles shall keep a record of each such process and the day and hour of service.

C.G.S.§ 52-62 (emphasis added).

"A statute such as this … being in derogation of common law, is to be strictly construed and must be strictly followed in order to secure the intended benefits." *Tyler v. Barry*, 18 Conn.Supp. 290, 292 (1953).

In *Hunter v. Velez*, No. CV106002067S, 2011 WL 3338640, at \*3 (Conn. Super Ct. July 12, 2011), the court analyzed a motion to dismiss based upon insufficient service of process under C.G.S. § 52-62. In *Hunter*, the motor vehicle accident that was the subject of the underlying complaint occurred in Massachusetts. The apportionment plaintiff claimed that it served the apportionment defendant pursuant to C.G.S.§ 52-62. C.G.S.§ 52-62 governs service upon a nonresident in an action for negligent operation of a motor vehicle and provides that "[a]ny nonresident of this state who causes a motor vehicle to

6

be used or operated upon any public highway or elsewhere in this state shall be deemed to have appointed the Commissioner of Motor Vehicles as his attorney and to have agreed that any process in any civil action brought against him … may be served upon the commissioner …" (emphasis added.) The defendant brought a motion to dismiss the complaint, arguing that C.G.S.§ 52-62 was "inapplicable to cases involving accidents that occur in another state." *Hunter v. Velez*, supra., at *2. Citing to C.G.S.§ 52-62, the Court concluded that "[b]y its plain language, § 52-62 concerns accidents that occur in this state." *Id.*, at 3 (emphasis added; internal quotations omitted). The court noted whether or not the plaintiff "complied with the mandates of § 52-62(c) was irrelevant." *Id.* While addressing the plaintiff's argument that the defendant received actual notice of the pending litigation, the court emphasized "[w]hen notice is given to a defendant of commencement of a legal action, there must also be substantial compliance with the service of process statutes." *Id.* at *3; see also *Hibner v. Bruening*, 78 Conn. App. 456, 461, 828 A.2d 150 (2003) (court found that actual notice was not sufficient when plaintiff failed to comply with C.G.S.§ 52-62); *McCourt v Silva*, No. DDBCV206034711S, 2020 WL 3790743, at *3 (Conn. Super. Ct. June 15, 2020) (court while citing *Hunter* found the service of process on the defendant was *fatally defective* since C.G.S.§ 52-62 could not be the basis for service on the defendant because the accident was not within the state of Connecticut, "by its plain language, § 52-62 concerns accidents that occur 'in this state.'")

Since the plaintiffs have attempted to rely upon constructive service of process, the burden is on the plaintiffs to prove jurisdiction over Ms. Graybeal. *Simoneau v. Stryker Corp*, at *2. "When a statute prescribed how service is to be made, compliance with the

statute is required for personal jurisdiction." *Westcott v. Exwood Prop. Corp.*, No. CV 960475950S, 1998 WL 376020 (Conn. Super. Ct. May 28, 1998) (internal quotation marks & citations omitted). The plaintiffs in this case cannot sustain their burden of proof since the accident occurred in the state of Washington and, therefore, the constructive service statute, C.G.S.§ 52-62, is inapplicable. Therefore, there is no basis for personal jurisdiction. Attempted service of process under the non-applicable statute is fatally defective.

   b. *The Plaintiffs Failed to Serve Ms. Graybeal Pursuant to C.G.S. §52-59b(c) and the Court Has No Personal Jurisdiction Over Independent Contractor, Ms. Graybeal Under Connecticut's Long-Arm Statute.*

Connecticut's long-arm statue, Conn. Gen. Stat. § 52-59b, provides that, for certain nonresident individuals who have sufficient commercial contacts with Connecticut, the *Secretary of State* is deemed as agent for service, thus obviating the need for in-person service. In relevant part, the statute permits a Connecticut court to exercise jurisdiction over any nonresident individual who does any of the following:

- "Transacts any business within the state." Conn. Gen. Stat. § 52-59b(a)(1).
- "[C]ommits a tortious act within the state, except as to a cause of action for defamation of character arising from the act." Conn. Gen. Stat. §52-59b(a)(2).
- "[C]ommits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent (A) regularly does or solicits business, or engages in another persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." Conn. Gen. Stat. §52-59b(a)(3).

