UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____
                                    )
ELIZABETH CANTAFI, ADMINISTRATOR    )
OF THE ESTATE OF ZACHARY CANTAFI    )
ELIZABETH CANTAFI, DANA ANDREWS     )
and DANIELLE KORNACKI               )
                                    )
         Plaintiffs,                )
                                    )    CIVIL ACTION
         v.                         )
                                    )    NO. 3:23-CV-1245-KAD
STEPHANIE GRAYBEAL,                 )
UBER TECHNOLOGIES, INC.,            )
PORTIER, LLC, RASIER, LLC, VINCENT LISI, )
EDGAR PASTRANA and ASHLEY SULEWSKI  )
         Defendants.                )    DECEMBER 7, 2023
_____ )

**PLAINTIFFS' OBJECTION TO MOTION TO TRANSFER**

Plaintiffs Elizabeth Cantafi, administratrix of the estate of Zachary Cantafi, et al, hereby object to the Defendants' Motion to Transfer (ECF 22, November 13, 2023).

Plaintiffs object first that the motion to transfer is premature, since the Court has not yet decided on the Plaintiffs' Motion to Remand (ECF 20, October 10, 2023).

Second, Plaintiffs object that the Defendants have not met their heavy burden of clear and convincing evidence to win a transfer. The Defendants have not made clear which Court it seeks, since the caption of the Memorandum (ECF 23) states Eastern District of Washington and the text switches between the Eastern and Western Districts (cf. p1 with p4). Plaintiffs acknowledge, though, that Spokane is in the Eastern District of Washington, and that is presumably where Defendants seek to transfer this case to.

1

### I.     The Order of Pleadings Requires the Court to Hear the Motion For Remand First

As noted in Plaintiffs' Nunc Pro Tunc Motion For Extension of Time (ECF 28), "When presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address the motion to transfer venue only if it first denies the motion to remand." *Deutsche Oel & Gas S.A. v. Energy Cap. Partners Mezzanine Opportunities Fund A, LP*, No. 19-CV-11058 (RA), 2020 WL 5814233, at *5 (S.D.N.Y. Sept. 30, 2020)(citing *Stahl v. Stahl*, No. 03 CV 0405, 2003 WL 22595288, at *2 (S.D.N.Y. Nov. 7, 2003)).

Thus, a grant of remand moots the motion to transfer. Since the Court should remand this case, as the Defendants have not met the clear and convincing standard of evidence to show improper joinder, this motion for transfer is moot.

### II.    If the Court Denies Remand, Venue in Connecticut Remains Appropriate

Should the Court deny Plaintiffs' motion for remand, Plaintiffs vigorously object to any transfer out of this venue.

#### A.  Defendants Have Not Met The Burden for Transfer With Clear Evidence

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. §1404(a).

"[T]he party requesting transfer carries the burden of making out a strong case for transfer." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010). "To overcome the presumption in favor of plaintiffs, defendant must make a clear showing that the proposed transferee district is a more convenient one, and that the interests

of justice would be better served by a trial there. Where the inconvenience to the parties and witnesses are evenly balanced, the plaintiff is entitled to his choice of forum." (Internal citations and quotations omitted.) *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 395 (S.D.N.Y. 2006).

> "The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court." *Forjone v. California*, 425 F. App'x 73, 74 (2d Cir. 2011) (summary order) (cleaned up). The inquiry involves two steps: first, the court must establish whether the case could have been filed in the proposed transferee district, and second, the court must determine whether the convenience of the parties and the interests of justice favor transfer.

*Speedfit LLC v. Woodway USA, Inc.*, 642 F. Supp. 3d 429, 437 (S.D.N.Y. 2022).

Plaintiffs agree with Defendants that the factors in *Umeugo v. Bloomfield*, 2020 U.S. Dist. LEXIS 266768 (D. Conn. Aug. 4, 2020)(Covello, J.) control. But Defendants have not established this case could have been filed in one of the courts in the District of Washington. Nor can Defendants tip the balance out of Plaintiffs' favor on the convenience of the parties.

### B. Courts Give Great Weight to Plaintiffs' Choice of Forum

Analysis of the *Umuego* convenience factors runs in Plaintiffs' favor. Plaintiffs chose Connecticut, and courts give great weight to Plaintiffs' choice of forum. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006)(citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). "Plaintiff's choice of forum is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer." (Internal citations and quotations omitted.) *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 395 (S.D.N.Y. 2006).

The locus of operative facts weighs towards a transfer, but that should not outweigh Plaintiffs' choice of forum. Other factors weigh in favor of Plaintiffs.

