UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ELIZABETH CANTAFI, ADMINISTRATRIX OF THE
ESTATE OF ZACHARY CANTAFI, ELIZABETH CANTAFI,
DANA ANDREWS, and DANIELLE KORNACKI,
*Plaintiffs*,
v.
STEPHANIE GRAYBEAL, UBER TECHNOLOGIES, INC.
PORTIER, LLC, RASIER, LLC, VINCENT LISI, EDGAR
PASTRANA, and ASHLEY SULEWSKI                         3:23-CV-01245-KAD
*Defendants*.                                         Thursday, December 21, 2023

**REPLY IN FURTHER SUPPORT OF MOTION TO TRANSFER**

Plaintiffs concede that the locus of operative facts in this Spokane, Washington accident case is Spokane, Washington. Doc. 29 at 4. Thus, venue is undisputedly proper in the Eastern District of Washington, in which a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Plaintiffs further allege and do not dispute that defendant Stephanie Graybeal is a resident of Washington, and the defendants are therefore not all residents of Connecticut. Doc. 1-1 at 3; 28 U.S.C. § 1391(b)(1). Thus, venue is undisputedly improper in Connecticut. 28 U.S.C. § 1391(b)(1), (3).

Plaintiffs further concede the application of *Umeugo v. Bloomfield*, 2020 U.S. Dist. LEXIS 266768 (D. Conn. Aug. 4, 2020), in which the Court granted a motion to transfer a case concerning a New Jersey slip-and-fall to the District of New Jersey. Doc. 29 at 3. The plaintiffs do not distinguish *Umeugo* or other cited authority granting transfers of out-of-state accidents from this case, but instead insist that their choice of venue is entitled deference. Doc. 29 at 3-4. "A plaintiff's choice of forum receives less deference, however, when the locus of operative facts is elsewhere." *Umeugo, supra* at *9 (citations omitted). The motion to transfer should be granted.

1

# ARGUMENT

## I. The plaintiffs failed to show that venue is proper in the District of Connecticut

As an initial matter, the plaintiffs have not made any responsive showing that venue is proper in the District of Connecticut, despite conceding the locus of operative facts is Spokane, Washington, where one of the defendants resides. This alone is fatal to their objection to the motion to transfer. "[O]nce a challenge properly has been made as to venue, it becomes the plaintiff's burden to show that venue is proper. Inasmuch as Plaintiffs made no response at all to that portion of Defendant's moving papers claiming improper venue, the Court holds that Plaintiffs have waived such a challenge. Thus, the Court hold that there exists no proper venue in this District." *Syed v. Housel*, 106 F. Supp. 2d 397, 400 (D. Conn. 2000) (Burns, J.) (citation omitted) (granting transfer of out-of-state car accident). As the motion properly challenged venue in the District of Connecticut, it was incumbent upon plaintiffs to show that venue was proper, and they have not. The motion to transfer should be granted.

## II. As plaintiffs have conceded the locus of operative facts is in Washington, the balance of the *Umeugo* factors requires transfer

The balance of the *Umeugo* factors militates in favor of transfer, and plaintiffs' own recitation of the facts essentially concedes this. *First*, plaintiffs concede at the outset that the locus of operative facts is Spokane, Washington. Doc. 29 at 4. For this reason alone, the motion to transfer should be granted. The locus of operative facts, "is a **primary** factor in determining a section 1404(a) motion to transfer." *Delacruz v. Giermak*, 2021 U.S. Dist. LEXIS 220381 (S.D.N.Y. Nov. 12, 2021) (Wang, J.) (citations, quotation omitted) (emphasis added). "Courts routinely transfer cases when the principal events occurred in another district." *Umeugo, supra* at

*7. Plaintiffs do not articulate any point of distinction here from these routine transfers of out-of-state accident cases. *See* Doc. 23 at 6, *citing Umeugo, supra* (transferring out of state slip-and-fall); *Seltzer v. Omni Hotels*, 2010 U.S. Dist. LEXIS 103495 (S.D.N.Y. Sep. 30, 2010 (Francis, J.) (same); *Cuzzupoli v. Metro-North Commuter R.R.*, 2003 U.S. Dist. LEXIS 10978, at *9 (S.D.N.Y. June 26, 2003) (Haight, J.) (transferring out-of-state car accident); *Schultze v. DaimlerChrysler Corp.*, 2006 U.S. Dist. LEXIS 85273, at *10-11 (S.D.N.Y. Nov. 14, 2006) (Buchwald, J.) (same); *Syed, supra* at 400 (same). The locus of operative facts favors transfer.

