UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH CANTAFI, ADMINISTRATOR OF THE ESTATE OF ZACHARY CANTAFI ELIZABETH CANTAFI, DANA ANDREWS and DANIELLE KORNACKI<br><br>Plaintiffs,<br><br>v.<br><br><br>STEPHANIE GRAYBEAL,<br>UBER TECHNOLOGIES, INC.,<br>PORTIER, LLC, RASIER, LLC, VINCENT LISI,<br>EDGAR PASTRANA and ASHLEY SULEWSKI<br>Defendants. | CIVIL ACTION<br><br>NO. 3:23-CV-1245-KAD<br><br><br><br><br><br>JANUARY 2, 2024 |

**PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME TO OBJECT TO DEFENDANT GRAYBEAL'S MOTION TO DISMISS**

Plaintiffs Elizabeth Cantafi, administratrix of the estate of Zachary Cantafi, et al, hereby move for a second extension of time in which to object to the Defendant Stephanie Graybeal's Motion to Dismiss (ECF 25, November 20, 2023). Plaintiffs ask the Court for an extension to seven days after the ruling on the motion for remand (ECF 20, 10/10/23) to object to the Motion to Dismiss, or seven days after the Motion For Transfer (ECF 22, 11/13/23) is ruled upon.

1. The Court (ECF 30, 12/8/23) granted Plaintiffs' first motion for extension of time (ECF 27, 12/7/23) and extended the deadline to respond until January 6, 2024. Federal time calculations mean that the objection is not actually due until January 8, 2024.

1

2. Plaintiffs, upon considering this Motion to Dismiss, move for an extension of time until seven days after the ruling for the Motion to Remand (ECF 20, 10/10/23) is ruled upon.

3. If the Plaintiffs succeed and win remand back to Connecticut Superior Court, then this Court will not hear the Motion to Dismiss.

4. If the Plaintiffs lose remand and the case stays in the United States District Court system, the Uber defendants have moved to transfer this case to what appears to be the Eastern District of Washington (ECF 22, 11/13/23). Should the Court decline to remand, and then determine to transfer the case, Defendant Graybeal's motion to dismiss is largely mooted by such an action.

5. Plaintiffs noted this order of pleadings as a rationale in their first motion for extension of time (ECF 25, ¶5). Judicial economy seems to indicate that Plaintiffs' wait to expend resources arguing a question that may either be heard by another court or be altogether mooted by a transfer.

6. Pursuant to Local Rule 7(c), Plaintiffs have inquired of Defendant's counsel for their consent, and Defendant has not responded as of yet. Plaintiffs will report to the Court the status of Defendant Graybeal's consent when a response is received.

7. Plaintiffs' counsel makes this motion in good faith and not for the purpose of delay.

8. No party is prejudiced by such a motion for extension of time, as no scheduling order has been set.

9. This motion is filed at least three days before the pleading is due, pursuant to Local Rules.

WHEREFORE, in light of the foregoing, Plaintiffs respectfully requests an extension of seven days after the Plaintiffs' Motion for Remand is ruled upon, or, seven days after the motion to transfer is ruled upon.


\_\_\_/s/_____
Peter Christopher Bowman
BBB Attorneys, LLC
3651 Main Street
Suite 200
Stratford, CT 06614
203-562-0900
203-562-0902 (fax)
filing@bbbattorneys.com


\_\_\_/s/_____
Kenneth James Krayeske
BBB Attorneys, LLC
3651 Main Street
Suite 200
Stratford, CT 06614
203-562-0900
203-562-0902 (fax)
kkrayeske@bbbattorneys.com