UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIZABETH CANTAFI, ADMX. OF THE ESTATE OF ZACHARY CANTAFI, ET AL | : : : | NO.: 3:23-1245-KAD |
| v. | : : | |
| STEPHANIE GRAYBEAL, ET AL | : | JANUARY 8, 2024 |

**OBJECTION TO PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME TO OBJECT TO DEFENDANT GRAYBEAL'S MOTION TO DISMISS**

In light of the Court's Order taking the plaintiffs' request for a "floating deadline" dependent upon the Court's decisions on other motions in this matter under advisement [Doc. 34], the defendant, Stephanie Graybeal, hereby wishes to be heard and argues, as the Court is well aware, that cases consistently hold that, when faced with both a motion for lack of personal jurisdiction and a motion to remand, the district court has the discretion to decide which to take up first. *See, e.g.,* Canton Fitzgerald, L.P. v. Yagi Euro (Hong Kong) Ltd*.,* 88 F.3d 152 (2d Cir.1996); Cooper v. McDermott Int'l, Inc.*,* 62 F.3d 395, 1995 WL 450209, 1995 U.S.App. LEXIS 21253 (5th Cir. July 6, 1995)(unpublished); Villar v. Crowley Maritime Corp*.,* 990 F.2d 1489,1494–95 (5th Cir.1993). As such, to the extent the plaintiffs insist the motion for remand and/or motion to transfer must be adjudicated prior to the defendant's motion to dismiss, that argument is misguided. The Court has explained that,

> "Customarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case. On some occasions, however, considerations of judicial economy and restraint may persuade the court to avoid a difficult question of subject-matter jurisdiction when the case may be disposed of on a simpler ground… In exercising its discretion as to which question to consider first, a court should be convinced that the challenge to the court's

subject-matter jurisdiction is not easily resolved and that the alternative ground is considerably less difficult to decide."

Cantor Fitzgerald, L.P, v. Peaslee, 88 F.3d 152, 155 (2d Cir. 1996).

To that end, the defendant argues this is an instance were adjudicating the motion to dismiss first will assist with judicial economy for several reasons. *First*, it is "less difficult to decide," as the motion to remand presents a more fact-intensive analysis whereas the motion to dismiss is simply jurisdictional. *Second*, whether or not this case is remanded the fact remains, Ms. Graybeal lacks sufficient contacts with the Connecticut to establish personal jurisdiction or to fairly subject her to trial in Connecticut, so that a remand to state court would not cure the defect. *Third*, even if this case is transferred to the Eastern District of Washington, plaintiffs failed to effect service on Ms. Graybeal pursuant to Connecticut's long-arm statute, C.G.S. 52-59b(c), for nonresident individuals, which again cannot be cured by transferring this matter to another district.

WHEREFORE, this Court has the discretion to decide what motion to address first and the defendant urges the Court to consider adjudicating her motion to dismiss before the other pending motions in this matter.

>                DEFENDANT,
>                STEPHANIE GRAYBEAL
>
>                By /s/ Karess A. Cannon
>                   Karess A. Cannon (ct30341)
>                   Howd & Ludorf, LLC
>                   100 Great Meadow Road
>                   Suite 201
>                   Wethersfield, CT  06109
>                   Ph:  (860) 249-1361
>                   Fax:  (860) 249-7665
>                   E-mail: kcannon@hl-law.com

## **CERTIFICATION**

      This is to certify that on January 8, 2024 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Kaitlin Halloran, Esquire
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
**filing@bbbattorneys.com**

Kenneth J. Krayeske, Esquire
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
**KKRAYESKE@BBBATTORNEYS.COM**

Peter Christopher Bowman, Esquire
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
**filing@BBBAttorneys.com**

Bartley Halloran, Esquire
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
**bhalloran@bbbattorneys.com**

Benjamin Halloran Levites, Esquire
175 Federal Street
Boston, MA 02110
**blevites@coughlinbetke.com**


                                                                        /s/ Karess A. Cannon
                                                                         Karess A. Cannon