

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____

| | |
|---|---|
| ELIZABETH CANTAFI, ADMINISTRATOR ) | |
| OF THE ESTATE OF ZACHARY CANTAFI ) | |
| ELIZABETH CANTAFI, DANA ANDREWS ) | |
| and DANIELLE KORNACKI ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | NO. 3:23-CV-1245-KAD |
| ) | |
| STEPHANIE GRAYBEAL, ) | |
| UBER TECHNOLOGIES, INC., ) | |
| PORTIER, LLC, RASIER, LLC, VINCENT LISI, ) | |
| EDGAR PASTRANA and ASHLEY SULEWSKI ) | |
| Defendants. ) | FEBRUARY 7, 2024 |

_____

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXTEND THE TIME FOR SERVICE OF PROCESS**

Pursuant to Fed. R. Civ. P. 4(m), the Plaintiffs – Elizabeth Cantafi in both her individual capacity and as administrator of the Estate of Zachary Cantafi, Dana Andrews, and Danielle Kornacki – respectfully submit this motion in support of their request for the Court to extend the time during which they may serve process on Defendant Stephanie Graybeal for 30 days from the date the Court rules on this motion.

**I.  Background**

On or about August 29, 2021, Zachary Cantafi rode his bike through the intersection of Division Street and Hawthorne Street, Spokane, Washington. Dkt. 1-1, Count One ¶ 1. At the same time, Stephanie Graybeal – an Uber/Uber Eats driver – drove through the intersection and struck Zachary Cantafi with her car. *Id*. at ¶¶ 2-4. At the time

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



of the accident, Graybeal was speeding and operating her car under the influence of marijuana. *Id*. at ¶ 5. The collision caused fatal injuries to Zachary Cantafi. *Id*. at ¶ 10.

The Plaintiffs – Cantafi's estate, his grandmother who raised him, and his sisters – brought this action on August 24, 2023 in Connecticut state court against the Defendants – all entities or employees of the Uber brand. Dkt. 1-1. The Uber Defendants – Uber Technologies, Inc., Portier, LLC, and Rasier, LLC – removed this case to this court on September 22, 2023. Dkt. 1. The Plaintiffs filed a motion to remand the case to Connecticut state court on October 10, 2023. Dkt. 20. That motion remains pending before the Court.

Joined by Defendants Vincent Lisi, Edgar Pastrana, and Ashley Sulewski, the Uber Defendants moved to transfer this case to the Eastern District of Washington on November 13, 2023. Dkt. 22. The Plaintiffs objected to that motion on December 7, 2023. Dkt. 29. That motion remains pending before the Court.

Defendant Graybeal, however, filed a motion to dismiss the Plaintiffs' complaint against her on November 20, 2023. Dkt. 25. The main thrust of her arguments is that she was improperly served and that the court lacks personal jurisdiction over her. Dkt. 25-1.

Plaintiffs have reached out to opposing counsel pursuant to Local Rule 7(c) for their consent, but have received no answer. Plaintiffs admittedly sought consent February 7, 2024. But given the Defendant's objection to the Plaintiffs' second motion for extension of time to respond to the motion to dismiss (ECF 35, 1/8/24), Plaintiffs presume Defendant Graybeal probably will not consent and object to this.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



## II. Legal Standard

Fed. R. Civ. P. 4(m) provides:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

To evaluate good cause, courts typically consider "(1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay." *Britton v. Connecticut*, 2016 WL 308774 at *4 (D. Conn. 2016) (internal citations and quotations marks omitted).

In the absence of good cause, courts still retain their discretion to grant extensions of the time allotted to serve. *Zapata v. City of New York*, 502 F.3d 192, 193 (2d Cir. 2007). Courts typically consider four factors: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Britton*, 2016 WL 308774 at *5 (internal quotation marks and citations omitted).

## III. Argument

The Plaintiffs demonstrate good cause to extend the time for service by thirty (30) days. With respect to the first fact, the Plaintiffs did make reasonable and diligent efforts to serve Graybeal with process. They hired a state marshal in compliance with

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



Connecticut law, delivered the relevant information including Graybeal's address to the marshal, and gave instructions on how to effectuate service. The undersigned reasonably relied on the marshal to follow their instructions, and their office filed the return of service with the state court as they normally do in the course of business.

Only after the undersigned had a chance to review Defendant Graybeal's motion to dismiss and the return of service at the end of January, 2024 did they realize the defect in the service of process. They promptly investigated the matter, and they ascertained that some confusion occurred when they gave instructions to the marshal on how to serve process in this case. They cannot undo the effect of that confusion, but they will diligently act to properly serve Graybeal under Connecticut's long arm statute.

No prejudice will result to Defendant Graybeal from the delay. She has 14 days from the filing of the Plaintiffs' response to her motion to dismiss to file a reply memorandum. The Court still must resolve the parties' dispute regarding the removal of this action to federal court. It is not likely to issue a decision on Defendant Graybeal's motion to dismiss within two weeks of her reply memorandum being filed. In sum, Graybeal has actual notice of this lawsuit and appeared through counsel to defend it and assert her rights. Permitting the Plaintiffs a brief extension of time to effectuate service of process will not prejudice Graybeal by delaying this case. Instead, it will serve judicial economy and the speedy determination of her arguments by eliminating a predicate issue in this case – one that would actually cost her more money and resources if the Court dismissed the action for insufficient service of process and the Plaintiffs refiled the action as they certainly would.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



Thus, good cause exists to extend the deadline for service of process.

If the Court does not find good cause, it should still exercise its discretion to extend the deadline. As to the first and third factors, the statute of limitations still has significant time left on it for the Plaintiffs to refile their claims, and Defendant Graybeal did not conceal the defect in the service of process. The second and fourth factors favor the Plaintiffs though.

These two factors combine in analysis. Graybeal received actual notice of this action. By all accounts, the service of process was properly delivered to her home in Washington, and she appeared by counsel in this case and was able to timely assert her rights. She was also served through her employer Defendant, who accepted service for her through their Connecticut agent. She incurred no prejudice or harm in locating counsel, properly preparing a response to the Plaintiffs' complaint, and participating in all aspects of the litigation. As discussed previously, permitting the Plaintiffs additional time to serve her with process would actually avoid prejudice to her by saving her the expense of legal fees associated with beginning this case again from the start on issues that have already been briefed to the Court.

The Court should exercise its discretion to promote efficiency and grant the Plaintiffs' motion to extend the time for service of process.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM



RESPECTFULLY SUBMITTED,

THE PLAINTIFFS

BY: <u>/s/ Kenneth James Krayeske</u>
Kenneth James Krayeske – ct28498
Peter Christopher Bowman
BBB Attorneys, LLC
3651 Main Street
Suite 200
Stratford, CT 06614
203-562-0900
203-562-0902 (fax)
filing@bbbattorneys.com
kkrayeske@bbbattorneys.com

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM