UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIZABETH CANTAFI, ADMX. OF THE ESTATE OF ZACHARY CANTAFI, ET AL | : : : | NO.: 3:23-1245-KAD |
| v. | : : | |
| STEPHANIE GRAYBEAL, ET AL | : | FEBRUARY 12, 2024 |

**OBJECTION TO PLAINTIFFS' MOTION TO EXTEND THE
TIME FOR SERVICE OF PROCESS**

The defendant, Stephanie Graybeal, hereby objects to the plaintiffs' motion to extend the time for service of process [Doc. 37 and 37-1]. At the onset, Ms. Graybeal vehemently denies plaintiffs' assertion that service of process was properly delivered to her home in Washington and that she was served through her employer in this matter. As discussed at length in her motion to dismiss, service upon Ms. Graybeal pursuant to Conn. Gen. Stat. § 52-59(b)(c) was defective and she is not an employee of the corporate defendant, Uber Technologies, Inc., Rasier, LLC or Portier, LLC for service under Conn. Gen. Stat. § 33-929. [Doc. 25 and 25-1].

Additionally, Ms. Graybeal argues Fed. R. Civ. P. 4(m) should not apply to the plaintiffs in this case. This matter was initially filed in state court and has been removed to federal court on the basis of diversity of citizenship. It is evident by the plaintiffs' decision to file in Connecticut state court,[1] as well as their motion to remand this matter back to Connecticut state court, they had no intentions of availing themselves to Fed. R. Civ. P. 4(m). A federal court sitting in diversity is "in effect, only another court of the State." *Guaranty Trust Co. v. York*, 326 U.S. 99, 108 (1945). It cannot confer additional rights

---

[1] Plaintiffs argue in great lengths in their objection to the motion to remand that Connecticut state court was the forum they chose. [Doc. 29].

upon a party to a cause of action arising out of state law than a state court itself could do. The deficiencies in service happened prior to removal to federal court and in Connecticut commencement of a civil action occurs once the date the defendant is served. Put another way, if Connecticut law would not entitle the plaintiffs to additional time after the complaint is returned to state court to serve Ms. Graybeal, then they should not be afforded additional time to serve her now that this matter is pending in federal court based on removal.

Should the Court decide plaintiffs can avail themselves to Fed. R. Civ. P. 4(m), pursuant to aforementioned rule, the plaintiffs failed to properly serve Ms. Graybeal within 90 days of the return of the complaint and/or removal of this matter to federal court and no good cause exists for the Court to extend the amount of time for plaintiffs to serve Ms. Graybeal at this juncture.

> "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.' " *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting *National Union Fire Ins. Co. v. Sun*, No. 93 Civ. 7170(LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)). Thus, "[a]n attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." *Id.* (quoting H*oward v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999)). It follows, then, that reliance on a process server to effect service is insufficient to merit a finding of good cause or an extension of time for service. *E.g., Lachaab v. Zimpher*, 1:15-CV-426, 2016 WL 3172869, at *3 (N.D.N.Y. June 6, 2016) (citing *Micciche v. Kemper Nat'l Servs.*, 560 F. Supp.2d 204, 209-10 (E.D.N.Y. 2008) (rejecting counsel's attempts to establish excusable neglect due to " 'numerous problems with the process server' " and " 'absence of the full time paralegal who was out on maternity leave,' " which "purportedly left the office 'severely understaffed' and unable to perform 'normal follow up procedures;' " "[c]ircumstances such as these fail to establish excusable neglect") (citations and quotation to record omitted); *Petrucelli v. Bohringer & Ratzinger*, GMBH, 46 F.3d 1298, 1307 (3d Cir. 1995) ("[R]eliance upon a third party or on a process server is an insufficient basis to constitute good cause for failure to timely serve, and is

also an insufficient basis for granting an extension of time to effect service.") (citation omitted)).

