UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIZABETH CANTAFI, ADMX. OF THE ESTATE OF ZACHARY CANTAFI, ET AL | : : : | NO.: 3:23-1245-KAD |
| v. | : : | |
| STEPHANIE GRAYBEAL, ET AL | : | FEBRUARY 21, 2024 |

### REPLY TO PLAINTIFFS' OBJECTION AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT GRAYBEAL'S MOTION TO DISMISS

The defendant, Stephanie Graybeal, hereby submits her reply to plaintiffs' objection to her motion to dismiss all claims against her. (Doc. 36). For the reasons discussed below, Ms. Graybeal respectfully requests that the Court dismiss plaintiffs' claims against her for lack of personal jurisdiction and insufficient service of process.

First, plaintiffs concede that they failed to properly effect service on Ms. Graybeal pursuant to Connecticut's long-arm statute, Conn. Gen. Stat. § 52-59b, and sufficient service of process is a fundamental prerequisite for personal jurisdiction. Second, Ms. Graybeal is not, and never has been, an employee of the defendant Uber Technologies, Inc. The doctrines of respondent superior and agency are inapplicable in this matter and do not subject her to personal jurisdiction in Connecticut. Additionally, even if Ms. Graybeal were an employee of Uber Technologies, Inc., the notions of fair play and substantial justice, and the fiduciary shield principle, limit the scope of Connecticut's long-arm statute in this matter.

Lastly, Ms. Graybeal's memorandum of law in support of motion to dismiss asks the Court to dismiss "the plaintiffs' claims against her." (Doc. 25-1, pp.1&15). Although she erred in not specifically naming the derivative counts, enumerated as counts Seventeen, Eighteen, and Nineteen, plaintiffs had adequate notice that defendant Ms. Graybeal was moving for dismissal on all of plaintiffs' counts against her. Moreover, counts Seventeen, Eighteen, and Nineteen are not cognizable claims for which relief could

1

be sought under Connecticut law. Even if they were cognizable claims, the derivative causes of action depend on the legal existence of the predicate action, and cannot stand alone once counts One, Two, and Three of the complaint are dismissed.

      **a. Plaintiffs concede that they have failed to properly serve Ms. Graybeal pursuant to C.G.S. §52-59b(c), and therefore, cannot exercise personal jurisdiction over her.**

In their objection to defendant Ms. Graybeal's motion to dismiss, the plaintiffs concede that Connecticut's long-arm statue governs service of process in this matter, and that they failed to properly effect service on Ms. Graybeal thereunder. (See Doc. 36; § III-A, ¶1). Sufficient service of process is a fundamental prerequisite for a court's exercise of personal jurisdiction. *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *accord Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999).

The alleged "miscommunication between plaintiffs' counsel and their state marshal", and the plaintiffs' promise to "move for additional time under Fed. R. Civ. P.4(m) to properly serve Graybeal under the long-arm statute" are insufficient justifications for this Court to deprive Ms. Graybeal of her fundamental right to sufficient service of process. (Doc. 36; § III-A, ¶3).[1] Plaintiffs' admission to violating Ms. Graybeal's fundamental right to proper service of process establishes that the Court does not possess personal jurisdiction over defendant Ms. Graybeal.

      **b. Plaintiffs' failure to comply with the Connecticut long-arm statute is prejudicial and violates Ms. Graybeal's due process rights.**

The plaintiffs argue that their failure to properly serve Ms. Graybeal pursuant to Connecticut's long-arm statue is unprejudicial because "[s]he has received actual notice of this case, timely appeared, and has filed pleadings to assert her rights", and they "served the Defendant Graybeal's employer, Uber

---

[1] *See* Defendant Graybeal's Objection to Plaintiffs' Motion to Extend the Time for Service of Process (Doc. 38). The arguments contained therein are incorporated into this motion.

Technologies, and related entities through their designated agents for service in Connecticut." (Doc. 36; § III-B, ¶3). These assertions directly contravene the long-arm statute and the due process clause of the Fourteenth Amendment to the United States Constitution.