If any of the above conditions of Section 52-59b(a) are met, then the nonresident individual

   *Shall be deemed to have appointed the Secretary of the State as its attorney, and to have agreed that any process in any civil action brought against the nonresident individual … may be served upon the Secretary of*

> *State and shall have the same validity as if served upon the nonresident*
> *individual … personally*.

Conn Gen. Stat. §52-59b(c).

As evident in the return of service, service upon Ms. Graybeal pursuant to C.G.S.§52-59b(c) *via* the Secretary of State was not attempted. (Doc. 1-4 at 75).[5] While the plaintiffs attempt to rely on Connecticut's long-arm statute to obtain personal jurisdiction over Ms. Graybeal, they have failed to properly serve her under the statute. Proper service under C.G.S. § 52-59b(c) requires service upon the Secretary of State. Connecticut Court judges have held that failure to serve the Secretary of State as required mandates dismissal of the action. *See, e.g.*, *Jackson v. Truly Green Landscape,* Superior Court, judicial district of Stamford–Norwalk at Stamford, Docket No. CV 10 6006476 (November 2, 2011, Jennings, J.T.R.) (52 Conn. L. Rptr. 732, 733) (collecting cases). "Where a particular method of serving process is pointed out by statute, that method must be followed ... Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." *Board of Education v. Local 1282,*31 Conn.App. 629, 632, 626 A.2d 1314 (1993); *see also Tarnopol v. Connecticut Siting Council,* 212 Conn. 157, 163 n. 8, 561 A.2d 931 (1989). Thus, the Court has no personal jurisdiction over Ms. Graybeal and Counts One, Two, and Three of the plaintiffs' Complaint should be dismissed.

> 1. *As an Individual Defendant, Stephanie Graybeal Does Not Meet the*
>    *Requirements of Conn. Gen. Stat. §52-59b(a)(1).*

---

[5] Plaintiffs have attempted to serve Ms. Graybeal *via* the registered agent for Uber Technologies, Inc., CT Corporation System, which as discussed earlier in this motion is improper as she is not an agent, employee, or representative of Uber Technologies, Inc., Portier, LLC or Rasier, LLC. C.G.S. §33-929 refers to foreign corporations, not nonresident individuals.

Even if plaintiffs were deemed to have sufficiently served Ms. Graybeal pursuant to the C.G.S. § 52-59b(c), Ms. Graybeal does not "transact" business in Connecticut within the state meaning of the long-arm statute. "An individual '[t]ransacts … business' in Connecticut under §52-59b(a)(1) if he or she engages in a 'single purposeful business transaction.'" *Cabot Addison 1, LLC v. U.S. Bank Nat'l Ass'n, No*. HHD-CV-146055758-S, 2015 WL 7709042, at *4 (Conn. Super. Ct. Nov. 2, 2015) (quoting *New London Cnty. Mut. Ins. Co. v. Nantes*, 303 Conn. 737, 745 (2012)). "In determining whether a cause of action arises from a defendant's transaction of business within the state, courts 'do not resort to a rigid formula. Rather, we balance considerations of public policy, common sense, and the chronology and geography of the relevant factors.'" *Id.* (quoting *Solano v. Calegari*, 108 Conn. App. 731, 739 (2008)).

Thus, plaintiffs must show that Ms. Graybeal has "purposefully" targeted Connecticut in her business activities. The plaintiffs have failed to do so here. Allegations of "purposeful" business conduct typically involve activities such as, for example, executing contracts with Connecticut counterparties, direct sales to Connecticut customers, sending correspondence into Connecticut, or regularly attending business meetings in Connecticut. *See, e.g. Id.* at *6 (collecting cases which evaluated purposeful conduct in Connecticut by defendants). And even if the conduct described is "purposeful," courts scrutinize whether the alleged "single purposeful transaction" comports with common sense.