In the internet age, geographical considerations of discovery materials mean little. The evidence will photographic, documentary and testimonial. No jury will do a wreckage inspection of the vehicle, and any experts can be retained there and testify here. This factor of access to evidence is neutral, as is the the convenience of witnesses. In this age of remote depositions, most testimony does not have to be in person. Plaintiffs' counsel would bear the litigation costs of flying to Washington once to depose individual Defendant Graybeal and to do any non-party, eyewitness depositions, if need be.

As to the availability of process to compel the attendance of unwilling witnesses, Defendants have not identified any witnesses who would be unwilling to attend a trial absent the compulsion of a subpoena. Defendants point to F.R.C.P. Rule 45(c)(1)(A), but do not countenance how during and since the Covid pandemic, courts have accommodated remote testimony of eyewitnesses. Eyewitnesses in Washington could be subpoenaed to a Washington courthouse for satellite link testimony. Defendants do not meet their burden here.

The factor of the convenience of the parties leans in Plaintiffs' favor here, since their choice of forum was for their convenience. Defendant Uber and its affiliates have an established presence here in Connecticut. The main Plaintiff here is the penniless Estate of a young man killed while riding his bicycle. His Estate lacks the means to shuttle witnesses and counsel to Washington State for discovery like depositions. While those could be remote, Plaintiffs did not want a multi-day trial in the Pacific Northwest. Costs of lodging and meals and

transportation for days present the more serious hardship to the Plaintiff Estate and the surviving Plaintiff family members.

Mr. Cantafi's grieving family members sought this venue out of financial need and their own convenience. They should not be forced to struggle to finance a cross-country sojourn for trial.

The familiarity of the forum with the governing law is neutral. Federal courts routinely apply the laws of other forums while sitting in diversity jurisdiction.

Trial efficiency weighs in Plaintiffs' favor, as it will be inefficient for them and their lawyers to have to go to Washington to try this case.

The relative means of the parties weighs in favor of Plaintiffs choice of venue. Plaintiffs are grieving human beings of modest economic resources living in Connecticut.  Uber and its subsidiaries are a behemoth, multinational juggernaut. "After Uber's founding in 2009, its valuation soared, with some investors assigning a valuation as high as $68 billion by mid-2016." *Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, 998 F.3d 397, 401 (9th Cir. 2021). "Uber's total number of U.S. trips in 2019 was 1.5 billion". *Islam v. Lyft*, Inc., 524 F. Supp. 3d 338, 352 (S.D.N.Y. 2021), *reconsideration denied, motion to certify appeal granted*, No. 20-CV-3004 (RA), 2021 WL 2651653 (S.D.N.Y. June 28, 2021), *motion to certify appeal denied*, No. 20-CV-3004 (RA), 2021 WL 5762211 (S.D.N.Y. Dec. 3, 2021), and *appeal withdrawn*, No. 21-1772, 2021 WL 6520224 (2d Cir. Nov. 8, 2021).

The Uber defendants can easily come to Connecticut, while the Cantafi Plaintiffs cannot easily come to Washington for a full trial.

The interests of justice weigh in Plaintiffs' favor.

As stated in the Plaintiffs' Nunc Pro Tunc Motion for Extension of Time to Object (ECF 28), Plaintiffs object to the argument made by the Uber Defendants that the Court lacks jurisdiction over Defendant Graybeal. Plaintiffs have moved for an extension of time to object to Defendant Graybeal's Motion to Dimiss (ECF 25) until January 6, 2023, and Plaintiffs will import the particulars of their argument from that objection into this objection, since the order of pleadings indicates that her motion to dismiss is heard before this motion to transfer.

Assessment of all the factors demonstrates how Defendants cannot make a clear showing that the interests of the case are best served in Washington, on the other side of the country. The Court should not exercise its discretion to transfer the case.

### III.     Defendants' Motion to Transfer Should Be Denied

Transfer is inappropriate, and the Plaintiffs objection to the transfer should be sustained.

PLAINTIFFS,
THE ESTATE OF ZACHARY CANTAFI, ET AL

___/s/_____
Peter Christopher Bowman
BBB Attorneys, LLC
3651 Main Street
Suite 200
Stratford, CT 06614
203-562-0900
203-562-0902 (fax)
filing@bbbattorneys.com

\_\_\_/s/_____
Kenneth James Krayeske
BBB Attorneys, LLC
3651 Main Street
Suite 200
Stratford, CT 06614
203-562-0900
203-562-0902 (fax)
kkrayeske@bbbattorneys.com