*Second*, it bears emphasis that plaintiffs do not dispute that all of the evidence in this case is located in Spokane, Washington. Doc. 29 at 4. Thus, the factor of access to evidence patently favors transfer. The plaintiffs' insistence that the parties can engage accident expert witnesses in Washington, and fly to Washington for the deposition of Graybeal and any other non-party witnesses–of which there are at least five, comprising two first responders and three bystanders, see Doc. 23 at 7–does not make this factor neutral. Doc. 29 at 4. To the contrary, that all the evidence is located in Washington means that the access to evidence favors transfer. *See Syed, supra* at 400*; Schultze, supra* at *6.

*Third,* given that plaintiffs do not dispute that all the relevant witnesses to the accident are in Washington, the convenience of the witnesses similarly favors transfer. "In many ways, the analysis of convenience to witnesses, like that concerning the availability of process to compel testimony from unwilling witnesses, boils down to in which forum would the trier of fact have the benefit of live testimony from more of the significant witnesses." *Seltzer, supra* at 261 (citations, quotation, and alteration omitted). Here, the percipient witnesses are all in Spokane

Washington, and transfer would afford the Eastern District court the benefit of their live testimony. Their convenience favors transfer.

*Fourth,* the plaintiffs misapprehend the applicable law concerning remote trial testimony and compulsory process to compel witness testimony in this case: "neither the text of the rules nor the advisory committee's notes establish that the 100-mile limitation is inapplicable to remote testimony or that the place of compliance under Rule 45 changes the location of the trial or other proceeding to where the witness is located when a witness is allowed to testify remotely." *In re Kirkland*, 75 F.4th 1030, 1044 (9th Cir. 2023) (quotations omitted) (quashing trial subpoena compelling witnesses to testify remotely where they reside out of state over 100 miles from the location of the trial). Thus, unwilling witnesses–who include, at a minimum, eyewitness Gary Mauri, who did not provide a statement to the police when requested–cannot be simply compelled to testify remotely at the Spokane courthouse for a live New Haven trial as plaintiffs suggest. Doc. 29 at 4. The availability of compulsory process favors transfer.

*Fifth*, the convenience of the parties means the convenience of all parties–not just the plaintiffs. Doc. 29 at 4. Here, defendant Graybeal–the only party with any personal knowledge of this accident–is a Spokane, Washington resident. Her convenience favors transfer. Defendants Uber, Portier, and Rasier have corporate offices in Seattle, but not Connecticut. *See e.g. Schultze, supra* at *5. Their convenience favors transfer. The remaining defendants are not properly joined, and insofar as there is claimed inconvenience to plaintiffs, "this inconvenience arises from the nature of Plaintiff's claims"; they chose to file suit in Connecticut, rather than Washington. *See Letskus v. KVC Grp., LLC*, 2022 U.S. Dist. LEXIS 118277, at *17-18 (D. Conn. July 6,

4

2022) (Nagala, J.) (transferring out-of-state contract case). Further, notwithstanding their claimed inconvenience, plaintiffs have stated in the same breath that they would bear the litigation costs of flying counsel to Washington for the multiple depositions of Graybeal and any eyewitnesses. Doc. 29 at 4. The convenience of the parties favors transfer.

*Sixth,* the governing law of this case is Washington's law, not Connecticut's, and therefore the United States District Court for the Eastern District of Washington will have greater familiarity with the governing law. A federal court sitting in diversity must apply the choice of law rules of its forum state. *Erie R. R. v. Tompkins*, 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1938). In this regard, both Washington and Connecticut have adopted the "most significant relationship" test. *See Kenneally v. Suzuki Motor Co.,* No. C93-876R, 1994 U.S. Dist. LEXIS 21554, at *6 (W.D. Wash. Aug. 9, 1994) (Rothstein, J.) (applying Wyoming law to Wyoming car accident); *Svege v. Mercedes Benz Credit Corp.*, 182 F. Supp. 2d 226, 229 (D. Conn. 2002) (Bond, J.) (applying Pennsylvania law to Pennsylvania car accident). Here, the most significant relationship test requires the application of the law of Washington. *See Svege, supra* at 229; *see also id., citing Williams v. State Farm Mutual Automobile Ins. Co.*, 229 Conn. 359, 641 A.2d 783 (1994) (applying New York law to New York car accident). "Since it is presumed that a federal court in a particular forum has greater familiarity with the law of the state in which it sits than does a court in a foreign state, this factor weighs in favor of transfer." *Seltzer, supra* at * 16. Thus, the familiarity of the forum, the Eastern District of Washington, with the governing law, of Washington, favors transfer.