Plaintiffs are only now requesting additional time to serve Ms. Graybeal 38 days[2] after the 90 days prescribed within Fed. R. Civ. P. 4(m) has expired. The plaintiffs were apprised of the defendant's claim of improper service, when Ms. Graybeal's motion to dismiss was filed on November 20, 2023, yet neglected to request an extension in which to properly effect service until after Ms. Graybeal's motion to dismiss was pending for more than two months and after the plaintiffs' sought two extensions to respond to her motion. *See Harper v. City of New York*, No. 09 Civ. 5571, 2010 WL 4788016, at *6 (E.D.N.Y. Nov. 17, 2010) (declining to grant discretionary extension "where the need for the extension results entirely from counsel's neglect and the request for it came only after the time for service expired, in response to a motion to dismiss"), *aff'd*, 424 F. App'x 36 (2d Cir. 2011) (summary order); *see also Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) ("When counsel has ample notice of a defect in service, does not attempt an obvious correction, and chooses to defend the validity of the service attempted, there is no good cause for the resulting delay if that method of service fails.") (citation omitted). As such, plaintiffs' reason that they did not realize the defect in service until after, "…the undersigned had a chance to review Defendant Graybeal's motion to dismiss and the return of service at the end of January, 2024…," [doc. 37-1, p 4], does not constitute good cause and only further highlights plaintiffs' failure to diligently prosecute this matter. While the parties can appreciate that all counsel are busy and are handling multiple cases at a time, the Marshal return clearly references the deficiencies

---

[2] This calculation is based on using the removal date of October 2, 2023, versus the date this matter was returned to state court on September 15, 2023. If using the latter date, plaintiffs did not request additional time until 55 days after the 90-day time period prescribed with Fed. R. civ. P. 4(m).

3

in service and counsel for the plaintiffs should have reviewed it since it was filed with the state court, by them, on September 15, 2023. Additionally, although counsel for the plaintiff's purport there was some confusion between their office and the Marshal with instructions on how to serve Ms. Graybeal, they've provided no affidavit from their office or the Marshal identifying the confusion in the instant motion or in the similar argument they put forth in their opposition to Ms. Graybeal's motion to dismiss. [Doc. 36].

While it's within the Court's discretion to allow plaintiffs additional time to effect service beyond the 90 days prescribed under RFCP 4(m), there are a number of factors the court considers including: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision," *Britton v. Connecticut*, 2016 WL 308774 at *4 (D. Conn. 2016). The defendant argues the majority of the factors weigh in favor of not allowing the plaintiffs additional time to effect service. First, Connecticut's two-year statute of limitations for this action as to Ms. Graybeal ran on August 29, 2023.[3] Under Connecticut law an action is commenced on the date the defendant is served. *See Rana v. Ritacco*, 672 A.2d 946, 951 (Conn. 1996) ("This Court has long held that an action is brought once the writ, summons and complaint have been served upon a defendant."). This action was not timely commenced as to Ms. Graybeal since she has not been served within the two-year period prescribed under Connecticut law. Allowing plaintiffs to serve her at this juncture would certainly prejudice Ms. Graybeal. Second, while the defendant had notice

---

[3] In plaintiffs' memorandum in support of their motion to remand, there are references service was attempted pursuant to Connecticut General Statute § 52-593a. [Doc. 20-1, p. 2].

of the allegations within the complaint, actual notice does not circumvent the substantial compliance under the service statute. "Where a particular method of serving process is pointed out by statute, that method must be followed ... Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." *Board of Education v. Local 1282,* 31 Conn.App. 629, 632, 626 A.2d 1314 (1993). Third, plaintiffs concede the defendant made no attempts to conceal the defect in service. Lastly, Ms. Graybeal is certainly prejudiced from the plaintiffs' inactions. She's been litigating the case, expending costs and resources on motion practice. The Court sets forth guidelines and plaintiffs are now attempting to circumvent them to the detriment of Ms. Graybeal. Plaintiffs chose to file this case in Connecticut state court and currently, there is no request for an application to apply foreign law. Plaintiffs can't have it both ways – they desire to have this matter in Connecticut state court and as of the time of this motion Connecticut law applies.

WHEREFORE, no good cause exists to allow plaintiffs additional time to serve Ms. Graybeal and the defendant urges the Court to sustain her motion.

DEFENDANT,
STEPHANIE GRAYBEAL

By_____/s/ Karess A. Cannon_____
Karess A. Cannon (ct30341)
Howd & Ludorf, LLC
100 Great Meadow Road
Suite 201
Wethersfield, CT  06109
Ph:  (860) 249-1361
Fax:  (860) 249-7665
E-mail: kcannon@hl-law.com

## **CERTIFICATION**

       This is to certify that on February 12, 2024 unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Kaitlin Halloran, Esquire
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
**filing@bbbattorneys.com**

Kenneth J. Krayeske, Esquire
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
**KKRAYESKE@BBBATTORNEYS.COM**

Peter Christopher Bowman, Esquire
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
**filing@BBBAttorneys.com**

Bartley Halloran, Esquire
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
**bhalloran@bbbattorneys.com**

Benjamin Halloran Levites, Esquire
175 Federal Street
Boston, MA 02110
**blevites@coughlinbetke.com**

                                                         /s/ Karess A. Cannon
                                                      Karess A. Cannon