As discussed above, sufficient service of process is a fundamental right, and a plaintiff must comply with the applicable laws governing service of process before a court can exercise personal jurisdiction over a defendant. *See Omni Capital*, 484 U.S. at 104. Conn. Gen. Stat. § 52-59b (c) provides clear and unequivocal provisions for the manner in which a nonresident individual <u>shall</u> be served notice in any process in any civil action brought against them. In order to effectuate service over any nonresidential individual, a plaintiff must serve the Secretary of State in accordance with the statute. The plaintiffs admit in their objection that they failed to effect service of process on Ms. Graybeal pursuant to the requirements of the long-arm statute. (See Doc. 36; § III-A, ¶3).

Connecticut Court judges have held that failure to serve the Secretary of State mandates dismissal of the action. *See, e.g.*, *Jackson v. Truly Green Landscape,* Superior Court, judicial district of Stamford–Norwalk at Stamford, Docket No. CV 10 6006476 (November 2, 2011, Jennings, J.T.R.) (52 Conn. L. Rptr. 732, 733) (collecting cases). Further, Ms. Graybeal's filing of a motion to dismiss does not cure the plaintiffs' defect of failing to properly serve notice under Connecticut's Long-Arm Statute. *See Sav. Bank of Manchester v. Lane*, 44 Conn. Supp. 400 (Super Ct. 1996). "[T]he plaintiff did not obtain personal jurisdiction over [the defendant] by mailing the legal papers to her, even if she had notice of them, unless service upon the secretary of state pursuant to General Statutes § 52–59b is valid." *Id*.

Service of process on an alleged employer does not constitute, nor substitute, service of process on an individual employee. This argument by the plaintiffs fails for several reasons. Foremost, it does not comply with the service of process requirements outlined in section (a) of Conn. Gen. Stat. § 52-59b. Next, Ms. Graybeal is not an employee of Uber Technologies, Inc., as outlined in her affidavit (Doc. 25-

3

2), nor does she consent to the notion that service of process on Uber Technologies, Inc., by way of its designated agents for service in Connecticut, is proper service of process on her in this matter.

Next, even if Ms. Graybeal were an employee of Uber Technologies, Inc., which she expressly denies, her contacts with Connecticut must still be assessed on an individual basis. *Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Petitioners are correct that their contacts with California are not to be judged according to their employer's activities there."). Footnote thirteen of the Supreme Court's opinion in *Keeton* states in pertinent part, "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him . . .." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984). Even if the plaintiffs have established personal jurisdiction over defendant Uber Technologies, Inc., and properly effected service of process on Uber Technologies, Inc., by way of its designated agents for service in Connecticut, those actions do not constitute sufficient service of process on defendant Ms. Graybeal.

Moreover, the United States Court of Appeals for the Second Circuit has "recognized that if an individual has contact with a particular state only by virtue of his acts as a fiduciary of the corporation, he may be shielded from the exercise, by that state, of jurisdiction over him personally on the basis of that conduct."[2] *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 902 (2d Cir. 1981). "The underpinning of this fiduciary shield doctrine is the notion that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." *Id*. Ms. Graybeal is not an employee of Uber Technologies, Inc., but even if she were, service of process on Uber Technologies, Inc., does not confer sufficient service

---

[2] The fiduciary shield principle is an equitable doctrine, under which, the activities undertaken by a person in their individual capacity are distinguished from their activities undertaken in their role as a corporate employee. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 901 (2d Cir. 1981). "The fiduciary shield doctrine is not a constitutional principle, but is rather a doctrine based on judicial inference as to the intended scope of the long arm statute. *See United States v. Montreal Trust Co.*, supra, 358 F.2d at 242." *Id*., at n*3.

4

of process on her, nor subject her to personal jurisdiction in Connecticut.