Here, there are no allegations supporting any purposeful transaction in Connecticut by Ms. Graybeal. In fact, the Complaint fails to allege any jurisdictional facts that could form the basis for jurisdiction under the long-arm statute. Plaintiffs must allege

facts that specifically identify the business activities undertaken by Ms. Graybeal that give rise to specific jurisdiction under the long-arm statute. Where a Complaint's "anemic factual allegations" fail to identify any commercial connections to Connecticut, long-arm jurisdiction does not exist. Where, as here, such facts are totally absent from the Complaint, the Court is left with "no basis for inference" that the requisite connections to Connecticut exist, and dismissal is appropriate. *Metro Bus. Sys.*, 2022 WL 2802333, at *4 (quoting Shaw v. Am. Cyanamid Co., 534 F. Supp. 527, 531 (D. Conn. 1982)).

Ms. Graybeal has no meaningful relationship with Connecticut. At all relevant times, Ms. Graybeal was a resident of Washington. Ms. Graybeal has never resided in Connecticut. She does not own real property in Connecticut. She has never held a Connecticut driver's license. She cannot even recall visiting Connecticut. Although plaintiffs allege, Ms. Graybeal was "…aware she was working for a national company or corporation, with sufficient contacts with Connecticut, and she knew or should have known that as an agent, employee, or representative of that company she would be subject to jurisdiction of the State of Connecticut, as well as the other states in the country," (Doc. 1-1, General Description of Parties, ¶9), Ms. Graybeal is an independent contractor and does not hold herself out to be an agent, employee or representative of a national company or corporation. (*See* Affidavit of Ms. Graybeal, attached as Exhibit A).

Additionally, it is well established "[t]he acts of a principal cannot be imputed to its agent when determining if an agent is subject to personal jurisdiction." *Id.* at *6; *accord Grunberger Jewelers v. Leone*, No. 303-CV-647-CFD, 2004 WL 1393608, at *3 (D. Conn. June 18, 2004) ("[T]he actions of the corporation undertaken by other individuals should not ordinarily be attributed to the individual corporate officer for purposes of determining

whether jurisdiction exists over that individual."); *Leville v. Dunnam*, No. FSTCV186038304S, 2020 WL 8718610, at *7 (Conn. Super. Ct. Dec. 22, 2020) (finding business revenue earned by corporate employer not attributable to employees for jurisdictional analysis). Even if, Ms. Graybeal was an employee of Uber Technologies, Inc., Portier, LLC or Rasier, LLC, which she expressly denies, the acts of the corporate defendants cannot be considered as Ms. Graybeal's own purposeful actions for jurisdictional purposes. *Adams v. Wex,* 56 F.Supp.2d 227, 229 (D.Conn.1999).

Ms. Graybeal has not engaged in <u>any</u> transaction or activity in Connecticut, let alone a purposeful transaction that would subject her personal jurisdiction in Connecticut.

### 2. Ms. Graybeal does not Meet the Requirements of Conn. Gen. Stat. §§ 52-59b(a)(3)(A) or (a)(3)(B).

For the reasons discussed above, plaintiffs have not alleged, and cannot allege that Ms. Graybeal "does business," "solicits business," or engage in a "persistent course of conduct" directed at Connecticut. Additionally, plaintiffs also cannot establish Ms. Graybeal "derives substantial revenue" from Connecticut through her independent contractor status. An assertion otherwise would defy the common-sense standard applied by courts evaluating a defendant's business activities for jurisdictional purposes.  Thus, Ms. Graybeal does not satisfy the prerequisites set forth in Sections 52-59b(a)(3)(A) and (a)(3)(B) that a defendant derive substantial revenue either from "goods used or consumed or services rendered, in the state" or from "interstate or international commerce."

### 3. Personal Jurisdiction over Ms. Graybeal Would violate Due Process.

Assuming plaintiffs were deemed to have sufficiently alleged the necessary business contact with Connecticut under the long-arm statute, jurisdiction over Ms.

Graybeal would still violate due process. First, "[t]o exercise specific jurisdiction over a defendant, the plaintiff's action must be related to the defendant's contacts within the forum, and the requisite minimum contacts must be such that the defendant can reasonably anticipate being hauled into court in the forum state." *Young Pharms., Inc. v. AMP Med. Prod., LLC*, No.3:15-CV-0516 (VLB), 2016 WL 1305113, at *4 (D. Conn. Mar. 31, 2016). "The second stage of the due process inquiry asks whether the assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice— that is, whether it is reasonable under the circumstances of the particular case." *Metro. Life Ins. Co. v. Robertson-CECO Corp.*, 84 F.3d 560,568 (2d Cir. 1996).