*Seventh*, trial efficiency concerns whether transfer is sought "to the venue where the trial would be most expedient and just." *Seltzer, supra* at *16-17, citing In re Nematron Corp. Sec.*

*Litig.,* 30 F. Supp. 2d 397, 407 (S.D.N.Y. 1998) (Sweet, J.). The plaintiffs have improperly re-oriented the objective factors concerning transfer into subjective ones. The issue of trial efficiency concerns the efficiency of the trial–not plaintiffs' counsel's efficiency and convenience. See Doc. 29 at 5. Here, the Eastern District of Washington has approximately half the pending cases as the District of Connecticut, and a faster median time to disposition. *See* U.S. District Courts, *Median Time From Filing to Disposition of Civil Cases, by Action Taken— During the 12-Month Period Ending March 31, 2023,* CIVIL FEDERAL JUDICIAL CASELOAD STATISTICS, at Table C-5 (March 31, 2023), https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2023/03/31. The trial efficiency favors transfer.

*Eighth,* a party arguing for or against transfer on the grounds of the relative means of the parties "must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances." *Dostana Enters. LLC v. Fed. Express Corp.*, 2000 U.S. Dist. LEXIS 11726, at *11 (S.D.N.Y. Aug. 9, 2000) (Sweet, J.). Plaintiffs have offered no such documentation, only conclusory statements. Doc. 29 at 5. The means of the parties does not weigh against transfer.

*Ninth,* the interests of justice–which plaintiffs do not even argue, Doc. 29 at 5–"relates primarily to issues of judicial economy." *Umeugo, supra at* *17 (citations omitted). "This factor is broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer." *Id., citing Charter Oak Fire Ins. Co. v. Broan-Nutone, LLC*, 294 F. Supp. 2d 218, 220 (D. Conn. Dec. 4, 2003) (Hall, J.) (plaintiff's choice of forum does not control when the only connection the state has to the case's operative

facts is that the plaintiff resides there). Here, "the interests of justice weigh in favor of transfer because the scene of the incident" was in Washington, and it involved Washington residents. *Umeugo, supra* at *18.

Additionally, the circumstances of this case include the fact that Graybeal is not subject to this Court's personal jurisdiction under Connecticut's long-arm statute, Connecticut General Statutes § 52-59b(a), as she is not alleged to have sufficient minimum contacts with Connecticut. *See* Doc. 1-1 at ¶ 9; *see also Viera v. Tarvin*, (2005 U.S. Dist. LEXIS 2074 at *6 (D. Conn. Feb. 11, 2005) (Droney, J.). Nor is it apparent she was properly served under Connecticut General Statutes § 52-62, which applies only to accidents occurring in Connecticut. Doc. 1-4 at 75. Although Graybeal has moved to dismiss the complaint on these very grounds, Doc. 25, plaintiffs offer no specific objection in opposition to this motion to transfer to the argument that the Court lacks jurisdiction over Graybeal. Doc. 29 at 6. Instead, plaintiffs propose to submit an unidentified supplemental sur-reply for which permission has not been sought under Local Rule of Civil Procedure 7(d) on this issue at an unspecified time in the future. Doc. 29 at 6. In view of the particular circumstances of this case, "[c]onsidering all of the facts here, the interests of justice and judicial economy weigh in favor of transfer." *Umeugo, supra* at *18.

## CONCLUSION

As the plaintiffs concede the locus of operative facts in this case is Spokane, Washington, it has been established that the Eastern District of Washington is a proper venue. In contrast, the plaintiffs have not carried their burden of establishing that venue is proper in this District. The motion to transfer should be granted for this reason alone. Further, even if the plaintiffs had

shown venue was proper here, by conceding that the locus of operative facts is in Washington, their choice of forum is not entitled to deference. The balance of the relevant factors favor transfer of this Spokane, Washington accident case to Spokane, Washington. The motion should be granted.

        Respectfully submitted,
Uber Technologies, Inc., Rasier, LLC, and Portier, LLC, Vincent Lisi, Edgar Pastrana, Ashley Sulewski
By their attorneys,

/s/ Ben Levites
Christopher Betke ct30809
Kevin J. O'Leary, ct30271
Benjamin H. Levites, ct30481
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
cbetke@coughlinbetke.com
koleary@coughlinbetke.com
blevites@coughlinbetke.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on Thursday, December 21, 2023.

/s/ Ben Levites
Benjamin Levites