Ms. Graybeal further emphasizes for the Court that service of process under Conn. Gen. Stat. § 52-59b is predicated upon if, *and only if*, the cause(s) of action arise from any of the acts enumerated in its section (a), an assertion that Ms. Graybeal emphatically denies. Plaintiffs cannot establish defendant Ms. Graybeal "does business," "solicits business," engages in a "persistent course of conduct" directed at Connecticut.  Although plaintiffs claim further discovery needs to be completed to determine if Ms. Graybeal "engaged in commercial activity through the Uber Defendants that bore connection to Connecticut," seemingly to suggest it would subject her to personal jurisdiction in Connecticut, but even if the plaintiffs were able to uncover a one-off instance where Ms. Graybeal had a purported connection to Connecticut, the courts have not allowed those rare occurrences to constitute a "persistent course of conduct."(Doc. 36, §III-D, p.14-15). *See e.g.*, *Schembri v. Physicians for Women, P.C.*, No. 323672, 1997 WL 282130, at *4 (Conn. Super. Ct. May 19, 1997) (finding doctor did not engage in a persistent course of conduct where a Connecticut law firm hired doctor to examine 28 clients concerning litigation in Connecticut, but all examinations occurred in New York); *Cabot Addison 1, LLC*, 2015 WL 7709042, at *7 (finding persistent course of conduct standard not met where conduct alleged –traveling to Connecticut once to view property pledged as loan collateral—was insufficient to show purposeful transaction of business in Connecticut); and *Vertrue Inc. v. Meshkin*, 429 F. supp. 2d 479, 494 (D. Conn. 2006) (explaining that single business meeting in Connecticut was insufficient to demonstrate "persistent course of conduct").

Plaintiffs also cannot establish Ms. Graybeal "derives substantial revenue" – whether from Connecticut or from Uber Technologies, Inc.'s, purported interstate or international commerce through her independent contractor status with Uber Technologies, Inc. In cases where the individual defendants were actual employees of the corporation, the courts have found a corporate employer's sales are not

imputable to salaried employees for the jurisdictional purposes. *See*, *Leville v. Dunnam,* No. FST-CV18-6038304-S, 2020 WL 8718610, at *7 (Conn. Super. Ct. Dec. 22, 2020) (explaining that salaried employee of Whole Foods did not "derive substantial revenue" from Connecticut because "[h]is contacts were essentially solely for and on behalf of his employer," and "[t]here was no evidence that he was paid anything as a direct result of the plaintiffs' immersions for Whole Foods or that he was paid anything directly as a result of the immersions for Whole Foods later conducted by other defendants directly involved in such presentations.")(emphasis added). Plaintiffs cite no authority for the proposition, Ms. Graybeal as an independent contractor would be subjected to personal jurisdiction and caselaw clearly states a corporate employer's sales are not imputable to employees for this purpose. As such, Ms. Graybeal does not meet the requirements of Conn. Gen. Stat. §§ 52-59b (a)(3)(A) or (a)(3)(B) that a defendant derive substantial revenue either from "goods used or consumed or services rendered, in the state" or from "interstate or international commerce."

### c. Pendent personal jurisdiction does not apply to this matter.

Pendant personal jurisdiction authorizes the courts to hear claims that fall outside of its jurisdiction, when those claims are coupled with related claims that the district court <u>does</u> have personal jurisdiction over. *See Hargrave v. Oki Nursery, Inc.*, 646 F.2d 716 (2d Cir. 1980). Although the plaintiffs contend that our jurisdiction has not extensively explored the doctrine of pendent personal jurisdiction, the Second Circuit opined on the issue when hearing an appeal from a civil complaint brought under New York's long-arm statute. *See Id*.

In *Hargrave*, the Second Circuit held: "[t]he district court, having acquired personal jurisdiction over defendant, has power to determine all of the claims asserted in the complaint." *Id*. at 721; *see also Parimal v. Manitex Int'l, Inc.*, No. 3:19-CV-01910, 2021 WL 1146918, at *6.  This decision was predicated on the fact that there was "no constitutional issue as to whether the district court has subject

matter jurisdiction and personal jurisdiction over the defendant . . . and defendant clearly had sufficient contacts with New York to justify subjecting it to the entire action in New York." *Id*. at 718. Further, "[i]n instances where a court finds that retention of related claims would work an undue hardship on a defendant the court may decline to entertain those claims, . . . or may exercise its power to transfer under 28 U.S.C. s 1404." *Id*. at 720 (internal citation omitted).