A plaintiff can establish "minimum contacts" with a forum by showing that a defendant has continuous and systematic contacts in the forum (general jurisdiction), or that the cause of action arose out of the defendant's activities within that forum (specific jurisdiction). *See Helicopteros Nacionales de Coloumbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). A court "may exercise general jurisdiction only when a defendant is 'essentially at home' in the State … Those claims need not relate to the forum or State or the defendant's activity there; they may concern events and conduct anywhere in the world. But  … [o]nly a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)); *see also Byrd v. Hishbach, LLC*, No. 2:16-CV-01449-KOB, 2017 WL 2730399, at *4 (N.D. Ala. June 26, 2017) (concluding that the court lacked general jurisdiction over individual defendants where the defendants were not residents of, and did not own property or conduct business in, the forum state). Specific jurisdiction will only exist if the nonresident's contacts with

the forum state are such that the nonresident "should reasonably anticipate being haled into court there," *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980), because she performed "some act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws*," Burger King Corp, v. Rudzewicz*, 471 U.S.  462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Ms. Graybeal lacks minimum contacts under both the general and specific jurisdiction tests. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Dailmer*, 571 U.S. at 137. There can be no general jurisdiction here, because Mr. Graybeal is domiciled in Washington, not Connecticut. (See Affidavit of Ms. Graybeal and Doc. 1-1, ¶8).

The specific jurisdiction analysis aligns with the long-arm statute argument discussed in prior sections. The benchmark of minimum contacts is whether a defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus involving the benefits and protections of its laws." *Hanson*, 357 U.S. at 253. Contacts that are "random, furious, or attenuated" are insufficient. *Burger King*, 471 U.S.  at 475 (1985). As well as contacts stemming from "unilateral activity of another party." *Id*. In the subject action, given Ms. Graybeal's is not an employee, agent or representative of Uber Technologies, Portier, LLC or Rasier, LLC, it cannot be said that she made a decision to purposefully avail herself of the privilege of conducting activities in Connecticut. Plaintiffs accordingly cannot use the purported unilateral activities of the corporate defendants in this matter to establish minimum contacts on the behalf of Ms. Graybeal.  Ms. Graybeal

has not transacted business in Connecticut, solicited business there, or otherwise purposefully availed herself of Connecticut's laws though her individual dealings.

Accordingly, plaintiffs cannot establish the necessary "minimum contacts" for specific jurisdiction and the assertion of personal jurisdiction would not comport with "fair play and substantial justice." *Burger King*, 471 U.S. at 476. As such, plaintiffs cannot establish any basis for personal jurisdiction that would comport with due process and Connecticut's long-arm statute, and this Court should dismiss Counts One, Two and Three of the Complaint as to Ms. Graybeal.

## IV.    CONCLUSION

For the reasons discussed above, defendant Ms. Graybeal respectfully requests that the Court dismiss plaintiffs' claims against her for lack of personal jurisdiction and insufficient service of process.

DEFENDANT,
STEPHANIE GRAYBEAL


By_____/s/ Karess A. Cannon_____
   Karess A. Cannon (ct30341)
   Howd & Ludorf, LLC
   100 Great Meadow Road
   Suite 201
   Wethersfield, CT  06109
   Ph:  (860) 249-1361
   Fax:  (860) 249-7665
   E-mail: kcannon@hl-law.com

## <u>CERTIFICATION</u>

This is to certify that on November 20, 2023 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Kaitlin Halloran, Esquire
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
**filing@bbbattorneys.com**

Kenneth J. Krayeske, Esquire
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
**KKRAYESKE@BBBATTORNEYS.COM**

Peter Christopher Bowman, Esquire
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
**filing@BBBAttorneys.com**

Benjamin Halloran Levites, Esquire
175 Federal Street
Boston, MA 02110
**blevites@coughlinbetke.com**

_____/s/ Karess A. Cannon_____
Karess A. Cannon