In a subsequent holding concerning pendant personal jurisdiction, the Second Circuit held, "[p]laintiffs must allege facts that raise their right to relief beyond a speculative level" and "[a] plaintiff must plead personal jurisdiction with respect to each claim asserted." *Hanly v. Powell Goldstein, L.L.P.*, 290 Fed. Appx. 435, 438 (2d Cir. 2008) (internal citations omitted). "We have held that once a defendant <u>properly</u> is brought before a district court on a claim covered by . . . [the long-arm statute], the court may entertain claims that are not expressly covered by the long-arm statute, so long as they derive from the same nucleus of operative fact as claims that are." *Id*. (internal citation omitted) (emphasis added).

Lastly, the United States District Court for the District of Connecticut has held that pendant personal jurisdiction can exist when "a defendant <u>properly</u> is brought before a district court on a claim covered by [the forum state's long-arm statute], the court may entertain claims that are not expressly covered by the long-arm statute . . . ." *Parimal v. Manitex Int'l, Inc.*, No. 3:19-CV-01910, 2021 WL 1146918, at *6 (quoting *Hargrave v. Oki Nursery, Inc.*, 646 F.2d 716, 720 (2d Cir. 1980)). "I find that I may entertain [the plaintiff's] wrongful termination claim under the doctrine of pendent personal jurisdiction because that claim shares a common nucleus of operative fact with his breach of contract claim, as to which [the defendant] does not contest personal jurisdiction."

In contrast, this Court has not acquired personal jurisdiction over Ms. Graybeal. There is a constitutional issue as to whether this Court has personal jurisdiction over Ms. Graybeal, and Ms. Graybeal adequately contests the notion that this Court has personal jurisdiction over her. As discussed above, Ms.

Graybeal was not properly served notice under Connecticut's long-arm statute, she does not meet the requirements of Conn. Gen. Stat. §§§ 52-59b(a)(1), (a)(3)(A) or (a)(3)(B), and she does not have any "minimum contacts" within Connecticut to subject her to suit in Connecticut and comport with due process, thus she has not been properly brought before this Court. In accordance with the case law of this jurisdiction, this prong must be satisfied before the Court can decide whether pendant personal jurisdiction can be exercised. Therefore, the plaintiffs' argument for the doctrine of pendant personal jurisdiction must fail, and the Court should decline to exercise it.

> **d. The Court should not exercise pendent personal jurisdiction because counts Seventeen, Eighteen, and Nineteen are not cognizable claims for which relief could be granted.**

The Court should not exercise pendent personal jurisdiction over defendant Ms. Graybeal because counts Seventeen, Eighteen, and Nineteen of the complaint are not cognizable causes of action for which relief can be granted under Connecticut law. Count Seventeen of the Complaint is for loss of consortium as to Elizabeth Cantafi, the decedent's grandmother. Count Eighteen of the Complaint is for loss of consortium as to Dana Andrews, the decedent's sister. Count Nineteen of the Complaint is for loss of consortium as to Danielle Komacki, the decedent's sister. Connecticut law does not recognize a cause of action for filial consortium or a cause of action for sibling loss of consortium, and the Court should not use claims for which relief cannot be granted to exercise pendant personal jurisdiction on counts One, Two, and Three of the complaint.

Although the Connecticut Supreme Court has broadened the recognition of causes of action for loss of consortium in this state, it has never recognized filial or sibling loss of consortium claims. Loss of consortium claims have historically been limited to spousal injuries, namely affection, companionship, and sexual relations. *See Mendillo v. Bd. of Educ. of Town of E. Haddam*, 246 Conn. 456, 477 (1998) *overruled by Campos v. Coleman*, 319 Conn. 36 (2015). In overturning its opinion in *Mendillo*, our court

formally recognized loss of parental consortium by a minor child resulting from a parent's injury during the parent's life. *Campos v. Coleman*, 319 Conn. 36 (2015). The Supreme Court has explicitly stated that our state does not recognize cause of action for loss of consortium as to a sibling or grandparent. *Id*. at 44. Connecticut does not recognize loss of consortium as to a parent for a child. In interpreting *Campos*, the Superior Court held that a parent may not recover for loss of consortium caused by injuries suffered by their child. *Stewart v. Bourque*, No. HHD-CV-21-6136075-S, 2023 WL 4072993, at *4. "It would be incongruous to conclude that a presumptively autonomous parent may recover for loss of consortium based on injuries to her child when a presumptively autonomous adult child cannot recover for loss of consortium arising from injuries to her parent." *Id*. at *3.

The plaintiffs have not asserted a claim for which relief can be granted under Connecticut law. Elizabeth Cantafi, Dana Andrews, and Danielle Komacki are the grandparent/siblings of the *adult* decedent and are not entitled to seek damages for loss of consortium. As such, the Court should not use these incognizable claims to exercise pendant personal jurisdiction on counts One, Two, and Three of the complaint.

> **e. The Court should not exercise pendent personal jurisdiction because counts Seventeen, Eighteen, and Nineteen are derivative causes of action that cannot stand alone.**

Counts Seventeen, Eighteen, and Nineteen of the complaint are derivative causes of action that depend on the legal existence of the predicate action – counts One, Two, and Three of the complaint – which plaintiff clearly and undeniably specified by name in her motion to dismiss. Because the derivative causes of action cannot stand alone, the Court should not use pendent personal jurisdiction over counts One, Two, and Three.

In *Romprey*, the Connecticut Superior court held that the Romprey's "derivative claim for loss of consortium must fail because Romprey's negligent entrustment claim is legally insufficient." *Romprey v.*

9

*Baoquin*, No. CV106015944S, 2011 WL 2177154, at *3. "The nature of derivative claims requires that when the underlying claim fails the derivative claim must also fail." *Id*. "Loss of consortium is a derivative cause of action, meaning that it is dependent on the legal existence of the predicate action. (citation omitted) That is to say, if an adverse judgment bars the injured spouse's cause of action, any claim for loss of consortium necessarily fails as well." *United Services Auto. Ass'n v. Kaschel*, 84 Conn. App. 139, 147 n. 9, *cert. denied*, 271 Conn. 917 (2004)."[A]lthough loss of consortium is a separate cause of action, it is an action [which] is derivative of the injured spouse's cause of action ... Loss of consortium, although a separate cause of action, is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse." *Olbrys v. Angelicola*, No. CV075005209S, 2007 WL 3318194, at *2.

    The Court can, and should, grant Ms. Graybeal's motion to dismiss all claims against her. However, if the Court only dismisses counts One, Two, and Three of the complaint, counts Seventeen, Eighteen, and Nineteen must fail as a matter of law. Those counts depend upon the legal existence of counts One, Two, and Three, and cannot proceed as independent causes of action in this matter. The Court should not exercise pendant personal jurisdiction over counts One, Two, and Three of the complaint because the loss of consortium claims are not viable if an additional cognizable claim does not accompany it.

## CONCLUSION

    For the reasons discussed above, defendant Ms. Graybeal respectfully requests that the Court dismiss plaintiffs' claims against her for lack of personal jurisdiction and insufficient service of process.

                          DEFENDANT,
                          STEPHANIE GRAYBEAL

                     By  /s/ Karess A. Cannon
                        Karess A. Cannon (ct30341)
                        Howd & Ludorf, LLC
                        100 Great Meadow Road
                        Suite 201
                        Wethersfield, CT  06109
                        Ph:  (860) 249-1361
                        Fax:  (860) 249-7665
                        E-mail: kcannon@hl-law.com

**CERTIFICATION**

This is to certify that on February 21, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Kaitlin Halloran, Esquire
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
**filing@bbbattorneys.com**

Kenneth J. Krayeske, Esquire
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
**KKRAYESKE@BBBATTORNEYS.COM**

Peter Christopher Bowman, Esquire
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
**filing@BBBAttorneys.com**

Bartley Halloran, Esquire
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
**bhalloran@bbbattorneys.com**

Benjamin Halloran Levites, Esquire
175 Federal Street
Boston, MA 02110
**blevites@coughlinbetke.com**

/s/ Karess A. Cannon
Karess A. Cannon